Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (612) 584-4470
srios@bergermontague.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | Case No. 5:26-cv-00772<br><br>**PLAINTIFF JANE DOE'S ADMINISTRATUVE MOTION TO PROCEED UNDER PSEUDONYM** |

Pursuant to Local Rule 7-11, Plaintiff Jane Doe respectfully moves this Court for an order allowing her to proceed under a pseudonym in this matter to protect her identity from public disclosure and, in so doing, protect her from further online harassment and image-based abuse.

## INTRODUCTION

This case is about the harm caused by Defendants xAI Corp.'s and xAI LLC's (together, "xAI") creation and online dissemination of millions of sexualized and revealing deepfakes depicting Plaintiff and others—mostly women–without their consent. Plaintiff seeks to represent herself and class of similarly situated individuals whose privacy, dignity, and autonomy was violated when xAI's generative AI chatbot known as "Grok" undressed them and/or posed them in sexual positions in deepfake images publicly posted on the social media service X. This form of image-based sexual abuse has devastating psychological and real-life consequences for victims. Individual harms include violations of mental and physical integrity, dignity, privacy, and sexual expression. Moreover, being subject to such conduct creates substantial amounts of stress, anxiety, and fear as AI-generated deepfakes, once disseminated online, can be replicated multiple times, and shared and stored on privately-owned devices, making them difficult to locate and remove.

Deepfakes are a significant and growing form of online harassment, predominantly used to target and abuse women. Unfortunately, when women speak out, they are typically subject to even more intense harassment. Plaintiff has chosen to stand up for the women and others to whom xAI demeaned in this manner, and, if her identity is revealed, she will predictably be subject to further online harassment—compounding the same harms that she seeks to remedy in this case. Women who speak up against online harassment have also been subject to overt threats of violence. Plaintiff asks the Court to grant this administrative motion to protect her from the significant risk of retaliation or harassment that disclosure of her identity would foreseeably trigger. This protection is essential to ensuring Plaintiff's ability to vindicate her rights without exposing her to further harm.

1    **I.    PLAINTIFF SHOULD BE ALLOWED TO PROCEED UNDER A PSEUDONYM.**

2          The general rule is that complaints state the names of the parties. *See* Fed. R. Civ. P.

3    10(1). In the Ninth Circuit, however, pseudonyms are permitted when "necessary . . . to protect

4    a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*,

5    655 F.2d 920, 922 n.1 (9th Cir. 1981). *See also K.H.B. ex. rel K.D.B. v. UnitedHealthcare Ins.*

6    *Co.*, No. 18-cv-04175-WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018). Courts

7    "balance the need for anonymity against the general presumption that parties' identities are

8    public information and the risk of unfairness to the opposing party." *Does I thru XXIII v.*

9    *Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). District Courts have broad

10    discretion to determine whether a plaintiff may proceed anonymously. Consistent with

11    *Advanced Textile* and other Ninth Circuit precedent, courts in this district regularly permit

12    parties to proceed pseudonymously or even anonymously when sensitive issues are relevant to

13    the litigation.[1]

14    **A.  This Matter Involves Sensitive, Personal Information.**

15          Allowing Plaintiff to remain anonymous will "preserve privacy in a matter of sensitive

16    and highly personal nature" because it will prevent the same highly embarrassing and revealing

17    deepfake that caused her severe distress from being surfaced again. Courts have recognized that

18    plaintiffs who allege the invasion of highly personal and embarrassing interests can proceed

19    anonymously because their sensitive nature of their allegations. *Doe v. Unknown Party*, No.

20    CV-24-00252-PHX-DLR, 2024 WL 492231, at *3 (D. Ariz. Feb. 7, 2024) (allowing individual

21    alleging revenge pornography to remain anonymous); *Fleites v. MindGeek S.A.R.L.*, No. CV 21-

22    04920-CJC(ADSX), 2021 WL 2766886, at *1 (C.D. Cal. June 28, 2021) (allowing individuals

23    depicted in sexually explicit videos to remain anonymous).

24

25    ---
    [1] *See, e.g.*, *Doe P.B. v. Roblox Corp.*, No. 25-CV-10596-JST, 2026 WL 92058, at *1 (N.D. Cal.

26    Jan. 13, 2026); *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Doe v. Penzato*, No. 10-cv-5154 MEJ, 2011 WL 1833007, at

27    *3 (N.D. Cal. May 13, 2011).

The same concern is present here: Plaintiff's public identification would necessarily point the public to the nonconsensual, revealing deepfake that Grok created and posted of her and which over 100 people viewed on X before it was removed three days later. Compl. ¶¶ 74, 82. Anyone who saw the image could have saved it, and it can be shared again and posted elsewhere (*id.* ¶ 78), further threatening Plaintiff's reputation and employment. *Id.* ¶ 77. This is a common problem with "digital sexual abuse." Ella Chakarian, *What It's Like to Get Undressed by Grok*, Rolling Stone (Jan. 19, 2026) ("Rolling Stone Article") (noting that the fact that an image "could have been screenshotted, downloaded, shared" and that aspect is a "really complex thing for people to grapple with").[2] Plaintiff's fear that the deepfake will resurface is well-founded: deepfakes created and posted by Grok but deleted from X have already begun resurfacing in other online forums. *Id.* (describing how Reddit users tracked down original Grok deepfakes and posted them). The interest in keeping private the "highly sensitive, personal, and sexual nature" of Plaintiff's deepfake weighs strongly in favor of allowing Plaintiff to proceed anonymously. *Fleites*, 2021 WL 2766886, at *1.

