IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>X.AI CORP. and X.AI LLC,<br><br>                Defendants. | Case No. 5:26-cv-00772<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF JANE DOE'S ADMINISTRATUVE MOTION TO PROCEED UNDER PSEUDONYM** |

Plaintiff moves to proceed under the pseudonym "Jane Doe." ECF No. 4 at 1.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) (requiring that the title of every complaint include the names of all the parties). This presumption stems from "the public's common law right of access to judicial proceedings," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers." *Kamehameha Schools*, 596 F.3d at 1042. However, a party may "proceed anonymously when special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. In determining whether a party may preserve his anonymity in judicial proceedings, the Ninth Circuit "balance[s] the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

Plaintiff is bringing this action against Defendants xAI Corp. and xAI LLC "to represent herself and class of similarly situated individuals whose privacy, dignity, and autonomy was violated when xAI's generative AI chatbot known as 'Grok' undressed them and posed them in sexual positions in deepfake images publicly posted on the social media service X." ECF No. 4 at 1. Plaintiff argues that use of a pseudonym is necessary to "prevent the same highly embarrassing and revealing deepfake that caused her severe distress from being surfaced again" and to prevent retaliatory harassment that other women have been subjected to after publicly opposing the creation of Grok deepfakes. ECF No. 4 at 2-4.

"The most compelling situations [in which plaintiffs may proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981); *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231, at *3 (D. Ariz. Feb. 7, 2024) (allowing individual alleging revenge pornography to remain anonymous); *Fleites v. MindGeek S.A.R.L.*, No. CV 21-04920-CJC(ADSX), 2021 WL 2766886, at *1 (C.D. Cal. June 28, 2021) (allowing individuals

depicted in sexually explicit videos to remain anonymous). While the Court recognizes the importance of public access to court proceedings and the identities of litigants, it also agrees with Plaintiff that the "highly sensitive, personal, and sexual nature" of Plaintiff's deepfake weighs strongly in favor of allowing Plaintiff to proceed anonymously. *Fleites*, 2021 WL 2766886, at *1. Should Plaintiff be forced to file under her real name, all of her information would be easily searchable such that anyone with internet access will have all the necessary information to quickly ascertain Plaintiff's identity and to find the deepfake whose dissemination led to the harms underlying the complaint. The Court further agrees that the disturbing pattern of retaliation against women, both generally and those publicly opposing Grok's creation of explicit deepfakes, poses a serious "risk of retaliatory physical or mental harm" to Plaintiff. *Advanced Textile Corp.*, 214 F.3d at 1068.

Further, neither Defendant nor the public will be prejudiced by Plaintiff's use of a pseudonym. *See Advanced Textile*, 214 F.3d at 1072-73 (finding that "at present defendants suffer no prejudice by not knowing the names of plaintiffs" and that public interest is served by allowing plaintiffs to proceed under pseudonyms).

For the foregoing reasons, Plaintiff Jane Doe may proceed under a pseudonym. The Clerk and Defendants are directed to use only Plaintiff's pseudonym in all filings in this case instead of Plaintiff's full name. Any documents containing Plaintiff's full name shall be redacted to protect Plaintiff's full name or filed under seal.

Dated: January 29, 2026

_____
UNITED STATES DISTRICT COURT JUDGE