Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (612) 584-4470
srios@bergermontague.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>X.AI CORP. and X.AI LLC,<br><br>    Defendants. | Case No. 5:26-cv-00772-PCP<br><br>**PLAINTIFFS SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE'S ADMINISTRATUVE MOTION TO PROCEED UNDER PSEUDONYMS** |

Pursuant to Local Rule 7-11, Plaintiffs South Carolina Roe, New Jersey Doe, and Ohio Doe[1] respectfully move this Court for an order allowing them to proceed under pseudonyms in this matter to protect their identity from public disclosure and, in so doing, protect them from further online harassment and image-based abuse.

**INTRODUCTION**

This case is about the harm caused by Defendants xAI Corp.'s and xAI LLC's (together, "xAI") creation and online dissemination of millions of sexualized and revealing deepfakes depicting Plaintiffs and others—mostly women–without their consent. Plaintiffs seek to represent themselves and a class of similarly situated individuals whose privacy, dignity, and autonomy was violated when xAI's generative AI chatbot known as "Grok" undressed them and/or posed them in sexual positions in deepfake images publicly posted on the social media service X. This form of image-based sexual abuse has devastating psychological and real-life consequences for victims. Individual harms include violations of mental and physical integrity, dignity, privacy, and sexual expression. Moreover, being subject to such conduct creates substantial amounts of stress, anxiety, and fear as AI-generated deepfakes, once disseminated online, can be replicated multiple times, and shared and stored on privately-owned devices, making them difficult to locate and remove.

Deepfakes are a significant and growing form of online harassment. Unfortunately, when individuals speak out, they are typically subject to even more intense harassment. Plaintiffs have chosen to stand up for all whom xAI demeaned in this manner, and, if their identities are revealed, they will predictably be subject to further online harassment—compounding the same harms that they seek to remedy in this case. Individuals who speak up against online harassment have also been subject to overt threats of violence. Further, Plaintiff South Carolina Roe was a minor in the image at issue in the Amended Complaint. Plaintiffs ask the Court to grant this administrative motion to protect them from the significant risk of retaliation or harassment that disclosure of

---

[1] Plaintiff Jane Doe made a similar motion, which the Court granted. (ECF No. 9.)

their identities would foreseeably trigger. This protection is essential to ensuring Plaintiffs' ability to vindicate their rights without exposing them to further harm.

## I.   PLAINTIFFS SHOULD BE ALLOWED TO PROCEED UNDER PSEUDONYMS.

The general rule is that complaints state the names of the parties. *See* Fed. R. Civ. P. 10(1). In the Ninth Circuit, however, pseudonyms are permitted when "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). *See also K.H.B. ex. rel K.D.B. v. UnitedHealthcare Ins. Co.*, No. 18-cv-04175-WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018). Courts "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). District courts have broad discretion to determine whether a plaintiff may proceed anonymously. Courts allow pseudonyms particularly when doing so will "preserve privacy in a matter of sensitive and highly personal nature." *Id.* Consistent with *Advanced Textile* and other Ninth Circuit precedent, courts in this District regularly permit parties to proceed pseudonymously or even anonymously when sensitive issues are relevant to the litigation.[2]

### A. This Matter Involves Sensitive, Personal Information.

Allowing Plaintiffs to remain anonymous will "preserve privacy in a matter of sensitive and highly personal nature" because it will prevent the same association with highly embarrassing and revealing deepfakes that caused them severe distress. *Advanced Textile Corp.*, 214 F.3d at 1068. Courts have recognized that plaintiffs who allege the invasion of highly personal and embarrassing interests can proceed anonymously because their sensitive nature of their allegations. *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231, at *3 (D. Ariz. Feb. 7, 2024) (allowing individual alleging revenge pornography to remain anonymous);

---

[2] *See, e.g.*, *Doe P.B. v. Roblox Corp.*, No. 25-CV-10596-JST, 2026 WL 92058, at *1 (N.D. Cal. Jan. 13, 2026); *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Doe v. Penzato*, No. 10-cv-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

*Fleites v. MindGeek S.A.R.L.*, No. CV 21-04920-CJC(ADSX), 2021 WL 2766886, at \*1 (C.D. Cal. June 28, 2021) (allowing individuals depicted in sexually explicit videos to remain anonymous).

The same concern is present here: Plaintiffs' public identification would necessarily point the public to the nonconsensual, revealing deepfakes that Grok created. For Plaintiffs New Jersey Doe and Ohio Doe, their images were publicly posted on X, available for anyone to view and download. South Carolina Roe faces this potential harm as well because, while the images of her that Grok created do not appear to have been posted on X, she reasonably fears that the images Grok created and disseminated are being circulated online. Anyone who saw the images depicting Plaintiffs could have saved them, and they can be shared again and posted elsewhere, further threatening Plaintiffs' reputations and employment. This is a common problem with "digital sexual abuse." Ella Chakarian, *What It's Like to Get Undressed by Grok*, Rolling Stone (Jan. 19, 2026) ("Rolling Stone Article") (noting that the fact that an image "could have been screenshotted, downloaded, shared" and that aspect is a "really complex thing for people to grapple with").[3] In addition, South Carolina Roe faces additional, heightened privacy concerns because the images Grok created and disseminated depict her as a minor. *D.A. v. Roblox Corp.*, No. 25-CV-08866-JST, 2025 WL 2961796, at \*1 (N.D. Cal. Oct. 20, 2025) (allowing anonymity where case involved sexual exploitation of a child). The interest in keeping private the "highly sensitive, personal, and sexual nature" of Plaintiffs' deepfakes weighs strongly in favor of allowing Plaintiffs to proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068.

