SAWYER & LABAR LLP
ADRIAN SAWYER (State Bar No. 203712)
  *sawyer@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (*admitted pro hac vice*)
  *jkurtzberg@cahill.com*
IVAN TORRES (*admitted pro hac vice*)
  *itorres@cahill.com*
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120

*Counsel for Defendants*
*X.AI Corp. and X.AI LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> X.AI CORP. and X.AI LLC, <br><br> Defendants. | Case No. 5:26-cv-00772-PCP <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS** <br><br><br> **Judge:** Hon. P. Casey Pitts |

## INTRODUCTION[1]

Plaintiffs South Carolina Roe, New Jersey Doe, and Ohio Doe (collectively, "Plaintiffs")[2] filed their Administrative Motion to Proceed Under Pseudonyms ("Motion" or "Mot.") (ECF No. 29), claiming that anonymity is necessary "to protect their identity from public disclosure and, in so doing, protect them from further online harassment and image-based abuse." Mot. at 1. In the Ninth Circuit, however, there is a "strong general presumption that plaintiffs will conduct litigation under their own names[,]" *Doe* v. *Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010), as required by Fed. R. Civ. P. 10(a), and this presumption may only be overcome upon a showing of "special circumstances" that would allow a movant to proceed under a pseudonym. *Does I thru XXIII* v. *Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Plaintiffs have failed to make such a showing, and their Motion should be denied.

## ARGUMENT

As a preliminary matter, Plaintiffs' Motion is procedurally deficient. A motion to proceed pseudonymously is governed by Fed. R. Civ. P. 10(a)—which requires "[t]he title of the complaint" to "name all the parties"—and therefore may not be brought as an "administrative motion" under Local Civil Rule 7-11.[3] *See Applied Materials, Inc.* v. *Demaray LLC*, 2021 WL 540352, at *2 (N.D. Cal. Jan. 6, 2021).

"To proceed pseudonymously, a party must demonstrate that their anonymity is necessary to protect [them] from injury or harassment and that such need, in turn, outweighs the general presumption that parties' identities are public information." *Who* v. *U.S. 666 Gov.*, 2025 WL 2210181, at *1 (N.D. Cal. Aug. 4, 2025) (Pitts, J.). The "party requesting to proceed pseudonymously has the burden of showing that their need for anonymity outweighs prejudice to

---

[1] Unless stated otherwise, emphasis is added, and internal citations and quotations are omitted.

[2] Plaintiff South Carolina Doe's previously granted pseudonymity motion (ECF No. 4) is addressed separately in Defendants' motion filed substantially contemporaneously herewith.

[3] Plaintiffs also exceeded the page limit for an administrative motion. *See Adobe Sys. Inc.* v. *A & S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) ("[E]ven if the filing of an administrative motion were proper, Adobe violated the Local Rules by filing a . . . brief, which exceeds the five-page limit for administrative motions.") (citing Civ. L.R. 7-11(a)).

the opposing party and the public's interest in knowing the party's identity." *M.J. B.Z.* v. *Wofford*, 2025 WL 3687638, at \*1 (E.D. Cal. Dec. 19, 2025).  The Ninth Circuit has recognized three "special circumstances" under which pseudonymity may be appropriate, two of which Plaintiffs claim apply here: (1) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature" and (2) "when identification creates a risk of retaliatory physical or mental harm."  *Advanced Textile*, 214 F.3d at 1068.  Plaintiffs fail to show that either special circumstance applies in this case, and their request for pseudonymity should thus be denied.

## I.    Plaintiffs Have Not Met Their Burden to Proceed Pseudonymously

### A.  Plaintiffs Fail to Assert a Compelling Privacy Interest

Pseudonymity is unnecessary in this case.  Rather than granting a motion to proceed pseudonymously, when practicable, courts must use "other less drastic measures . . . to provide a reasonable level of privacy protection."  *Doe* v. *John F Kennedy Univ.*, 2013 WL 4565061, at \*5 (N.D. Cal. Aug. 27, 2013).  Here, Defendants consent to keeping any filings that include the deepfake images at issue under seal.  This measure directly addresses any legitimate privacy concerns of Plaintiffs, making it unnecessary for Plaintiffs to proceed pseudonymously.

