SAWYER & LABAR LLP
ADRIAN SAWYER (State Bar No. 203712)
  sawyer@sawyerlabar.com
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (admitted pro hac vice)
  jkurtzberg@cahill.com
IVAN TORRES (admitted pro hac vice)
  itorres@cahill.com
32 Old Slip
New York, NY 10005
Telephone: 212.701.3445

Counsel for Defendants
X.AI Corp. and X.AI LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | Case No. 5:26-cv-00772-PCP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   July 9, 2026<br>Time:   10:00 a.m.<br>Crtrm:  8, 4th Floor<br><br>**Judge:**  Hon. P. Casey Pitts |

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN
THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING
ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at July 9, 2026 at 10:00 a.m. or as soon thereafter as counsel may be heard, before the honorable P. Casey Pitts, located at 280 South 1st Street, San Jose, CA 95113, defendants X.AI Corp. and X.AI LLC will, and hereby do, move this Court for an order granting their Motion to Compel South Carolina Doe to Comply with FRCP 10(a), or, in the Alternative, for Leave to Move for Reconsideration of Order Granting Administrative Motion to Proceed Under Pseudonym.  This motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Joel Kurtzberg, arguments of counsel, and any other matters properly before the Court.

**RELIEF REQUESTED**

Defendants request that the Court (i) enter an order requiring South Carolina Doe to comply with Federal Rule of Civil Procedure 10(a) and proceed in this litigation under her true name, or, in the alternative, (ii) grant Defendants leave to move for reconsideration of the Court's January 29, 2026 Order (ECF No. 9) granting South Carolina Doe's Administrative Motion to Proceed Under Pseudonym.

**STATEMENT OF THE ISSUE TO BE DECIDED**

Should Plaintiff South Carolina Doe be required to comply with Federal Rule of Civil Procedure 10(a)'s requirement that a complaint must name all relevant parties, or, in the alternative, should Defendants be granted leave to move for reconsideration of the Court's January 29, 2026 Order granting South Carolina Doe's Administrative Motion to Proceed Under Pseudonym?

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................... 1

II.  FACTUAL BACKGROUND ............................................................................................. 3

III.  ARGUMENT .................................................................................................................... 4

   A.  South Carolina Doe Should Be Compelled To Comply With Federal Rule of Civil
   Procedure 10(a) ............................................................................................................... 4

      1.  Pseudonymity Is Unnecessary to Preserve South Carolina Doe's Privacy ...................... 5

      2.  South Carolina Doe Failed To Establish a Threat of Harm ............................................. 7

      3.  Defendants Will Be Prejudiced If South Carolina Doe Proceeds Pseudonymously ....... 10

      4.  There Is a Strong Public Interest In South Carolina Doe's Identity ............................... 11

   B.  In the Alternative, This Court Should Grant Defendants Leave to File a Motion for
   Reconsideration ............................................................................................................. 12

      1.  Defendants Did Not Delay in Bringing this Motion ........................................................ 12

      2.  The Court Committed Clear Error by Granting the Pseudonymity Motion Without
      Notice to Defendants ...................................................................................................... 13

      3.  Allowing South Carolina Doe to Proceed Under Pseudonym Would Be a Manifest
      Injustice .......................................................................................................................... 14

IV.  CONCLUSION ............................................................................................................... 14

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN
THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING
ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adobe Sys. Inc.* v. *A & S Elecs., Inc.*,
2016 WL 9105173 (N.D. Cal. Oct. 13, 2016) ...................................................................... 13

*Allen* v. *Conagra Foods, Inc.*,
2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) ...................................................................... 12

*Applied Materials, Inc.* v. *Demaray LLC*,
2021 WL 540352 (N.D. Cal. Jan. 6, 2021) ......................................................................... 13

*Bride* v. *Snap Inc.*,
2025 WL 819567 (C.D. Cal. Feb. 21, 2025) .......................................................................... 8

*Cox Broadcasting Corp.* v. *Cohn*,
420 U.S. 469 (1975) ............................................................................................................... 1

*de Tagle* v. *Hernandez*,
2025 WL 2689663 (N.D. Cal. Sept. 19, 2025) .................................................................... 12

*Doe No. 1* v. *Wynn Resorts Ltd.*,
2022 WL 3214651 (D. Nev. Aug. 9, 2022) ......................................................................... 10

*Doe P.B.* v. *Roblox Corp.*,
2026 WL 92058 (N.D. Cal. Jan. 13, 2026) ........................................................................... 6

*Doe* v. *Bergstrom*,
315 F. App'x 656 (9th Cir. 2009) .......................................................................................... 7

*Doe* v. *Call-On DOC, Inc.*,
2025 WL 1677632 (S.D. Cal. June 13, 2025) ....................................................................... 5

*Doe* v. *Coder*,
2010 WL 4938282 (N.D. Cal. Nov. 30, 2010) .................................................................... 13

*Doe* v. *Del Rio*,
241 F.R.D. 154 (S.D.N.Y. 2006) ...................................................................................... 9, 10

*Doe* v. *Epic Games, Inc.*,
435 F. Supp. 3d 1024 (N.D. Cal. 2020) ................................................................................ 4

*Doe* v. *Holder*,
2011 WL 6329858 (N.D. Cal. Dec. 14, 2011) .................................................................... 13

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN
THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING
ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

*Doe* v. *John F Kennedy Univ.*,
2013 WL 4565061 (N.D. Cal. Aug. 27, 2013).............................................................................. 2, 4, 5

*Doe* v. *Kamehameha Schools/Bernice Pauahi Bishop Est.*,
596 F.3d 1036 (9th Cir. 2010) .................................................................................... 1, 2, 8, 11

*Doe* v. *Mahboubi-Fardi*,
2024 WL 2206640 (C.D. Cal. Jan. 2, 2024)................................................................................ 7, 11

*Doe* v. *Mt. Diablo Unified Sch. Dist.*,
2018 WL 2317804 (N.D. Cal. May 22, 2018) ............................................................................ 6

*Doe* v. *Penzato*,
2011 WL 1833007 (N.D. Cal. May 13, 2011) ........................................................................... 6

*Doe* v. *Rostker*,
89 F.R.D. 158 (N.D. Cal. 1981) ................................................................................................ 2, 6

*Doe* v. *Texaco, Inc.*,
2006 WL 2850035 (N.D. Cal. Oct. 5, 2006) ............................................................................. 11

*Doe* v. *Unknown Party*,
2024 WL 492231 (D. Ariz. Feb. 7, 2024) ................................................................................ 7

*Doe* v. *UNUM Life Ins. Co. of Am.*,
164 F. Supp. 3d 1140 (N.D. Cal. 2016) .................................................................................... 6

*Fleites* v. *MindGeek S.A.R.L.*,
2021 WL 2766886 (C.D. Cal. June 28, 2021)............................................................................ 6

*Hinckley* v. *All Am. Waste Servs. Inc.*,
2025 WL 1940001 ................................................................................................................. 6, 7, 8

*M.J. B.Z.* v. *Wofford*,
2025 WL 3687638 (E.D. Cal. Dec. 19, 2025).............................................................................. 5

*Roe* v. *San Jose Unified Sch. Dist. Bd.*,
2021 WL 292035 (N.D. Cal. Jan. 28, 2021) ............................................................................. 3, 8, 9

*Roe* v. *Skillz, Inc.*,
858 F. App'x 240 (9th Cir. 2021)............................................................................................... 8

*Roe* v. *State Bar of California*,
2023 WL 6193023 (C.D. Cal. Mar. 17, 2023) .......................................................................... 8

*Watkins* v. *Concentra Health Servs., Inc.*,
2026 WL 110958 (N.D. Cal. Jan. 14, 2026) (DeMarchi, Mag. J.)........................................... 4

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN
THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING
ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

*Who* v. *U.S. 666 Gov.*,
  2025 WL 2210181 (N.D. Cal. Aug. 4, 2025) (Pitts, J.) ............................................................ 5

**Rules**

Fed. R. Civ. P. 54(b).......................................................................................................... 12

Federal Rule of Civil Procedure 10(a) ........................................................................*passim*

Local Civil Rule 7-2 ........................................................................................................... 13

Local Civil Rule 7-11 ...................................................................................................... 3, 13

Local Civil Rule 79-5 ........................................................................................................... 5

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION[1]

Plaintiff South Carolina Doe[2] obtained an order (ECF No. 9) to proceed in this case pseudonymously (the "Pseudonymity Order") before Defendants X.AI Corp. and X.AI LLC (together, "Defendants" or "X.AI") were served with the Original Complaint, before counsel for Defendants appeared, and without serving the Administrative Motion to Proceed Under Pseudonym ("Pseudonymity Motion" or "PM") (ECF No. 4) on Defendants.  Had Defendants been given notice and an opportunity to respond to the Pseudonymity Motion, they would have been able to point out numerous reasons why the motion should have been denied.  This motion seeks an order compelling South Carolina Doe to proceed using her real name, as required by Federal Rule of Civil Procedure 10(a) ("Rule 10(a)"), which states that the "title of the complaint must name all the parties[,]" or alternatively seeks leave to allow Defendants to move for reconsideration of the Court's Order allowing South Carolina Doe to proceed pseudonymously.

This does not present a mere housekeeping issue.  A motion to proceed pseudonymously raises serious constitutional issues about the public nature of judicial proceedings.  As the United States Supreme Court emphasized in *Cox Broadcasting Corp.* v. *Cohn*, 420 U.S. 469 (1975), "[a] trial is a public event.  What transpires in the courtroom is public property. . . .  There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it."  *Id.* at 492–93.  For this reason, there is a "strong general presumption that plaintiffs will conduct litigation under their own names," *Doe* v. *Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010), and this presumption may only be overcome upon a showing of "special

---

[1] Unless stated otherwise, emphasis is added, and internal citations and quotations have been omitted.

[2] The original Complaint (the "Original Complaint") (ECF No. 1) referred to her as "Jane Doe."  On May 1, 2026, Plaintiffs filed an amended Complaint (the "Amended Complaint" or "AC") (ECF No. 28), adding three additional Plaintiffs attempting to proceed under pseudonym and changing Jane Doe's pseudonym to "South Carolina Doe."

circumstances" that would allow a movant to proceed under a pseudonym. *Does I thru XXIII* v. *Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). South Carolina Doe has failed to make such a showing, and should therefore be required to proceed under her true name.

The Amended Complaint in this case alleges that a third-party used Defendant's generative-AI chatbot, Grok, to create, without her consent, a "deepfake" image of South Carolina Doe in a bikini.[3] *See* AC ¶¶ 78, 80, 113–114. The image in question is not part of the Amended Complaint. South Carolina Doe sets forth two rationales for proceeding under a pseudonym: (i) this matter may involve sensitive, personal information because of the allegedly "revealing" nature of the deepfake image (PM at 2–3) and (ii) she could face retaliatory harm in the form of further dissemination of deepfake images of her (*id.* at 3-4). Neither argument is convincing.

First, to the extent possible, courts are required to use "other less drastic measures . . . to provide a reasonable level of privacy protection" before granting a motion to proceed under pseudonym. *Doe* v. *John F Kennedy Univ.*, 2013 WL 4565061, at *5 (N.D. Cal. Aug. 27, 2013). Here, the Amended Complaint does not include the alleged deepfake image of South Carolina Doe, and Defendants are willing to agree that any filing that includes that image will be made under seal, which should address any legitimate privacy concerns. Factoring out the deepfake image itself—as it will remain under seal—there is nothing inherently stigmatizing about revealing the fact that a deepfake image was created of South Carolina Doe without revealing the image itself. As a result, this case simply does not involve the types of compelling privacy interests traditionally recognized as requiring pseudonymity. *See Doe* v. *Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) ("The common thread running through these cases [in which pseudonymity was granted] is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record.").

---

[3] According to the Amended Complaint, "[a] deepfake is a video or image in which a person's face, body, or voice has been digitally altered by AI so that they appear to be doing something they did not actually do. . . ." AC ¶ 1.

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

Second, South Carolina Doe has failed to substantiate any claim of potential harm, as she must to meet her burden of overcoming the strong presumption against proceeding pseudonymously. *See Kamehameha Schools*, 596 F.3d at 1043. She neither submitted any admissible evidence (e.g., through a declaration) with her Pseudonymity Motion nor alleged that she has personally received any true or credible threats of harm. Instead, South Carolina Doe relies wholly on the accounts of third parties who have been the victims of online harassment in other factual circumstances. But the law is clear that threats made "to different people in a different location in different circumstances unrelated to this case" are insufficient as a matter of law to justify proceeding pseudonymously. *Roe* v. *San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *9 (N.D. Cal. Jan. 28, 2021).

The Court should grant Defendants' Motion and compel South Carolina Doe's compliance with Rule 10(a) or, alternatively, grant Defendants leave to move for reconsideration of the Court's Pseudonymity Order.

## II.    FACTUAL BACKGROUND

Plaintiff South Carolina Doe is one of four named Plaintiffs bringing claims on behalf of themselves and a putative nationwide class with various putative subclasses, against Defendants concerning the use of X.AI's generative-AI chatbot, Grok, to allegedly create deepfake images depicting Plaintiffs without their consent.

South Carolina Doe filed her Original Complaint on January 23, 2026 (ECF No. 1). On January 26, 2026, South Carolina Doe filed the Pseudonymity Motion (ECF No. 4), claiming that she needed to proceed under pseudonym in this litigation in order "to protect her identity from public disclosure and, in so doing, protect her from further online harassment and image-based abuse." PM at 1. The Pseudonymity Motion was filed as an administrative motion under Local Civil Rule 7-11, meaning that any opposition to such motion would be due no later than four days after the motion was filed—i.e., on January 30, 2026. At the time, Defendants had not yet been served with the Original Complaint or the Pseudonymity Motion, and counsel for Defendants had not appeared in the case. *See* ECF No. 4-1 ¶ 3. The Court granted the Pseudonymity Motion three days after it

was filed on January 29, 2026 (ECF No. 9) before Defendants had notice or an opportunity to be heard on the issue.

Plaintiffs served Defendant X.AI Corp. with the Original Complaint (but not the Pseudonymity Motion) on February 10, 2026 (ECF No. 12) and Defendant X.AI LLC waived service of the Complaint on March 5, 2026 (ECF No. 19). Before responsive pleadings were filed or motion practice ensued, Plaintiffs informed Defendants that they intended to file an amended complaint, and the parties stipulated to a date by which that amendment would be filed. *See* ECF No. 26. Pursuant to that agreed-upon schedule, on May 1, 2026, Plaintiffs filed the Amended Complaint (ECF No. 28), adding three new named Plaintiffs, all of whom have also moved to proceed under pseudonym (ECF No. 29). This Motion, along with Defendants' opposition to the three new Plaintiffs' motion to proceed pseudonymously, constitutes the first substantive motion practice by Defendants in this case.

## III.  ARGUMENT

### A. South Carolina Doe Should Be Compelled To Comply With Federal Rule of Civil Procedure 10(a)

South Carolina Doe's "'use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint include the names of all the parties.'" *Watkins* v. *Concentra Health Servs., Inc.*, 2026 WL 110958, at *1 (N.D. Cal. Jan. 14, 2026) (DeMarchi, Mag. J.) (quoting *Advanced Textile*, 214 F.3d at 1067). Courts have granted motions to compel compliance with Rule 10(a) under nearly identical procedural and factual circumstances because the Court "granted plaintiff's motion to proceed under a pseudonym when this case was in its infancy, before defendant's counsel had appeared let alone responded to the complaint[,]" and "[n]ow that defendant's counsel has appeared and the parties [are] engaged in motion practice that provides additional insight into the case, the circumstances have changed materially." *Doe* v. *Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1053-54 (N.D. Cal. 2020) (granting defendant's motion to compel compliance with Rule 10(a)); *see also John F Kennedy Univ.*, 2013 WL 4565061, at *4 (granting motion to dismiss the action and for an order

requiring Plaintiffs to refile pursuant to Rule 10(a) where "Plaintiff has not met her burden of establishing that her interest in preserving her anonymity outweighs the prejudice to Defendants such that the public's paramount interest in open court proceedings should be overridden"); *Doe* v. *Call-On DOC, Inc.*, 2025 WL 1677632, at \*19 (S.D. Cal. June 13, 2025) (granting motion to compel compliance with Rule 10(a)).

"[T]he identity of the parties in an action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity. To proceed pseudonymously, a party must demonstrate that their anonymity is necessary to protect [them] from injury or harassment and that such need, in turn, outweighs the general presumption that parties' identities are public information." *Who* v. *U.S. 666 Gov.*, 2025 WL 2210181, at \*1 (N.D. Cal. Aug. 4, 2025) (Pitts, J.). The "party requesting to proceed pseudonymously has the burden of showing that their need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *M.J. B.Z.* v. *Wofford*, 2025 WL 3687638, at \*1 (E.D. Cal. Dec. 19, 2025). The Ninth Circuit has recognized three "special circumstances" under which pseudonymity may be appropriate: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Advanced Textile*, 214 F.3d at 1068. South Carolina Doe invokes the first two "special circumstances" in her bid to proceed pseudonymously, but fails to prove either.

**1. Pseudonymity Is Unnecessary to Preserve South Carolina Doe's Privacy**

South Carolina Doe argues that proceeding under pseudonym is necessary to prevent the allegedly "highly embarrassing and revealing deepfake" image of her from being further disseminated. PM at 2. But that is untrue. Indeed, granting such extraordinary relief for this purpose is akin to killing flies with surface-to-air missiles because there are "other less drastic measures [] available to provide a reasonable level of privacy protection" to South Carolina Doe, and the Court should implement those if they will adequately address any legitimate privacy concerns. *John F*

*Kennedy Univ.*, 2013 WL 4565061, at *5. Here the alternative to pseudonymity is obvious. As noted above, Defendants agree not to make public any deepfake images of South Carolina Doe and to file any such images under seal pursuant to Local Civil Rule 79-5. This more reasoned measure directly addresses South Carolina Doe's privacy concern, without running afoul of Rule 10(a) and the public's right to open judicial proceedings, as granting pseudonymity would here.

If all deepfake images remain under seal, this case does not threaten the type of social stigmatization that would justify anonymity. *See Rostker*, 89 F.R.D. at 161 (listing "limited exceptions to Rule 10," such as cases involving "abortion," "mental illness," and "illegitimate or abandoned children"). The mere fact that an undisclosed deepfake image was allegedly created of South Carolina Doe wearing a bikini can hardly be said to subject her to "ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1068 (9th Cir. 2000); *see also Doe* v. *UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1146 (N.D. Cal. 2016) ("[C]ourts have emphasized how exceptional and stigmatizing the issues must be to allow anonymity."). And even if South Carolina Doe felt embarrassed due to her association with this case, "[t]hat [a] plaintiff may suffer some embarrassment or economic harm is not enough" to warrant pseudonymity. *Rostker*, 89 F.R.D. at 162; *see also UNUM Life Ins. Co.*, 164 F. Supp. 3d at 1145 ("[T]he potential embarrassment or increased anxiety brought on by litigation does not justify anonymity."); *Hinckley* v. *All Am. Waste Servs. Inc.*, 2025 WL 1940001, at *6 (recognizing that "[a] generalized fear of harm to one's personal reputation or professional reputation . . . is not enough to justify anonymity").

The cases cited by South Carolina Doe in her Pseudonymity Motion only further underscore the inadequacy of the alleged privacy interests here, which pale in comparison to those in other cases permitting pseudonymity. Courts have recognized compelling privacy interests where the cases involved: "the grooming, manipulation, sexual harassment, and sexual exploitation suffered by a minor child" (*see Doe P.B.* v. *Roblox Corp.*, 2026 WL 92058, at *1 (N.D. Cal. Jan. 13, 2026)); "a mentally disabled person who alleges she was sexually assaulted 23 times by her special education teacher" (*see Doe* v. *Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018)); "a victim of human trafficking" who was subjected to forced labor, physical assault, and

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

sexual molestation (*see Doe* v. *Penzato*, 2011 WL 1833007, at *1 (N.D. Cal. May 13, 2011)); victims of child pornography and human trafficking whose videos were uploaded to pornographic websites (*see Fleites* v. *MindGeek S.A.R.L.*, 2021 WL 2766886, at *1 (C.D. Cal. June 28, 2021)); and swingers whose private collection of videos "depicting [themselves] engaging in intimate and sexual acts" was uploaded onto a pornographic website as retaliation for a custody dispute (*see Doe* v. *Unknown Party*, 2024 WL 492231, at *1 (D. Ariz. Feb. 7, 2024)). By contrast, courts are reluctant to allow pseudonymity when the privacy interest at issue is not sufficiently compelling. *See Doe* v. *Mahboubi-Fardi*, 2024 WL 2206640, at *4 (C.D. Cal. Jan. 2, 2024) (denying pseudonymity where the complaint included "statements about domestic violence and physical harm suffered by Plaintiff"); *Hinckley*, 2025 WL 1940001, at *5 (denying pseudonymity because "allegations of sexual harassment . . . are no more sensitive than the allegations in many other [similar] cases"); *Doe* v. *Bergstrom*, 315 F. App'x 656, 656 (9th Cir. 2009) (affirming denial of pseudonymity where plaintiff "was arrested and prosecuted for prostitution procurement activities"). South Carolina Doe's allegations—namely, that someone used Grok to create a "deepfake" image of her wearing a bikini—are "of a different nature than that which typically justifies the use of pseudonyms, such as information about sexual abuse, human trafficking, or mental illness." *Mahboubi-Fardi*, 2024 WL 2206640, at *4. The failure to articulate a compelling privacy interest counsels in favor of requiring South Carolina Doe to comply with Rule 10(a).

### 2. South Carolina Doe Failed To Establish a Threat of Harm

South Carolina Doe also alleges that, if required to proceed under her true name, she risks suffering retaliatory harm because it will increase the chances that someone will recirculate the deepfake image of her online or that someone will create new deepfake images of her. PM at 3. In deciding whether anonymity is needed to shield a party from retaliation, courts consider three factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile*, 214 F.3d at 1068. Here, South Carolina Doe has not provided the Court, or Defendants, with sufficient

evidence to analyze any of these factors, which, given that she bears the burden of proof, is fatal to her Pseudonymity Motion.

Conspicuous by its absence is a declaration from South Carolina Doe or any admissible evidence in support of this point. And South Carolina Doe's arguments on this point rely entirely on examples of other people suffering retaliatory harm under different factual circumstances than are presented here. Such vague, speculative allegations of some future harm are insufficient as a matter of law to justify proceeding pseudonymously. *See San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *9 (denying pseudonymity where plaintiffs made "vague and conclusory" allegations "that [they] fear that if [their] identit[ies] became public, [they] would experience ostracism, harassment and threats from people in [their] community" but plaintiffs "d[id] not aver any actual threat or any specific people who would pose a threat"); *Roe* v. *State Bar of California*, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) ("Plaintiffs' suggestion that they will become easy fodder to become doxed on the dark web, a set up for harassment by never-do-wells . . . is not backed by any support and is the sort of ambiguous and theorized harm that does not warrant relief."); *Hinckley*, 2025 WL 1940001, at *6 (D. Ariz. July 15, 2025) ("[Plaintiff] alleges that she may be subject to potential further harm such as potential harassment or retaliation by unknown parties, but such vague assertions are insufficient."); *Roe* v. *Skillz, Inc.*, 858 F. App'x 240, 241–42 (9th Cir. 2021) (denying motion to proceed under pseudonym where plaintiff "state[d] conclusory and general statements without explanation or support" for claims of injury). What is generally required is specific evidence demonstrating that the ***movant*** will suffer or has already suffered harm or threats of harm.

Moreover, courts in the Ninth Circuit have been rightfully skeptical when the purported harms claimed by a party seeking to proceed pseudonymously occur entirely online and have required specific allegations to justify pseudonymity in such circumstances. *See Kamehameha Schools*, 596 F.3d at 1045 (recognizing that "many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out" and affirming the District Court's conclusion "that the plaintiffs' fears [based on internet threats] were

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

unreasonable"); *Bride* v. *Snap Inc.*, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (recognizing that "'new-age harms' such as 'cyber bullying'" are not sufficient to grant pseudonymity).

Rather than relying on specific allegations of harm or threats of harm that she has personally suffered, South Carolina Doe points to other women whom she claims were the target of online "campaigns of harassment and intimidation" by a "community of trolls" (i.e., people who use social media abusively). PM at 3–4. However, "[i]f Plaintiffs could proceed pseudonymously based on threats made . . . to different people in a different location in different circumstances unrelated to this case, the public's common law right of access to judicial proceedings would be a dead letter." *San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *9.

Another court in this District has rejected a similar attempt to premise pseudonymity on alleged harms that befell third parties. In *Doe* v. *NFL Enterprises, LLC*, a former NFL cheerleader sought to proceed under pseudonym, citing the fact that cheerleaders "have been subject to vicious online attacks and harassment, and even stalking[,]" and included declarations from two other former cheerleaders regarding the harassment that they suffered. 2017 WL 697420, at *1–2 (N.D. Cal. Feb. 22, 2017). The *NFL Enterprises* court denied plaintiff's motion, concluding that "Plaintiff cites no actual threat of any harm against her ***specifically***" and the two "declarations, taken together, fail to show that plaintiff would necessarily endure severe harassment or stalking, or reasonably fears such harm, as a result of using her true name in this lawsuit." *Id.* at *2 (emphasis in original). Here, South Carolina Doe has provided ***no*** admissible evidence or declarations, apart from an attorney declaration containing only argument, in support of her motion.[4] That is insufficient to satisfy her burden to proceed pseudonymously here.

In any event, the facts here are easily distinguishable from those of the third parties referenced in the Pseudonymity Motion. Each of the three women discussed—Emma's Myspace, Ashley St. Clair, and Nina Jankowicz (*see* PM at 3–4)—are public figures that have chosen to speak out about deepfake images in the media, thus specifically drawing attention to themselves. Emma's

---

[4] Nor should South Carolina Doe be permitted to submit any such evidence for the first time on reply, which would deprive Defendants of the ability to respond.

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

Myspace maintains a TikTok account with over 1.3 million followers and 54 million likes (*see* May 15, 2026 Declaration of Joel Kurtzberg ("Kurtzberg Decl.") ¶ 3, Ex. 1), and she voluntarily participated in an interview with *Rolling Stone* about Grok and deepfake images (*see* PM at 3–4). Ashley St. Clair is a prominent political commentator and internet personality, who, since breaking off her romantic relationship with Elon Musk, has repeatedly criticized Mr. Musk's businesses (including X.AI) in the media. *See* Kurtzberg Decl. ¶ 4, Ex. 2. Lastly, Nina Jankowicz is a scholar, author, and former Executive Director of the Disinformation Governance Board of the U.S. Department of Homeland Security, who has written and spoken extensively about online harassment of women. *See* Kurtzberg Decl. ¶ 5, Ex. 3. Conversely, nothing in the Amended Complaint suggests that South Carolina Doe is a public figure or that she has attempted to use the media to draw attention to her case. Consequently, even if the Court considered the experiences of these third parties—which it should not—they are not a comparable measuring stick with which to assess any potential harm to South Carolina Doe. And without any evidence or allegations of harm directed at South Carolina Doe, the Pseudonymity Motion must fail.

### 3. Defendants Will Be Prejudiced If South Carolina Doe Proceeds Pseudonymously

South Carolina Doe makes the conclusory claim that Defendants will not be prejudiced if she proceeds under pseudonym, because she has shared her identity with defense counsel, which "eliminates any risk of prejudice to Defendants." PM at 5. This is not true for at least three reasons. First, if unable to disclose South Carolina Doe's true name it will materially impair Defendants' discovery efforts, including the ability to investigate South Carolina Doe's actions and solicit information to discover yet unknown witnesses in assessing South Carolina Doe's credibility. *See Doe No. 1* v. *Wynn Resorts Ltd.*, 2022 WL 3214651, at *9 (D. Nev. Aug. 9, 2022) ("[T]he named corporate defendants in this case will be prejudiced if discovery opens, and they are unable [to] reveal the identities of the plaintiffs to their witnesses."); *Doe* v. *Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) ("[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

forward with valuable information about the events or the credibility of witnesses.") (citing *Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 596–97 (1980) (Brennan, J. concurring)). Second, anonymous proceedings will necessarily lead to increased complexity and costs for Defendants, not to mention waste the Court's time, as a result of preparing and ruling on sealing motions in relation to any exhibits or filings referencing South Carolina Doe's true name or social media accounts. *See Mahboubi-Fardi*, 2024 WL 2206640, at *5 (denying pseudonymity where "maintaining Plaintiff's anonymity could create logistical inconvenience and complications in terms of discovery, case filings and at any trial"). Third, Defendants are prejudiced by the fact that allowing South Carolina Doe to proceed under pseudonym could lead to fundamental unfairness in the event of a jury trial, as the anonymous structure signals to the jury that the allegations are especially serious or credible, thereby creating implicit bias in favor of South Carolina Doe. *See Advanced Textile*, 214 F.3d at 1068 (recognizing that the use of pseudonyms could prejudice a jury against a defendant and impair the defendant's ability to impeach plaintiff's credibility).

**4.  There Is a Strong Public Interest In South Carolina Doe's Identity**

South Carolina Doe claims that the public interest is "fully served" without the disclosure of her identity.  PM at 5.  But this is inconsistent with the "paramount importance of open courts" in the Ninth Circuit. *Kamehameha Schs.*, 596 F.3d at 1046.  "[W]hen anyone . . . invokes the potential power and authority of [a court], the public has a legitimate right to know on whose behalf their institutions are being used." *Doe* v. *Texaco, Inc.*, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006); *see also NFL Enterprises*, 2017 WL 697420, at *2 ("[O]ur courts belong to the people, and the public and press have a right to look over our shoulders to see how their court system is being used. This consideration counsels in favor of requiring true names of those who seek to sue others.").

This is "particularly true" given that South Carolina Doe is attempting to represent a class of individuals. *Id*.  "Not only will the public have an interest in understanding the [legal] issues in question, but class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *Id.*  South Carolina Doe's fitness as a class representative— especially in a case such as this, wherein the Court is being asked to confront cutting edge issues

regarding artificial intelligence and deepfake images—is of great public significance, and the public cannot investigate this unless armed with South Carolina Doe's true name.

### B. In the Alternative, This Court Should Grant Defendants Leave to File a Motion for Reconsideration

Should the Court determine that a motion for reconsideration, as opposed to a motion to compel compliance with Rule 10(a), is the proper procedural vehicle to remedy the improperly granted Pseudonymity Order, Defendants respectfully seek leave to file such a motion.

"Prior to entry of a final judgment, 'any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time.'" *Allen* v. *Conagra Foods, Inc.*, 2019 WL 5191009, at *2 (N.D. Cal. Oct. 15, 2019) (alteration in original) (citing Fed. R. Civ. P. 54(b)). "Rule 54(b) gives district courts complete power over non-final orders and may vacate or revise them at any time, if doing so would be consonant with equity." *Id.*

In the Northern District of California, a movant may seek leave to move for reconsideration "before the entry of a judgment," so long as the movant "show[s] reasonable diligence in bringing the motion[.]" Civ. L.R. 7-9(a), (b). Granting leave to seek reconsideration of an interlocutory order is appropriate where there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). "The Court's Local Rules must be construed to promote the just, efficient, speedy, and economical determination of every action and proceeding" and "to avoid manifest injustice[.]" *de Tagle* v. *Hernandez*, 2025 WL 2689663, at *1 (N.D. Cal. Sept. 19, 2025) (granting leaving to file motion for reconsideration).

#### 1. Defendants Did Not Delay in Bringing this Motion

Defendants were never even served with the Pseudonymity Motion and did not enter this case until after the Court had already issued the Pseudonymity Order. They never had notice or an opportunity to address the Pseudonymity Motion before the Court entered the Pseudonymity Order. Shortly after the Pseudonymity Order issued, Plaintiffs informed Defendants of their intent to amend

the Original Complaint.  The Amended Complaint was filed on May 1, 2026.  Defendants are filing this Motion two weeks after receiving the Amended Complaint, and substantially contemporaneously with their opposition to Plaintiffs' motion to proceed under pseudonym as to the newly added Plaintiffs.  Accordingly, this Motion is timely.

### 2. The Court Committed Clear Error by Granting the Pseudonymity Motion Without Notice to Defendants

Respectfully, the Pseudonymity Motion should never have been considered, much less decided, without Defendants having first been given the opportunity to oppose.  This error occurred because the Pseudonymity Motion was procedurally deficient and filed in violation of the Local Civil Rules.  South Carolina Doe styled her Pseudonymity Motion as an "administrative motion" under Local Civil Rule 7-11, which is appropriate for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge."  Civ. L. R. 7-11.  However, as described above, a motion to proceed under pseudonym is governed by Rule 10(a), meaning that such a motion may not be brought as an administrative motion.  *See Adobe Sys. Inc.* v. *A & S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (administrative motion addressing matter governed by Federal Rule of Civil Procedure "should have [been] presented . . . as a noticed motion in accordance with Local Rule 7-2(a)"); *Applied Materials, Inc.* v. *Demaray LLC*, 2021 WL 540352, at *2 (N.D. Cal. Jan. 6, 2021) (denying motion where plaintiff "should have raised its request as a properly noticed motion . . . but chose instead to improperly make its request in the form of an administrative motion").  Had South Carolina Doe properly brought this motion in accordance with Local Civil Rule 7-2, Defendants would have received notice upon entering the case, and been granted an opportunity to oppose the motion.  *See* Civ. L. R. 7-2.

Granting South Carolina Doe's request to proceed under pseudonym—an extraordinary remedy reserved for special circumstances—absent notice to Defendants was clear error.  *See Doe* v. *Coder*, 2010 WL 4938282, at *2–3, n.2 (N.D. Cal. Nov. 30, 2010) (denying motion to proceed anonymously in part because "no defendant has appeared" and the court could not "properly analyze

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM

whether any defendant would be prejudiced if plaintiff were to keep his identity from the public"). The Court should grant Defendants leave to move for reconsideration to remedy this error. *See Doe* v. *Holder*, 2011 WL 6329858, at *2 (N.D. Cal. Dec. 14, 2011) (granting motion for reconsideration of order allowing pseudonymity decided before defendant's appearance).

### 3. Allowing South Carolina Doe to Proceed Under Pseudonym Would Be a Manifest Injustice

For the reasons set forth above, South Carolina Doe has failed to show that her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. South Carolina Doe should be required to litigate this case under her true name.

## IV.    CONCLUSION

Defendants respectfully request that the Court enter an order compelling South Carolina Doe to comply with Rule 10(a), or, in the alternative, granting Defendants leave to move for reconsideration of the Court's Pseudonymity Order.

Dated:  May 15, 2026

/s/ _Adrian Sawyer_____

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

Joel Kurtzberg (*admitted pro hac vice*)
Ivan Torres (*admitted pro hac vice*)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120
jkurtzberg@cahill.com
itorres@cahill.com

**Counsel for Defendants**
*X.AI Corp. and X.AI LLC*

15                          Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINA DOE TO COMPLY WITH FRCP 10(A), OR, IN
THE ALTERNATIVE, FOR LEAVE TO MOVE FOR RECONSIDERATION OF ORDER GRANTING
ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM