SAWYER & LABAR LLP
ADRIAN SAWYER (State Bar No. 203712)
  *sawyer@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, CA 94111
Telephone: 415.262.3820

CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (*admitted pro hac vice*)
  *jkurtzberg@cahill.com*
IVAN TORRES (*admitted pro hac vice*)
  *itorres@cahill.com*
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | Case No. 5:26-cv-00772-PCP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS**<br><br>Date:  July 30, 2026<br>Time:  10:00 a.m.<br>Crtrm:  8, 4th Floor<br><br>**Judge:**  Hon. P. Casey Pitts |

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

## **TABLE OF CONTENTS**

I.     Introduction ............................................................................................................... 1

II.    Factual Background....................................................................................................... 3

III.    Legal Standard.......................................................................................................... 4

IV.    This Action Must Be Stayed Pursuant to Section 1595(b)(1) ................................. 7

    A.    There Is a Criminal Action Pending Against South Carolina Roe's Father.......................... 7

    B.    The Criminal Action and Civil Action Arise Out of the Same Occurrence.......................... 7

    C.    South Carolina Roe Is an Alleged Victim in the Criminal Action....................................... 9

V.    A Stay Is Also in the Interest of Justice ................................................................. 10

VI.    Conclusion............................................................................................................... 11

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe 1-10* v. *Fitzgerald*,
    102 F.4th 1089 (9th Cir. 2024)....................................................................................... 2, 5, 6, 7

*Doe* v. *Mindgeek USA Inc.*,
    2021 WL 6618628 (C.D. Cal. Dec. 28, 2021) ...................................................................... 6, 8

*Doe* v. *Salesforce, Inc.*,
    2026 WL 948514 (S.D. Tex. Apr. 8, 2026) ............................................................................. 7

*G.G.* v. *Salesforce.com, Inc.*,
    2026 WL 663407 (N.D. Ill. Mar. 10, 2026)........................................................................... 5, 8

*Keating* v. *Off. of Thrift Supervision*,
    45 F.3d 322 (9th Cir. 1995)................................................................................................... 6

*U.S. ex rel. Robinson Rancheria Citizens Council* v. *Borneo, Inc.*,
    971 F.2d 244 (9th Cir. 1992)................................................................................................. 4n

*S.E.C.* v. *FAT Brands Inc.*,
    2024 WL 5319127 (C.D. Cal. Dec. 13, 2024) .................................................................. 10–11

*S.E.C.* v. *Nicholas*,
    569 F. Supp. 2d 1065 (C.D. Cal. 2008)............................................................................ 6, 10

*Sharma* v. *Balwinder*,
    2021 WL 4865281 (N.D. Cal. Sept. 29, 2021)........................................................................ 6

*Square 1 Bank* v. *Lo*,
    2014 WL 7206874 (N.D. Cal. Dec. 17, 2014) ................................................................. 10, 11

**Statutes**

18 U.S.C. § 1595 ...........................................................................................................*passim*

**Other Authorities**

H.R. Rep. No. 108-264, pt. 2 (2003)............................................................................................ 5

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 10:00 a.m. on July 30, 2026 or as soon thereafter as counsel may be heard, before the honorable P. Casey Pitts, located at 280 South 1st Street, San Jose, CA 95113, Defendants X.AI Corp. and X.AI LLC will, and hereby do, move this Court for an order granting Defendants' Motion for a Mandatory Stay of the Action Pursuant to 18 U.S.C. § 1595(b)(1).

## RELIEF REQUESTED

Defendants request that the Court enter an order staying this action during the pendency of the criminal action against South Carolina Roe's father.

## STATEMENT OF THE ISSUE TO BE DECIDED

1. Must the Court stay this action pursuant to 18 U.S.C. § 1595(b)(1)?

2. Alternatively, would a stay of this action pursuant to the Court's inherent discretionary powers be in the interest of justice?

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Introduction[1]

In this case, Plaintiffs allege that third-parties used Defendants' generative-AI chatbot, Grok, to create sexualized "deepfakes" of them (i.e., images of Plaintiffs that are altered by artificial intelligence to create explicit images of them doing or saying something they did not do or say). ECF No. 28 ("Amended Complaint" or "AC") ¶¶ 1, 102–54.  One of the Plaintiffs here, an adult who is proceeding under the pseudonym "South Carolina Roe,"[2] alleges that her father used Grok to create sexualized images depicting her as a minor, and that he is now the subject of an ongoing criminal prosecution involving child pornography charges.  *See* AC ¶¶ 103–05.  South Carolina Roe further alleges that she is unable to determine the full universe of images her father created of her by Grok, "because they are subject to an ongoing criminal investigation."  AC ¶ 107.  Given that Plaintiffs' own allegations concede that she does not currently know the full extent of the alleged wrongdoing covered by her Amended Complaint because some of the deepfake images that may have been created of her "are subject to an ongoing criminal investigation," this action must be stayed pursuant to the mandatory stay provision in Section 1595(b)(1) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which provides that any civil action "shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim."  18 U.S.C. § 1595(b)(1).

---

[1] Unless stated otherwise, emphasis is added to quotations and internal citations and quotations have been omitted.

[2] Defendants oppose any of the Plaintiffs proceeding pseudonymously, and there are currently two motions pending about pseudonymity.  *See* New Jersey Doe, Ohio Doe, and South Carolina Roe's Administrative Motion to Proceed Under Pseudonym (ECF No. 29) and Defendants' Motion to Compel South Carolina Doe to Comply with FRCP 10(A), or in the Alternative, for Leave to Move for Reconsideration of Order Granting Administrative Motion to Proceed Under Pseudonym (ECF No. 35).  Defendants will, however, refer to Plaintiffs by the pseudonyms assigned in the Amended Complaint, and will redact references to facts that could potentially reveal any Plaintiffs' identity, until the Court rules on these pending motions.

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

According to the Amended Complaint, in February 2026, the house that South Carolina Roe shared with her parents was searched by law enforcement as part of an ongoing criminal investigation, after which she allegedly learned that her father used Grok to create sexual deepfake images depicting her as a minor. AC ¶¶ 103–05. South Carolina Roe further alleges that her father is currently "facing criminal charges related to the possession and distribution of CSAM [i.e., child sexual abuse material]." *Id.* ¶ 104. While the identity of South Carolina Roe is not included in the Amended Complaint, Plaintiff has disclosed that information to Defendants and, based on publicly available information, it is clear (and undisputed) that her father has been charged with multiple counts of Sexual Exploitation of a Minor and that his criminal case remains pending. June 5, 2026 Declaration of Joel Kurtzberg ("Kurtzberg Decl.") at ¶¶ 3–5.

A civil action must be stayed pursuant to Section 1595(b)(1) when: "(1) a criminal action or investigation is pending; (2) the criminal action arises out of the same occurrence as the civil action; and (3) the plaintiff in the civil action is the victim of an occurrence that is the same in the civil and criminal proceedings." *Doe 1-10* v. *Fitzgerald*, 102 F.4th 1089, 1098 (9th Cir. 2024). All three elements are present in this case. First, a criminal action is pending against South Carolina Roe's father alleging that he used generative-AI to create child sexual abuse material ("CSAM"). Second, South Carolina Roe's claims in this civil action arise from the same occurrence as her father's criminal charges—i.e., the creation, possession, and dissemination of sexual images of her as a minor allegedly created through the use of generative-AI. Third, South Carolina Roe alleges that she was a victim of her father's conduct. Thus, this action must be stayed during the pendency of the criminal action against South Carolina Roe's father.

In the alternative, the Court can and should stay this action in the interest of justice, pursuant to this Court's discretionary powers. Even if the Court were to hold that the three elements of a mandatory stay were not satisfied—and it should not—it should stay the case anyway because the allegations of this case make clear that some of the core information relevant to South Carolina Roe's claims (i.e., the extent of the deepfakes created of her by her father using Grok) is subject to

an ongoing criminal investigation.  If this case were to proceed, it would therefore likely interfere with that criminal investigation, making a stay warranted until the criminal case against South Carolina Roe's father has concluded.

## II.      Factual Background

On May 1, 2026, Plaintiffs filed the Amended Complaint, purporting to assert claims on behalf of themselves and a putative nationwide class with various putative subclasses against Defendants X.AI Corp. and X.AI LLC (collectively, "X.AI") concerning the use of X.AI's generative-AI chatbot, Grok, by third parties to allegedly create explicit deepfake images depicting Plaintiffs without Plaintiffs' consent.  All four Plaintiffs allege that third parties—not named in this action—prompted Grok to create the deepfake images at issue and that the images were "revealing" or "sexualized" in some manner.  AC at p. 1.

**South Carolina Roe's Allegations**

Of the four Plaintiffs, South Carolina Roe's allegations are most relevant to this Motion. South Carolina Roe is an adult woman living in South Carolina.  *Id. ¶* 102.  She alleges that her father used Grok to alter several images taken of her when she was a minor to "depict[] South Carolina Roe in a bed with [him]" and "to make it appear as if they had just consummated a sexual act."  *Id. ¶¶* 105–06.  On February 26, 2026, the home that South Carolina Roe shared with her parents was "searched by law enforcement officials," and she learned "that her father was facing criminal charges related to the possession and distribution of CSAM."  *Id. ¶¶* 103–04.  South Carolina Roe alleges that "she has not seen" the alleged deepfake images depicting her as a minor, and that "[i]t is possible that additional deepfakes" of her were generated by her father's use of the Grok chatbot, but she "has yet to find out about them because they are subject to an ongoing criminal investigation."  *Id. ¶* 107.

**The Criminal Action Against South Carolina Roe's Father**

████████████████  South Carolina Roe's father was arrested and charged with ██ ██████  Sexual  Exploitation  of  a  Minor  ████████████████████

3

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

 in the South Carolina Court of General Sessions ███████, where his case remains pending.  *See* Kurtzberg Decl., Ex. 1 (██████████████████████).  In the criminal proceeding, the State alleges that on ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"[3]  Kurtzberg Decl., Ex. 2 at 8, 10, 12, 14, 16 (Arrest Warrants).  The State further alleges that on ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"  Kurtzberg Decl., Ex. 2 at 8, 10, 12, 14, 16 (South Carolina Arrest Warrants).  The criminal action against South Carolina Roe's father remains pending in the South Carolina Court of General Sessions █████████████████████████████████████████████████████████████████████████████████████ Kurtzberg Decl. ¶ 5, Ex. 1 (██████████████████████████████).

## III.    Legal Standard

Section 1595(a) of the TVPRA provides a private right of action to victims of child sex trafficking and related offenses, allowing any such victim to bring a "civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by

---

[3] The Court can take judicial notice of the arrest warrants, and related press release concerning the ongoing criminal proceedings involving South Carolina Roe's father. *See* Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council* v. *Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also* Defendants Request for Judicial Notice, filed herewith.

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States." 18 U.S.C. § 1595(a). In allowing this private right of action, however, Congress carefully balanced the interplay between a potential criminal action and related civil action, taking into consideration the Department of Justice's view that a civil action "could hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery" and therefore "prosecutions should take priority over civil redress and . . . should be complete prior to going forward with civil suits." H.R. Rep. No. 108-264, pt. 2, at 17 (2003). For this reason, Congress included a mandatory stay provision in Section 1595(b)(1) of the TVPRA, which states that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1); *see also G.G.* v. *Salesforce.com, Inc.*, 2026 WL 663407, at \*6 (N.D. Ill. Mar. 10, 2026) ("The Court recognizes the important policies behind the mandatory stay provision—Congress wanted to protect the Department of Justice's ability to try criminal cases unfettered by the complications of civil discovery . . . ."). Section 1595(b)(2) further clarifies that "a 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2).

A stay pursuant to Section 1595(b)(1) is mandatory and must be granted when the three statutory elements are met. *See Fitzgerald*, 102 F.4th at 1098 ("Section 1595(b)(1) imposes a mandatory obligation on the district court: a civil action filed under § 1595(a) 'shall be stayed' during the pendency of any criminal action that arises 'out of the same occurrence in which the claimant is the victim.'"); *G.G.*, 2026 WL 663407, at \*1 ("If all three elements are met, a stay is mandatory."). These three elements are: "(1) a criminal action or investigation is pending; (2) the criminal action arises 'out of the same occurrence' as the civil action; and (3) the plaintiff in the civil action is the victim of an occurrence that is the same in the civil and criminal proceedings." *Fitzgerald*, 102 F.4th at 1098.

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

Once the elements are met, the *entire* civil action must be stayed—meaning all claims brought by all parties must be stayed. *See id.* at 1101 ("[W]e hold that the word 'action' in § 1595(b)(1) reflects its ordinary meaning and encompasses the entire civil lawsuit. Accordingly, the district court properly issued a complete stay of the proceedings."); *Doe* v. *Mindgeek USA Inc.*, 2021 WL 6618628, at *2 (C.D. Cal. Dec. 28, 2021) ("Plaintiff's case is subject to a broad, encompassing mandatory stay provision. Even if Jane Doe No. 2 were joined as a proposed class representative, as long as Jane Doe No. 1 and Jane Doe No. 2 remain in a single action both of Plaintiffs' claims will be stayed."); *Sharma* v. *Balwinder*, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021) ("The plain language of the statute requires a stay of '[a]ny civil *action*.' The statute does not limit the stay to particular defendants or claims.") (emphasis in original).

In addition to the mandatory stay provision set forth in Section 1595(b)(1), the Court may also "decide in its discretion to stay civil proceedings . . . when the interests of justice seem [] to require such action." *Keating* v. *Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (alterations in original). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case," *id.*, which requires the consideration of the following relevant factors: "'(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; . . . (5) the interest of the public in the pending civil and criminal litigation;' and (6) the criminal defendant's Fifth Amendment rights." *S.E.C.* v. *Nicholas*, 569 F. Supp. 2d 1065, 1069 (C.D. Cal. 2008) (quoting *Keating*, 45 F.3d at 324–25). The "most important factor" is "the degree to which the civil issues overlap with the criminal issues." *Id.* at 1070.

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

## IV.    This Action Must Be Stayed Pursuant to Section 1595(b)(1)

The Amended Complaint expressly invokes the TVPRA as a basis for this Court's subject matter jurisdiction.  Specifically, Plaintiffs allege that "[t]he Court has subject matter jurisdiction" over this case "because this action arises under . . . 18 U.S.C. §§ 1595, 1591(a)(1), 1594."  AC ¶ 14.  Accordingly, this case constitutes a "civil action filed under subsection (a)" of 18 U.S.C. § 1595, and therefore is subject to subsection (b)(1)'s mandatory stay provision.

### A.    There Is a Criminal Action Pending Against South Carolina Roe's Father

It is undisputed that there is a criminal action pending against South Carolina Roe's father that alleges that he created child sexual abuse material using generative-AI.  *See* AC ¶ 104 ("South Carolina Roe learned from law enforcement officials that her father was facing criminal charges related to the possession and distribution of CSAM."); Kurtzberg Decl., ¶¶ 4–7; *see also id.*, Ex. 2 (Arrest Warrants) at 1, 3, 5 (                                                                        ).

### B.    The Criminal Action and Civil Action Arise Out of the Same Occurrence

South Carolina Roe's own allegations confirm that this case and the ongoing criminal investigation and prosecution arise out of the same occurrence.  Two actions are found to arise out of the same occurrence when "one or more of the events that took place and gave rise to the claims in the plaintiffs' action resembles in every relevant respect one or more of the events that gave rise to the charges in the [criminal action]."  *Fitzgerald*, 102 F.4th at 1099; *see also id.* at 1100 ("Comparing the plaintiffs' complaint and the Nygard indictment here, we conclude that the complaint alleges events that are identical to the events that gave rise to the claims in the indictment.").  While this requirement requires "more than inferences from similar-sounding allegations," "'[a] clear connection' between the events alleged" in the two actions is "sufficient to establish that the cases arise out of the same occurrence," and it is "not require[d] that the pending criminal action and the civil case have the same defendants."  *See Doe* v. *Salesforce, Inc.*, 2026 WL 948514, at *2 (S.D. Tex. Apr. 8, 2026) (citing *Fitzgerald*, 102 F.4th at 1099–100).  That a

"[p]laintiff's own disclosures identify the same criminal defendant," as a perpetrator of her injuries is also instructive as to whether the "Plaintiff's allegations in the present action arise out of the same occurrence within the meaning of § 1595(b)." *Mindgeek*, 2021 WL 6618628, at *4; *see also G.G.*, 2026 WL 663407, at *4 (civil complaint's reference to facts in the criminal action "supports the finding that the actions arise out of the same occurrence").

Here, the core of Plaintiffs' allegations in the Amended Complaint is that Defendants created Grok without the proper guardrails to prevent users from creating and disseminating nonconsensual sexual deepfake images. South Carolina Roe alleges that her father used Grok to generate deepfake images depicting her as a minor that "make it appear as if they had just consummated a sexual act." AC ¶ 105. Moreover, South Carolina Roe alleges that it "is possible that additional deepfakes of South Carolina Roe were generated by Grok and South Carolina Roe has yet to find out about them because they are subject to an ongoing criminal investigation." *Id.* ¶ 107. The criminal charges pending against South Carolina Roe's father—███████████████████████████████ █████████████████████████████████████████████████—relate to his possession and distribution of sexual images depicting minors, some of which were allegedly created ████████████████████████████████ (Kurtzberg Decl., Exs. 1–2), and, according to South Carolina Roe, at least one of the platforms her father used to create sexualized images of her was Grok (AC ¶ 105). Accordingly, South Carolina Roe's allegations in the Amended Complaint and her father's criminal charges arise out of the same occurrence: her father's alleged use of Grok to generate sexual images of minors.

Furthermore, this case presents the very issues of overlapping discovery that Section 1595(b)(1)'s mandatory stay provision was intended to avoid. Paragraph 107 of the Amended Complaint alleges that there may be "additional deepfakes of South Carolina Roe [that] were generated by Grok," but she has not yet been able to "find out about them because they are subject to an ongoing criminal investigation." AC ¶ 107. That allegation makes plain that discovery in this case about the extent of the deepfakes at issue in South Carolina Roe's case will require detailed

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS

inquiries about images that are currently the subject of an ongoing criminal investigation. Similarly, for Defendants to adequately mount a defense, they will likely need to depose South Carolina Roe's father about his use of Grok—and Plaintiffs will presumably seek to depose him as well. Additionally, Defendants will seek the production of documents related to South Carolina Roe's father's internet search history, including any attempts to bypass Grok's built-in safety features. All of this has the potential to intrude on the South Carolina Attorney General's Office's investigation and prosecution of South Carolina Roe's father. Granting a mandatory stay of this case is necessary to avoid such an intrusion while the criminal action is ongoing.

### C. South Carolina Roe Is an Alleged Victim in the Criminal Action

Although the names of South Carolina Roe's father's victims in the criminal action have not been publicly released, South Carolina Roe's allegations in this civil action make clear that she alleges that she is one such victim. Further, Plaintiffs' counsel has explicitly confirmed the same to Defendants during a recent meet and confer. *See* Kurtzberg Decl. ¶ 5. Section 1595(b)(2) defines a "criminal action" to include investigations and prosecutions. 18 U.S.C. § 1595(b)(2). As the Amended Complaint establishes, (i) on February 26, 2026, law enforcement arrived at South Carolina Roe's father's home to conduct a search (AC ¶ 103); (ii) this search was conducted in relation to his alleged "possession and distribution of CSAM [i.e., child sexual abuse material]" (*id.* ¶ 104); and (iii) after this search, South Carolina Roe allegedly learned that her father used Grok to create sexual deepfake images depicting her as a minor (*id.* ¶¶ 105–06). Further, as noted above, South Carolina Roe alleges that, while it "is possible that additional deepfakes of South Carolina Roe were generated by Grok," she "has yet to find out about them because they are subject to an ongoing criminal investigation." *Id.* ¶ 107. Thus, South Carolina Roe affirmatively alleges that she is a victim of her father's criminal conduct and flags that this case may have to address additional deepfakes that are subject to the ongoing criminal investigation of her father.

## V.    A Stay Is Also in the Interest of Justice

The plain language of Section 1595 compels a stay.  But even if it did not, the Court should stay this case in the interest of justice pursuant to its inherent discretionary powers.  As explained above, the determination of whether to stay a civil proceeding during a parallel criminal case requires consideration of the relevant *Keating* factors.  *See S.E.C.* v. *Nicholas*, 569 F. Supp. 2d at 1069.  Consideration of those factors favors a stay here.

*First*, Defendants will be prejudiced without a stay.  South Carolina Roe's father—a critical witness to the alleged use of Grok—will almost certainly invoke his Fifth Amendment rights against self-incrimination or, if he testifies at all, his testimony will be colored by the pending criminal proceeding.  *See id.* at 1070 (finding "[t]he specter of parties and witnesses invoking their Fifth Amendment rights" as a basis for imposing a discretionary stay because "civil discovery [would be rendered] largely one-sided").  Among other things, this will limit Defendants' ability to develop evidence as to whether, and to what lengths, South Carolina Roe's father intentionally circumvented policies and safeguards regarding the use of Grok.  As Plaintiffs will likely seek testimony from him as well, they too may benefit from a stay.

*Second*, Plaintiffs face no prejudice from delay at this early stage—and may benefit from it.  As South Carolina Roe herself acknowledges, the parties' access to evidence potentially relevant to Plaintiffs' claims is currently restricted by the ongoing criminal investigation.  *See* AC ¶ 107 (alleging that while it "is possible that additional deepfakes of South Carolina Roe were generated by Grok . . . South Carolina Roe has yet to find out about them because they are subject to an ongoing criminal investigation").  A stay would allow all parties and the Court to proceed with a complete factual record.

*Third*, judicial convenience is served. "[S]taying a related civil proceeding in its early stages may prove more efficient in the long run," because "the stay will allow civil discovery to proceed unobstructed by concerns regarding self-incrimination." *Square 1 Bank* v. *Lo*, 2014 WL 7206874, at *4 (N.D. Cal. Dec. 17, 2014); *see also S.E.C.* v. *FAT Brands Inc.*, 2024 WL 5319127, at *5 (C.D.

10                                        Case No. 5:26-cv-00772-PCP

Cal. Dec. 13, 2024) ("[C]onsiderations of judicial economy weigh most strongly in favor of staying a civil proceeding . . . when a parallel criminal proceeding is pending at the same time and involves overlapping issues.").

*Finally*, Defendants are unaware of any third parties—other than South Carolina Roe's father—who would be impacted by a stay, and the public interest favors allowing the criminal case to proceed first. "[W]here there are parallel criminal and civil proceedings, the *criminal* case is of primary importance to the public, whereas the civil case, which will result only in monetary damages, is not of an equally pressing nature." *Square 1 Bank*, 2014 WL 7206874, at *5 (emphasis in original).

## VI.    Conclusion

Where all three elements of Section 1595(b)(1) are met, as is the case here, the entire civil action must be stayed.  Defendants respectfully request that the Court grant a mandatory stay of this action until the criminal action against South Carolina Roe's father has concluded.  Alternatively, Defendants respectfully request that the Court grant a discretionary stay pending resolution of the criminal action against South Carolina Roe's father because the interest of justice would be served by the issuance of such a stay.  Defendants are prepared to provide the Court with regular updates as to the status of the criminal action and will notify the Court immediately once it has reached final adjudication.

Dated: June 5, 2026

/s/ _Adrian Sawyer_

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

Joel Kurtzberg (_admitted pro hac vice_)
Ivan Torres (_admitted pro hac vice_)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120
jkurtzberg@cahill.com
itorres@cahill.com

**_Counsel for Defendants_**

Case No. 5:26-cv-00772-PCP

DEFENDANTS' MOTION FOR A MANDATORY STAY OF THE ACTION PURSUANT TO 18 U.S.C. § 1595(b)(1) OR, IN THE ALTERNATIVE, FOR A STAY PURSUANT TO THE COURT'S DISCRETIONARY POWERS