# EXHIBIT 1

| | |
|---|---|
| **From:** | Kurtzberg, Joel |
| **Sent:** | Wednesday, February 11, 2026 8:35 PM |
| **To:** | 'srios@bergermontague.com'; 'jhannaway@bergermontague.com' |
| **Cc:** | Ecker, Jason M. |
| **Subject:** | Doe v. x.AI Corp., No. 26 Civ. 00772 (N.D. Cal.) |

Counsel:

We represent x.AI Corp. and x.AI LLC in the Jane Doe matter filed in N.D. Cal and wanted to reach out to introduce ourselves and raise a few threshold issues related to the matter.  We are available to discuss any or all of these issues tomorrow or Friday, if that would be helpful.

***First***, we request that you provide us with Jane Doe's real name and X user handle as soon as possible.  As I'm sure you can understand, this information is necessary for us to run a conflicts check and prepare a defense.  We would agree to keep this information confidential absent a Court order directing otherwise.

***Second***, our understanding is that x.AI Corp. has been served but that x.AI LLC has not yet been served.  Please let us know if that is your understanding as well.

***Third***, because the Complaint makes clear that Plaintiff used the X platform and the allegations concern alleged wrongdoing that occurred on that platform, we believe that the case is governed by the X Corp. Terms of Service, which include a valid and enforceable forum selection clause (*see* § 6) requiring cases to be brought exclusively in Texas state courts in Tarrant County or in federal court in the Northern District of Texas.  Given the nature of the allegations, the X Terms of Service apply, even though the case named the x.AI entities as defendants, rather than X Corp.  *See, e.g.*, *Eliza Labs, Inc.* v. *X Corp.*, 2025 WL 3003766, at *5 (N.D. Cal. Oct. 27, 2025).  Please let us know if Plaintiff will agree to transfer the case to the Northern District of Texas, and, if not, why not.

***Fourth***, if a motion to transfer becomes necessary, we propose that the parties enter into a joint stipulation extending defendants' deadline for responding to the Complaint until after the Court has rendered a decision on any motion to transfer.  This approach makes sense from a judicial economy standpoint: it makes no sense for the parties – or the Court -- to expend time and resources briefing a potential motion to dismiss without knowing  which court needs to hear the motion and which governing law applies.  (The X Corp. Terms of Service also have a choice of law provision that requires application of Texas law to any disputes (*see* § 6).)

We look forward to speaking with about these matters.

Best,
Joel

_____

**Joel Kurtzberg** *(he/him/his)* **| Partner**

1

**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t**: +1.212.701.3120 | jkurtzberg@cahill.com
www.cahill.com