SAWYER & LABAR LLP
ADRIAN SAWYER (State Bar No. 203712)
  sawyer@sawyerlabar.com
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (*admitted pro hac vice*)
  jkurtzberg@cahill.com
IVAN TORRES (*admitted pro hac vice*)
  itorres@cahill.com
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | Case No. 5:26-cv-00772-PCP<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO FILE PORTIONS OF REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY UNDER SEAL**<br><br><br>**Judge:** Hon. P. Casey Pitts |

Pursuant to Local Civil Rules 7-11 and 79-5, Defendants respectfully move this Court for an order allowing portions of Defendants' Reply in Support of Defendants' Motion for a Mandatory Stay of the Action Pursuant to 18 U.S.C. § 1595(b)(1) or, in the Alternative, for a Stay Pursuant to the Court's Discretionary Powers (the "Reply") filed substantially contemporaneously herewith, to be conditionally filed under seal.

## I.    Introduction

Plaintiffs New Jersey Doe, Ohio Doe, South Carolina Doe, and South Carolina Roe (collectively, "Plaintiffs") have each moved to proceed under pseudonyms. *See* ECF Nos. 4, 9, 29. Defendants oppose any of the Plaintiffs proceeding pseudonymously, and New Jersey Doe, Ohio Doe, and South Carolina Roe's Administrative Motion to Proceed Under Pseudonym (ECF No. 29) and Defendants' Motion to Compel South Carolina Doe to Comply with FRCP 10(A), or in the Alternative, for Leave to Move for Reconsideration of Order Granting Administrative Motion to Proceed Under Pseudonym (ECF No. 35) (collectively, the "Pseudonymity Motions") are both currently pending before this Court. In accordance with Plaintiffs' request for pseudonymity, and out of an abundance of caution, Defendants move to conditionally seal the following information so that South Carolina Roe's identity is not made public before the Court has the opportunity to rule on the pending Pseudonymity Motions:

1.  the Reply at 6:10-17, 9:8, 11:13, 11:15-17.

Defendants make this motion to conditionally keep private information that might otherwise reveal South Carolina Roe's identity while the Court considers the Pseudonymity Motions.

## II.    Argument

In the Ninth Circuit, when a party seeks to seal materials related to the merits of a case, sealing is proper if the court finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana* v. *City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Where a litigant presents compelling reasons to seal material, supported by articulated facts, the court must then balance the interests of the public and the party

seeking sealing." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 764 (N.D. Cal. 2025).

Here, South Carolina Roe has filed an Administrative Motion to Proceed Under Pseudonym, which includes a request to file any documents containing South Carolina Roe's full name under seal. ECF No. 29 at 2. Given that portions of the Reply listed above reference information that could otherwise reveal South Carolina Roe's full name, Defendants move to conditionally seal such portions of the Reply in accordance with South Carolina Roe's request for pseudonymity. If the Court does not seal those portions, it could moot the Administrative Motion to Proceed Under Pseudonym by revealing information that could otherwise reveal South Carolina Roe's identity before the motion could be decided.

For the avoidance of doubt, Defendants oppose any of the above-referenced documents being maintained under seal indefinitely but make this request to seal the documents conditionally until the Court decides the Pseudonymity Motions. If the Court decides the Pseudonymity Motions in Defendants' favor and requires Plaintiffs to proceed under their true names, any order granting this motion should be reversed or otherwise modified, as necessary.

### III.    Conclusion

Defendants respectfully request that the Court issue an order conditionally sealing the above-referenced document.

Dated: June 29, 2026

/s/ *Adrian Sawyer*

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

Joel Kurtzberg (*admitted pro hac vice*)
Ivan Torres (*admitted pro hac vice*)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120
jkurtzberg@cahill.com
itorres@cahill.com

**Counsel for Defendants**

Case No. 5:26-cv-00772-PCP