SAWYER & LABAR LLP
ADRIAN SAWYER (State Bar No. 203712)
  *sawyer@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (*admitted pro hac vice*)
  *jkurtzberg@cahill.com*
IVAN TORRES (*admitted pro hac vice*)
  *itorres@cahill.com*
32 Old Slip
New York, New York 10005
Telephone: 212.701.3120

*Counsel for Defendants*
*X.AI Corp. and X.AI LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> X.AI CORP. and X.AI LLC, <br><br> Defendants. | Case No. 5:26-cv-00772-PCP <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH MOTION TO TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404(a)** <br><br> Date: July 30, 2026 <br> Time:  9:00 a.m. <br> Crtrm:  8, 4th Floor <br><br> **Judge:**  Hon. P. Casey Pitts |

Case No. 5:26-cv-00772-PCP

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH MOTION TO TRANSFER THIS
ACTION TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404(a)

Pursuant to Federal Rule of Evidence 201 and in connection with Defendants' Motion to Transfer this Action to the Northern District of Texas Pursuant to 28 U.S.C. § 1404(a) (the "Transfer Motion"), Defendants X.AI Corp. and X.AI LLC respectfully request that this Court take judicial notice of the following documents, true and correct copies of which are attached hereto:

**Exhibit 13:** Version 1 (effective October 26, 2007 through September 9, 2009) of X Corp.'s Terms of Service, available at https://x.com/en/tos/previous/version_1.

**Exhibit 14:** Version 4 (effective November 16, 2010 through May 31, 2011) of X Corp.'s Terms of Service, available at https://x.com/en/tos/previous/version_4.

**Exhibit 15:** Version 19 (effective September 29, 2023 through November 14, 2024) of X Corp.'s Terms of Service, available at https://x.com/en/tos/previous/version_19 (together with Exhibits 13 and 14, the "Archived Terms of Service").

**Exhibit 16**: A screenshot of the March 22, 2009 sign-up webpage used to create X accounts, available at https://web.archive.org/web/20090322042307/https://twitter.com/signup.

**Exhibit 17**: A screenshot of the April 18, 2009 sign-up webpage used to create X accounts, available at https://web.archive.org/web/20090418143516/https://twitter.com/signup.

**Exhibit 18**: A screenshot of the March 6, 2011 sign-up webpage used to create X accounts, available at https://web.archive.org/web/20110306092405/https://twitter.com/signup.

**Exhibit 19**: A screenshot of the March 18, 2024 sign-up webpage used to create X accounts, available at https://web.archive.org/web/20240318052009/https://www.x.com/ (together, with Exhibits 16 through 18, the "Sign-Up Pages").

**Exhibit 20**: The as-filed complaint in ███████████████████████ ██████████████████████.

<u>Exhibits 13-19</u>

Rule 201(b) of the Federal Rules of Evidence states that the Court may take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned. Further, courts in this District have noted that "as a general matter, websites and their contents may be proper subjects for judicial notice." *Caldwell* v. *Caldwell*, 2006 WL 618511, *4 (N.D. Cal. Mar. 13, 2006) (Hamilton, J.); *Yuksel* v. *Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (taking judicial notice of Twitter's Terms of Service) (Hixson, M.J.); *Gjovik* v. *Apple Inc.*, 2025 WL 637931, at *8 (N.D. Cal. Feb. 27, 2025) ("District courts in this circuit have routinely taken judicial notice of content from the Wayback Machine.") (Chen, J.); *Ligon* v. *Meta Platforms Inc.*, 2026 WL 1146091, at *5 (N.D. Cal. Apr. 28, 2026) (collecting cases) (Illman, M.J.).

Exhibits 13-19 all meet the standard for judicial notice:

Exhibits 13-15 constitute information published on or available via the X.com Archived Terms of Service webpage at the individual links listed above and together at https://x.com/en/tos/previous.  Their existence and contents cannot reasonably be questioned and are therefore matters of which this Court may take judicial notice. *See Yuksel*, 2022 WL 16748612, at *2 (taking judicial notice of Twitter's Terms of Service).  Defendants do not offer the Archived Terms of Service for the truth of any statements made therein, but rather to show what X's Terms of Service were at certain relevant points in time.

Similarly, Exhibits 16-19 constitute printouts of the Sign-up Pages accessible via the Wayback Machine at the individual links listed above.  Their existence and contents cannot reasonably be questioned and are therefore matters of which this Court may take judicial notice. *See Gjovik*, 2025 WL 637931, at *8 (content from the Wayback Machine is routinely considered an appropriate subject for judicial notice).  Defendants do not offer the Sign-Up Pages for the truth of any statements made therein, but rather to show what the content of the publicly available Sign-Up Pages is.

Exhibit 20

████████████████████████████████████████████████████████████, also satisfies the standard for judicial notice.  Courts have noted that "public records, including judgments and other publicly filed documents, are proper subjects of judicial notice[.]" *Yee* v. *Select*

*Portfolio, Inc.,* 2018 WL 2938877, \*4 n. 4 (N.D. Cal. 2018) (Koh, J.). Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council* v. *Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). Judicial notice of judicial proceedings within and without the federal judicial system includes judicial notice of pleadings and orders arising out of those proceedings. *Asdar Group* v. *Pillsbury, Madison & Sutro,* 99 F.3d 289, 290, fn. 1 (9th Cir. 1996); *see also*, *Scotti* v. *City of Phoenix*, 2013 WL 12210779, at \*5 (D. Ariz. Jan. 23, 2013) ("[T]he Court may take judicial notice of the existence of the filings and proceedings in the criminal case."); *Lily* v. *Rosenow*, 2026 WL 836841, at \*2 n2 (S.D. Cal. Mar. 26, 2026) (Granting "the parties request for judicial notice of all the publicly filed documents in the related criminal case," reasoning that "[u]nder Federal Rule of Evidence 201, courts may take judicial notice of matters of public record, such as court filings, because such records are readily verifiable.").

The existence and contents of Exhibit 20, which is a pleading filed in federal court that has a direct relation to the matters at-issue in this case, cannot reasonably be questioned.  Defendants offer it, not for the truth of what is alleged, but rather to demonstrate the existence of a pending related civil action.

For these reasons, Defendants respectfully request that this Court take judicial notice of these documents and the information set forth therein.

Case No. 5:26-cv-00772-PCP

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH MOTION TO TRANSFER THIS
ACTION TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404(a)

Dated: July 15, 2026                    */s/ Adrian Sawyer*

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

Joel Kurtzberg (*admitted pro hac vice*)
Ivan Torres (*admitted pro hac vice*)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120
jkurtzberg@cahill.com
itorres@cahill.com

**Counsel for Defendants**

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH MOTION TO TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404(a)