Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (612) 584-4470
srios@bergermontague.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> X.AI CORP. and X.AI LLC, <br><br> Defendants. | Case No. 5:26-cv-00772-PCP <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO PARTIALLY SEAL COURTROOM DURING JULY 30 HEARING** <br><br> Date: July 30, 2026 <br> Time: 10:00 a.m. <br> Courtroom: 8, 4th Fl <br> Judge: Hon. P. Casey Pitts |

ADMIN. MOT., No. 5:26-cv-00772-PCP

Plaintiffs respectfully move this Court for limited sealing of the courtroom during the hearing set for July 30, 2026 at 9:00 am regarding Defendants' Motion to Transfer (ECF No. 41) and Motion to Stay (ECF No. 39). Plaintiffs only seek to seal the courtroom during any argument that would reveal the identity of one of the Plaintiffs and the contents of material that the parties have sought to file under seal, specifically material discussing the contents of Exhibits 1 and 2 to the Declaration of Joel Kurtzberg, filed in support of Defendants' Motion to Stay (ECF Nos. 40-5, 40-6), and Exhibit 20 to the Declaration of Megan Scolari filed in support of Defendants' Motion to Transfer (ECF No. 51-5). (*See* Administrative Motions to Seal, ECF Nos. 40, 43, 46, 51, 56.) The material filed under seal implicates information subject to Plaintiffs' pending Administration Motion to Proceed under Pseudonym (ECF No. 35). Defendants do not oppose Plaintiffs' motion to the extent that it is limited to conditionally sealing information that would likely reveal a Plaintiff's identity until this Court decides the issue of whether Plaintiffs are permitted to proceed under pseudonyms.

In considering whether sealing is appropriate, courts in the Ninth Circuit balance the public's interest in access to judicial proceedings with the "parties' interest in sealing certain information[,]" considering the "potential harm of releasing that information." *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1221–22 (C.D. Cal. 2024). "Parties are required to show a compelling reason supported by specific facts to seal documents relating to dispositive motions, while parties need only make a particularized showing of good cause to seal documents relating to non-dispositive motions." *Strike 3 Holdings, LLC v. Doe*, 791 F. Supp. 3d 1102, 1104 (N.D. Cal. 2025) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). This is because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana*, 447 F.3d at 1179. This standard applies to public access to court proceedings and documents filed on the docket. *In re LDK Solar Securities Litigation*, No. 07-05182, 2010 WL 724809, at *1 (N.D. Cal. March 1, 2010) (noting that higher standard applies to summary judgment filings and trial proceedings).

Here, Defendants have filed a motion to transfer and motion to stay, which are non-dispositive motions, and the good cause standard applies. "Under the good cause standard, courts must not only consider whether there is a showing of particularized harm, but also balance public and private interests, and where appropriate, the possibility of redacting sensitive materials. Such public and private interests take into account whether disclosure of the information will cause a party embarrassment or violate any privacy interests, and whether the case involves issues important to the public." *Strike 3 Holdings*, 791 F. Supp. 3d at 1104–05 (citing *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 725 (E.D. Cal. 2021)).[1]

There is good cause to keep information that identifies any Plaintiff under seal, both on the public docket and in public hearings. These reasons are articulated in Plaintiffs' Administrative Motion to Proceed Under Pseudonym, which includes a request to file any documents containing Plaintiffs' identities under seal (ECF No. 29 at 2), and Plaintiffs' Opposition to Defendants' Motion to Compel Compliance with Federal Rule of Civil Procedure 10(a) (ECF No. 37 and supporting declarations). The good cause standard for sealing is less demanding than the standard used to determine whether a plaintiff can proceed under a pseudonym. *E.g.*, *Strike 3 Holdings*, 791 F. Supp. 3d at 1105 (applying the good cause standard and sealing the defendant's identity after finding "[t]he disclosure of Defendant's consumption of adult films is likely to create embarrassment, humiliation, and damage their reputation.").

Plaintiffs therefore move to seal the courtroom to the extent that the parties and the Court are required to discuss information revealing a Plaintiff's identify or the substance of Exhibits 1 and 2 or Exhibit 20 that is not already on the public docket. Plaintiffs therefore respectfully submit that any discussion of Exhibit 20 may be adequately addressed in a short, closed session or *in camera*.

---

[1] For the reasons described below and in the referenced documents, Plaintiffs also meet the compelling reasons standard for sealing the information, should the Court determine that standard applies.

Dated: July 28, 2026

Respectfully submitted,

BERGER MONTAGUE PC

*/s/Sophia M. Rios*
Sophia M. Rios, SBN 305801
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
srios@bergermontague.com

E. Michelle Drake*
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com

James Hannaway*
1001 G Street, NW
Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
jhannaway@bergermontague.com

* *pro hac vice*

*Counsel for Plaintiffs*