UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

        Plaintiffs,

      v.

X.AI CORP., et al.,

        Defendants.

Case No.  26-cv-00772-PCP

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL SOUTH CAROLINE DOE TO PROCEED NON-PSEUDONYMOUSLY**

Re: Dkt. Nos. 29, 35

Plaintiff Jane Doe brought this putative class action lawsuit against defendants X.AI Corp. and X.AI LLC ("X"), contending that defendants' generative artificial intelligence chatbot Grok was used to generate deepfake images of her undressing and in sexual positions. The Court previously granted plaintiff's request to proceed pseudonymously so as to prevent her from facing retaliatory harassment for publicly opposing Grok's creation of deepfake images. Dkt. No. 9. The Court agreed with plaintiff Doe that the sensitive and sexualized nature of the deepfake images at issue weighed strongly in favor of allowing plaintiff to proceed pseudonymously and that defendants would not be prejudiced by plaintiff's use of a pseudonym.

Plaintiff Doe later filed an amended class action complaint, this time with three other pseudonymous plaintiffs: South Carolina Roe, New Jersey Doe, and Ohio Doe. Dkt. No. 28. Plaintiffs again seek to proceed under pseudonyms and argue that they have an interest in anonymity given the "highly sensitive, personal, and sexual nature" of their deepfakes and because revealing their identities would risk subjecting them to retaliatory harassment similar to that faced by other public critics of X's Grok chatbot. Dkt. No. 29, at 3. Defendants oppose plaintiffs' administrative motion and argue that plaintiffs' "case does not involve a compelling privacy interest" and that plaintiffs' concerns over retaliation are "vague [and] speculative." Dkt. No. 34,

at 2, 3. Defendants also argue that they will be prejudiced if plaintiffs proceed pseudonymously because pseudonymity would undermine their ability to speak to potential witnesses without disclosing plaintiffs' identity, would add complexity and cost to these proceedings, and would potentially signal to a jury that plaintiffs' allegations are credible and thus bias a jury against defendants. Dkt. No. 34, at 4–5. Finally, defendants argue that the public has an interest in plaintiffs' identities because of the novel issues raised in this case. Dkt. No. 34, at 5.

Defendants also move under Federal Rule of Civil Procedure 10(a) to compel South Carolina Roe to use her real name or, in the alternative, for leave to move for reconsideration of the Court's prior order granting plaintiff Jane Doe's administrative motion to proceed pseudonymously. Dkt. No. 35. Defendants' arguments largely reiterate the arguments in their opposition to plaintiffs' motion to proceed pseudonymously.

The Court considers the administrative motion, defendants' opposition, and defendants' motion to compel or for leave to move for reconsideration together.

Pseudonymity is appropriate in at least two situations: "(1) when identification creates a risk of retaliatory physical or mental harm" and "(2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up). A party may proceed pseudonymously "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* "The court must … determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* When plaintiffs seek pseudonymity out of fear of retaliation, "the district court should determine the need for anonymity by evaluating …: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." *Id.* (cleaned up). Finally, the court must consider the public interest in disclosing litigants' identities. *Id.*

Plaintiffs have shown that pseudonymity is appropriate both to protect against retaliation and given the sensitive and highly personal claims at issue in this case.

Each of the factors in assessing pseudonymity based on a risk of retaliation favors

2

plaintiffs.

First, the threatened harm is severe, as it could involve significant emotional distress and a potential risk to plaintiffs' reputations and employment resulting from the sharing of deepfake sexualized images of plaintiffs. Dkt. No. 29, at 3. Plaintiffs allege in their amended complaint multiple harms associated with Grok's deepfake images of them, including "intense anxiety, … depression, stress, and drastic mood swings," and "severe emotional distress." Dkt. No. 28, Amended Complaint ¶¶ 109, 117–18, 138, 150.

Second, the plaintiffs' fears of retaliation are reasonable. Plaintiffs argue that public identification would increase the risk of retaliation against them and point out that "individuals who have opposed the creation and distribution of deepfakes are commonly subject to vicious campaigns of harassment and intimidation." Dkt. No. 29, at 3–4. Plaintiffs note several examples of prominent X users who criticized the use of Grok to undress them and who were subsequently harassed by other individuals. *Id.* at 4. Defendants argue that plaintiffs' fears are not as to themselves but involve others who are not parties to this case. Dkt. No. 34, at 4; Dkt. No. 35, at 8–9. But the Court "must consider the surrounding context and other listeners' reactions to the threats." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1044 (9th Cir. 2010). Considering the context that "individuals who have opposed the creation and distribution of deepfakes are commonly subject to vicious campaigns of harassment and intimidation," the Court concludes the plaintiffs' fear of retaliation is reasonable. Dkt. No. 29, at 4.

Third, plaintiffs are vulnerable to retaliation because X's Grok chatbot can create nude or sexualized images of any individual based on existing images without the depicted individual's consent. *See* Amended Complaint ¶¶ 42–63. Plaintiffs have posted photos of themselves on X in the past or have had photos of themselves altered and shared on X. Amended Complaint ¶¶ 113, 129, 144. Thus, if plaintiffs' names were revealed, they would be vulnerable to the creation and distribution of further deepfakes in retaliation for their suit here.

Fourth, defendants have not shown a significant risk of prejudice attributable to plaintiffs proceeding pseudonymously. Defendants argue that proceeding pseudonymously would prejudice them in three ways: it would make interviewing relevant witnesses harder, it would add to costs,

3

and it would unfairly favor plaintiffs in a jury trial by implying unfairly that plaintiffs' claims were meritorious. As to the first concern, plaintiffs only seek to proceed pseudonymously in public filings. Defendants can still use plaintiffs' identities in pursuing discovery. As to the second concern, defendants do not establish how pseudonymity would increase litigation costs so significantly as to inflict prejudice. And as to the third concern, the Court will address and mitigate any potential biases arising from plaintiffs' pseudonymity, such as by only pseudonymizing plaintiffs' names but not other characteristics, providing a jury instruction addressing the issue, or potentially requiring plaintiffs to use their full names at trial. *See Advanced Textile Corp.*, 214 F.3d at 1068 (citing *James v. Jacobson*, 6 F.3d 233, 240–41 (4th Cir. 1993)).

Fifth, though the representative plaintiffs' identities may be relevant to assessing their ability to represent a class of such plaintiffs, the plaintiffs have not yet moved for class certification. At this stage of the proceedings, the public's interest in knowing plaintiffs' identities based on their suitability to lead a class is not relevant.

Plaintiffs are also entitled to proceed pseudonymously because their suit alleges the disclosure of sensitive, personal, and sexualized images of plaintiffs. The Court agrees with plaintiffs that disclosure of their identities could lead third parties to view the very images whose distribution is the source of plaintiffs' alleged harm. Plaintiffs point out that "all of the images of Plaintiffs are, at the very least, compromising, and some are pornographic." Dkt. No. 37, at 9.

For the reasons stated above, plaintiffs' administrative motion to proceed under pseudonyms, Dkt. No. 29, is granted, and defendants' motion to compel or motion for leave to file a motion for reconsideration, Dkt. No. 35, are denied.

**IT IS SO ORDERED.**

Dated: July 30, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

4