SAWYER & LABAR LLP
ADRIAN SAWYER (State Bar No. 203712)
  *sawyer@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (*admitted pro hac vice*)
  *jkurtzberg@cahill.com*
IVAN TORRES (*admitted pro hac vice*)
  *itorres@cahill.com*
32 Old Slip
New York, New York 10005
Telephone: 212.701.3120

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> X.AI CORP. and X.AI LLC, <br><br> Defendants. | Case No. 5:26-cv-00772-PCP <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO TRANSFER** <br><br> **Judge:** Hon. P. Casey Pitts |

Case No. 5:26-cv-00772-PCP

Pursuant to Local Civil Rules 7-3(d) and 7-11, Defendants respectfully move this Court for leave to file the Notice of Supplemental Authority, attached as Exhibit A, placing before the Court four California state court cases considering whether a one-sided forum-selection clause, like the one at issue in Defendants' motion to transfer (ECF No. 41), is unconscionable or unenforceable under California law.  While the briefing is closed on Defendants' motion to transfer and the Court held argument on July 30, 2026, the Court may consider these authorities in its discretion, given their relevance to the pending motion.  *See Michael Taylor Designs, Inc.* v. *Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909–10 (N.D. Cal. 2011) (granting leave to file additional authority where it was relevant to the pending issues), *aff'd*, 495 F. App'x 830 (9th Cir. 2012).

As the Court is aware, during the July 30 hearing on Defendants' motion to transfer, the Court asked counsel for Defendants if there was any California authority directly addressing the enforceability, under California law, of a one-sided forum-selection clause.[1]  While Defendants' counsel was aware of two California federal district court cases—*see ATSC Melrose, Inc.* v. *IDEXX Distribution, Inc.*, 2026 WL 936937 (C.D. Cal. Apr. 1, 2026) and *Great Am. Ins. Co. of NY* v. *Nippon Yusen Kaisha*, 2013 WL 3850675 (N.D. Cal. May 10, 2013)—both holding that a one-sided forum-selection clause was enforceable, the Court probed further to see if there were any California state appellate court or Supreme Court decisions addressing the issue.  Defendants' counsel was not aware of any such California state cases, and, to our knowledge, there are no reported California state cases directly addressing this issue.  At the hearing, Plaintiffs' counsel identified no California state cases directly addressing this issue either, leaving the Court's question about available relevant state court authority unanswered.

Given the Court's focus on this question, however, Defendants have tried to locate any additional authority considering this issue and have found four unpublished California state court cases, which Defendants believe respond directly to the Court's question and should thus be considered when deciding Defendants' motion to transfer.  Though Defendants found no published opinions, this Court may "consider unpublished California Court of Appeal decisions in determining

---

[1] The transcript of this hearing is not yet available.

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO TRANSFER

California law." *Attebury Grain LLC* v. *Cortez*, 794 F. App'x 674, 675 n.2 (9th Cir. 2020); *Emps. Ins. of Wausau* v. *Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) (same); *Casola* v. *Dexcom, Inc.*, 98 F.4th 947, 958 n.12 (9th Cir. 2024) (same).  The additional authority is thus relevant persuasive authority addressing the Court's question.

If leave to file the Notice of Supplemental Authority is granted, Defendants do not object to Plaintiffs being permitted the opportunity to respond and provide any further authority addressing the Court's question—though, the four cases provided by Defendants represent the only relevant authority Defendants were able to find.

For these reasons, Defendants should be granted leave to file the attached Notice of Supplemental Authority.

Case No. 5:26-cv-00772-PCP

Dated: August 4, 2026                    */s/ Joel Kurtzberg*

Joel Kurtzberg (*admitted pro hac vice*)
Ivan Torres (*admitted pro hac vice*)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, New York 10005
Telephone: 212.701.3120
jkurtzberg@cahill.com
itorres@cahill.com

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

**Counsel for Defendants**

Case No. 5:26-cv-00772-PCP
DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO TRANSFER