**B. Identifying Plaintiff Would Expose Her to Retaliatory Harm.**

Publicly identification will also significantly increase the "risk of retaliatory physical or mental harm" to Plaintiff because, once the public knows her identity, individuals can and likely will create even more disturbing deepfakes of her. *Advanced Textile Corp.*, 214 F.3d at 1068. The "danger of retaliation" is a "compelling ground" to allow the use of a pseudonym. *See Doe v. City of Chicago*, 360 F.3d at 669 (7th Cir. 2004). The risk here is especially pronounced because women who have opposed the creation and distribution of deepfakes are commonly subject to vicious campaigns of harassment and intimidation.

Women who have spoken up specifically about xAI's recent conduct have been subject to retaliatory harassment. For example, Emma's Myspace, an X user described in the Rolling Stone Article, was the subject of such a campaign. Like Plaintiff, Emma was horrified after

---

[2] *Available at* https://www.rollingstone.com/culture/culture-features/grok-sexualized-image-xai-elon-musk-women-1235501436/.

Grok transformed an innocent selfie of her into a sexualized and revealing image. Like Plaintiff, Emma chose to take action, posting a video in which she warned fellow users about her experience. After taking such action, "users tried to track down and spread the images of Emma" on Reddit. *See* Rolling Stone Article. Similarly, the influencer Ashley St. Clair faced a campaign of harassment and retaliation after speaking up when she discovered that Grok had "undressed" he in a post. *St. Clair v. xAI et al.*, Case No. 26-cv-00386 (S.D.N.Y), Dkt. 1-1. St. Clair spoke up, posting publicly that she did not consent to Grok creating this image. *Id.* ¶ 21. What followed was a deluge of abusive and harassing images. *Id.* ¶¶ 26-27.

Unfortunately, image-based abuse and threats of violence against women who stand up is not new. "Women leaders, journalists, activists, and public figures face relentless gendered disinformation, deepfake attacks, and coordinated harassment campaigns [online] designed to silence, shame, and push them out of public life."[3] For example, Nina Jankowicz, the author of two books on nonconsensual deepfake pornography became the target of deepfake pornographic videos.[4] In a 2023 interview, Ms. Jankowicz stated that "[t]he point" of such online harassment "is to make you not want to speak out, to make you not want to stand up for the truth, to just retreat into anonymity online." *Id.*

The threat to Plaintiff is real. Grok is still generating sexualized and revealing deepfakes, such images can be generated with other AI tools, and there is an online community of trolls seeking to punish any women who dares to challenge xAI's actions. Compl. ¶ 87. This risk of retaliation weighs strongly in favor of allowing Plaintiff to proceed anonymously.

**C. Pseudonymity Poses No Threat of Fundamental Unfairness to Defendants.**

Allowing Plaintiff to proceed pseudonymously will not prejudice xAI or compromise fundamental fairness. Once a protective order is in place, Plaintiff will share her identity with

---

[3] *AI and anonymity fuel surge in digital violence against women* (Nov. 20, 2025), UN News, https://news.un.org/en/story/2025/11/1166411#:~:text=Women%20leaders%2C%20journalists%2C%20activists%2C,report%20receiving%20online%20death%20threats.
[4] *Available at* https://www.pbs.org/newshour/show/women-face-new-sexual-harassment-with-deepfake-pornography.

Defense counsel who appear in this case (and this Court) and Defendants, as needed. This disclosure eliminates any risk of prejudice to Defendants. *See*, *e.g.*, *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (finding "no prejudice" where Defendants knew true identity of plaintiffs); *see also EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (finding no prejudice to defendant's reputation because "there has already been substantial press" about subject matter of case).

### D. The Public Interest Is Fully Served Without Disclosure of Plaintiff's Identity.

The public's interest is fully served without disclosure of Plaintiff's name. Plaintiff's specific identity is incidental to the classwide claims that affect millions of people. The information relevant to the merits of the action will still be available to the public. *See, e.g., Doe v. U.S. Immigr. & Customs Enf't*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461, at *3 (D.N.M. Oct. 3, 2024) (allowing class representatives to use pseudonyms partly because "the core issues and developments in the case will be publicly accessible").

Moreover, requiring disclosure of Plaintiff's identity in this context would ultimately deter, not advance, the public interest as affected individuals would be less likely to pursue legal claims to stop online image-based abuse. "Indeed, the public has an interest in such cases being decided on the merits." *Advanced Textile Corp.*, 214 F.3d at 1073; *see also City of Apple Valley*, 2020 WL 1061442, at *3 ("Given the stigma and fear of violence previously mentioned," disclosing class representatives' identity "would likely discourage individuals from stepping forward and seeking redress").

### CONCLUSION

Here, the balance of interests weighs decisively in favor of allowing Plaintiff to proceed anonymously. Thus, to protect Plaintiff's sensitive information and prevent further online harassment, the Court should grant this Motion.

Dated: January 26, 2026                    Respectfully submitted,

                                           BERGER MONTAGUE PC

1

/s/Sophia M. Rios
Sophia M. Rios, SBN 305801
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
srios@bergermontague.com

E. Michelle Drake*
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com

James Hannaway*
1001 G Street, NW
Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
jhannaway@bergermontague.com

* *pro hac vice* forthcoming

*Counsel for Plaintiff*