**B. Identifying Plaintiffs Would Expose Them to Retaliatory Harm.**

Public identification would also significantly increase the "risk of retaliatory physical or mental harm" to Plaintiffs because, once the public knows their identities, individuals can and likely will create even more disturbing deepfakes of them. *Advanced Textile Corp.*, 214 F.3d at 1068. The "danger of retaliation" is a "compelling ground" to allow the use of a pseudonym. *See*

---

[3] *Available at* https://www.rollingstone.com/culture/culture-features/grok-sexualized-image-xai-elon-musk-women-1235501436/.

*Doe v. City of Chicago*, 360 F.3d at 669 (7th Cir. 2004). The risk here is especially pronounced because individuals who have opposed the creation and distribution of deepfakes are commonly subject to vicious campaigns of harassment and intimidation.

Individuals who have spoken up specifically about xAI's recent conduct have been subject to retaliatory harassment. For example, Emma's Myspace, an X user described in the Rolling Stone Article, was the subject of such a campaign. Like Plaintiffs, Emma was horrified after Grok transformed an innocent selfie of her into a sexualized and revealing image. Like Plaintiffs, Emma chose to take action, posting a video in which she warned fellow users about her experience. After taking such action, "users tried to track down and spread the images of Emma" on Reddit. *See* Rolling Stone Article. Similarly, the influencer Ashley St. Clair faced a campaign of harassment and retaliation after speaking up when she discovered that Grok had "undressed" her in a post. *St. Clair v. xAI et al.*, Case No. 26-cv-00386 (S.D.N.Y), ECF No. 1-1. St. Clair spoke up, posting publicly that she did not consent to Grok creating this image. *Id.* ¶ 21. What followed was a deluge of abusive and harassing images. *Id.* ¶¶ 26-27.

Unfortunately, image-based abuse and threats of violence against individuals who stand up is not new. "Women leaders, journalists, activists, and public figures face relentless gendered disinformation, deepfake attacks, and coordinated harassment campaigns [online] designed to silence, shame, and push them out of public life."[4] For example, Nina Jankowicz, the author of two books on nonconsensual deepfake pornography became the target of deepfake pornographic videos.[5] In a 2023 interview, Ms. Jankowicz stated that "[t]he point" of such online harassment "is to make you not want to speak out, to make you not want to stand up for the truth, to just retreat into anonymity online." *Id.*

---

[4] *AI and anonymity fuel surge in digital violence against women* (Nov. 20, 2025), UN News, https://news.un.org/en/story/2025/11/1166411#:~:text=Women%20leaders%2C%20journalists%2C%20activists%2C,report%20receiving%20online%20death%20threats.
[5] *Available at* https://www.pbs.org/newshour/show/women-face-new-sexual-harassment-with-deepfake-pornography.

The threat to Plaintiffs is real. Grok is still generating sexualized and revealing deepfakes, such images can be generated with other AI tools, and there is an online community of trolls seeking to punish anyone who dares to challenge xAI's actions. This risk of retaliation weighs strongly in favor of allowing Plaintiffs to proceed anonymously.

**C. Pseudonymity Poses No Threat of Fundamental Unfairness to Defendants.**

Allowing Plaintiffs to proceed pseudonymously will not prejudice xAI or compromise fundamental fairness. Once a protective order is in place, Plaintiffs will share their identities with Defense counsel who appear in this case (and this Court) and Defendants, as needed. This disclosure eliminates any risk of prejudice to Defendants. *See*, *e.g.*, *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (finding "no prejudice" where Defendants knew true identity of plaintiffs); *see also EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (finding no prejudice to defendant's reputation because "there has already been substantial press" about subject matter of case).

**D. The Public Interest Is Fully Served Without Disclosure of Plaintiffs' Identities.**

The public's interest is fully served without disclosure of Plaintiffs' names. Plaintiffs' specific identities are incidental to the classwide claims that affect millions of people. The information relevant to the merits of the action will still be available to the public. *See, e.g., Doe v. U.S. Immigr. & Customs Enf't*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461, at *3 (D.N.M. Oct. 3, 2024) (allowing class representatives to use pseudonyms partly because "the core issues and developments in the case will be publicly accessible").

Moreover, requiring disclosure of Plaintiffs' identities in this context would ultimately deter, not advance, the public interest as affected individuals would be less likely to pursue legal claims to stop online image-based abuse. "Indeed, the public has an interest in such cases being decided on the merits." *Advanced Textile Corp.*, 214 F.3d at 1073; *see also City of Apple Valley*, 2020 WL 1061442, at *3 ("Given the stigma and fear of violence previously mentioned," disclosing class representatives' identity "would likely discourage individuals from stepping forward and seeking redress").

**CONCLUSION**

Here, the balance of interests weighs decisively in favor of allowing Plaintiffs to proceed anonymously. Thus, to protect Plaintiffs' sensitive information and prevent further online harassment, the Court should grant this Motion.

Dated: May 4, 2026

Respectfully submitted,

BERGER MONTAGUE PC

*/s/Sophia M. Rios*
Sophia M. Rios, SBN 305801
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
srios@bergermontague.com

E. Michelle Drake*
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com

James Hannaway*
1001 G Street, NW
Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
jhannaway@bergermontague.com

* *pro hac vice*

*Counsel for Plaintiffs*