Provided that the alleged deepfake images (which are not included in the Amended Complaint) remain under seal, this case does not involve a compelling privacy interest.  *See Doe* v. *Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (listing "limited exceptions to Rule 10," such as cases involving "abortion," "mental illness," and "illegitimate or abandoned children").  There is nothing inherently stigmatizing to Plaintiffs about the fact that a third party created an undisclosed deepfake image of them, especially if the image remains under seal.  *See Doe* v. *UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1146 (N.D. Cal. 2016) ("[C]ourts have emphasized how exceptional and stigmatizing the issues must be to allow anonymity.").  By contrast, the cases Plaintiffs rely on in their Motion include highly private allegations regarding: "the grooming, manipulation, sexual harassment, and sexual exploitation suffered by a minor child" (*Doe P.B.* v. *Roblox Corp.*, 2026 WL 92058, at \*1 (N.D. Cal. Jan. 13, 2026)); "a mentally disabled person who

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS

alleges she was sexually assaulted 23 times by her special education teacher" (*Doe* v. *Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018)); "a victim of human trafficking" who was subjected to forced labor, physical assault, and sexual molestation (*Doe* v. *Penzato*, 2011 WL 1833007, at *1 (N.D. Cal. May 13, 2011)); victims of child pornography and human trafficking whose videos were uploaded to pornographic websites (*see Fleites* v. *MindGeek S.A.R.L.*, 2021 WL 2766886, at *1 (C.D. Cal. June 28, 2021)); and swingers whose private collection of videos "depicting [themselves] engaging in intimate and sexual acts" was uploaded onto a pornographic website as retaliation for a custody dispute (*Doe* v. *Unknown Party*, 2024 WL 492231, at *1 (D. Ariz. Feb. 7, 2024)). Plaintiffs' allegations are simply "of a different nature than that which typically justifies the use of pseudonyms," and Plaintiffs have therefore failed to demonstrate a compelling privacy interest.[4] *Doe* v. *Mahboubi-Fardi*, 2024 WL 2206640, at *4 (C.D. Cal. Jan. 2, 2024).

### B. Plaintiffs Provide No Evidence of Threatened Harm

Plaintiffs premise their Motion on vague, speculative allegations of potential future harm caused by the further dissemination of deepfake images online. These are precisely the type of allegations that courts have repeatedly held to be insufficient as a matter of law to justify proceeding pseudonymously. *See Roe* v. *San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *9 (N.D. Cal. Jan. 28, 2021) (denying pseudonymity where plaintiffs made "vague and conclusory" allegations "that [they] fear that if [their] identit[ies] became public, [they] would experience ostracism, harassment and threats from people in [their] community" but plaintiffs "d[id] not aver any actual threat or any specific people who would pose a threat"); *Roe* v. *State Bar of California*, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) ("Plaintiffs' suggestion that they will become easy fodder to become doxed on the dark web, a set up for harassment by never-do-wells . . . is

---

[4] To the extent that Plaintiffs claim a "heightened privacy concern[]" because the images of South Carolina Roe allegedly "depict her as a minor" (Mot. at 3), this is belied by the fact that (i) the deepfake images are by Plaintiffs' own admission not real images (*see* ECF No. 28 ¶¶ 1, 4), (ii) the image of South Carolina Roe is not alleged to constitute CSAM (*id.* ¶ 105); and (iii) South Carolina Roe is, and was at the time of the images' creation, an adult (*id.* ¶¶ 102, 106).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS

not backed by any support and is the sort of ambiguous and theorized harm that does not warrant relief."). Moreover, the Ninth Circuit has been skeptical of pseudonymity motions when, as here, the harm alleged lacks specific details and occurred entirely on the internet. *See Kamehameha Schools*, 596 F.3d at 1045 (affirming holding that "plaintiffs' fears [based on internet threats] were unreasonable" and denying pseudonymity); *Bride* v. *Snap Inc.*, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (recognizing that "'new-age harms' such as 'cyber bullying'" are insufficient to grant pseudonymity).

Plaintiffs did not put in declarations from themselves, nor any admissible evidence to substantiate their claim that they personally are likely to be targets of retaliation. Instead, Plaintiffs rely entirely on allegations that third parties, with no relation to this case, have been victims of online harassment in different factual circumstances.[5] Mot. at 3–4. That is insufficient: "[i]f Plaintiffs could proceed pseudonymously based on threats made . . . to different people in a different location in different circumstances unrelated to this case, the public's common law right of access to judicial proceedings would be a dead letter." *San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *9. Another court in this District rejected similar allegations in *Doe* v. *NFL Enterprises, LLC*, where a former NFL cheerleader sought pseudonymity, claiming that cheerleaders "have been subject to vicious online attacks and harassment, and even stalking" based on declarations from two other cheerleaders. 2017 WL 697420, at *1, 3 (N.D. Cal. Feb. 22, 2017). The court denied the motion, concluding that "Plaintiff cites no actual threat of any harm against her *specifically*," and the declarations "fail to show that plaintiff would necessarily endure severe harassment or stalking, or reasonably fears such harm, as a result of using her true name in this lawsuit." *Id.* at *2 (emphasis in original). This case merits the same result.

## II.    Defendants Are Prejudiced by Plaintiffs Proceeding Pseudonymously

---

[5] Even if this Court were to consider the experiences of Emma's Myspace, Ashley St. Clair, or Nina Jankowicz (Mot. at 4)—which it should not—these women are all public figures who have actively engaged with the media about the subject matter of this case, and thus are easily distinguishable from Plaintiffs. May 15, 2026 Declaration of Joel Kurtzberg, Exs. 1–3.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS

Defendants will be prejudiced in at least three ways if unable to identify Plaintiffs by their true names. First, this will materially impair Defendants' discovery efforts—e.g., Defendants may not be able to speak to potential witnesses without revealing Plaintiffs' identity to them. *See Doe No. 1* v. *Wynn Resorts Ltd.*, 2022 WL 3214651, at *9 (D. Nev. Aug. 9, 2022); *Doe* v. *Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006). Second, anonymous proceedings will necessarily lead to increased complexity and costs for Defendants and will waste the Court's time ruling on repeated and unnecessary motions to seal. *See Mahboubi-Fardi*, 2024 WL 2206640, at *5. Third, the anonymous structure of the case may signal to a jury that the allegations are serious or credible, thereby creating implicit bias against Defendants. *See Advanced Textile*, 214 F.3d at 1068.

### III.    There Is a Strong Public Interest in Plaintiffs' Identities

"Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings[.]" *Id*. at 1067. "[W]hen anyone . . . invokes the potential power and authority of [a court], the public has a legitimate right to know on whose behalf their institutions are being used[.]" *Doe* v. *Texaco, Inc*., 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006); *see also NFL Enterprises*, 2017 WL 697420, at *2 ("[O]ur courts belong to the people, and the public and press have a right to . . . see how their court system is being used. This consideration counsels in favor of requiring true names of those who seek to sue others.").

This is "particularly true," given that Plaintiffs are attempting to represent a class of individuals in a case that raises novel questions about artificial intelligence and deepfake images. *Id*. at *2. "Not only will the public have an interest in understanding the [legal] issues in question, but class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *See id.* The public therefore has a right to Plaintiffs' true names in order to, among other reasons, assess their fitness as class representatives.

### CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Administrative Motion to Proceed Under Pseudonym and require Plaintiffs to use their true names.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS

Dated: May 15, 2026

/s/      Adrian Sawyer
Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, CA 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

Joel Kurtzberg (admitted pro hac vice)
Ivan Torres (admitted pro hac vice)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120
jkurtzberg@cahill.com
itorres@cahill.com

**Counsel for Defendants**
 X.AI Corp. and X.AI LLC

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS