Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (612) 584-4470
srios@bergermontague.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | CASE NO.:  5:26-cv-00772-PCP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO TRANSFER** |

Pursuant to Local Rule 7-11(b), Plaintiffs (Jane) South Carolina Doe, Ohio Doe, New Jersey Doe, and South Carolina Roe, submit this opposition to Defendants' Administrative Motion for Leave to File Notice of Supplemental Authority in Support of Motion to Transfer (ECF No. 60 ("Motion")). Defendants X.AI Corp. and X.AI LLC ("X.AI" or "Defendants") filed a Motion to Transfer on June 5, 2026 (ECF No. 41). Plaintiffs filed an opposition to the Motion to Transfer on June 26, 2026 (ECF No. 44) and X.AI filed its reply, along with eight additional exhibits and a new declaration on July 15, 2026 (ECF No. 49). On July 30, 2026, the Court heard oral argument and took "matters under submission." (ECF No. 59.) Defendants have now submitted additional briefing and exhibits to the Court, attached to its Motion as Exhibit A, discussing stale, non-controlling, and non-persuasive authorities that were omitted from both their Motion to Transfer and reply. Defendants do not meet the standard set in this District for filing additional memoranda in at least three ways and the Motion should be denied.

## I.    ARGUMENT

Local Rule 7-3(d) provides (emphasis added):

> Once a reply is filed, no additional memoranda, papers or letters may be filed without *prior Court approval*, except as follows:
>
> . . .
> *Before the noticed hearing date*, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of *Recent Decision*. Such Statement shall contain a citation to and provide a copy of the new opinion *without argument*.

Courts have nonetheless exercised some, limited leniency under Local Rule 7-11 if recent, relevant authority is published after a hearing date. *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), *aff'd*, 495 F. App'x 830 (9th Cir. 2012). This leniency should be given "sparingly" in order "to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge." *Id*. A recent decision must be either "an on-point, controlling precedent" or "a highly persuasive decision on an issue of particular importance, that it is not otherwise cumulative of the cases that have already been submitted." *Id*.; *Cobarruviaz v. Maplebear, Inc*., 143 F. Supp. 3d 930, 943 n.5 (N.D. Cal. 2015) (denying late-filed recent authority

because it was neither "controlling nor persuasive").

Defendants' Motion flunks these standards because (1) Local Rule 7-3(d) categorically does not apply; (2) no authority cited in the Motion is recent; and (3) no authority cited in the Motion is controlling or persuasive.

**A. Local Rule 7-3(d) Does Not Apply Here**

While Defendants cite Local Rule 7-3(d) in support of their Motion, Local Rule 7-3(d) does not and cannot apply. (Motion at 1.) On July 30, 2026, the Court heard oral argument and took "matters under submission." (ECF No. 59.) Local Rule 7-3(d) only applies with "prior Court approval" or if the recent authority is submitted "[b]efore the noticed hearing date." By filing after the noticed hearing date without prior approval, Defendants cannot satisfy Local Rule 7-3(d). *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 908 (holding that Local Rule 7-3(d) cannot apply for late-filed notices of recent authority).

**B. Courts Allow Late-Filed Notices of Authority Only if the Authority Is Recent.**

Despite Local Rule 7-3(d), courts "sparingly" allow late-filed notices of recent authority in some, limited circumstances. This authority, however, must be recent. *Id.* at 909 (noting that parties can seek leave to file "additional, newly-released authorities"); *Cobarruviaz*, 143 F. Supp. 3d at 943 n.5 (noting that "the rules permit a party to submit a motion for administrative relief to seek leave to submit *new* authority after a hearing" in limited circumstances) (emphasis added); *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 793 n.4 (N.D. Cal. 2015) (allowing late-filed notice of "recent decision"). Three of the four authorities Defendants cite are twelve or more years old and the fourth was decided more than a month before Defendants filed their reply. All decisions certainly predate the noticed hearing. Defendants do not meet this threshold requirement. (ECF No. 60-1 at 1-3.)

This limitation makes good sense. Local Rule 7-3(d) implicitly recognizes the unfairness of recent authority being issued after a party had the chance to cite it. Perhaps recognizing this potential unfairness, this District allows parties to bring recent authorities to the Court's attention as of right if the authority was published after a party's briefing is complete but before a hearing. The parties, at a hearing, then have the chance to argue the import and applicability of any new authority. In creating a limited exception to Local Rule 7-3(d), courts have recognized that this calculus changes after a

-2-

hearing. At some point, briefing has to stop, for the benefit of the parties and the Court. So even with recent authority filed after a hearing, the bar is high because courts would otherwise have to suffer "an endless cycle of filings and counter-filings[.]" *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 909.

With these considerations in mind, parties should not be able to supplement past filings with stale, previously uncited authority in attempt to remedy gaps in their positions identified by the Court at a hearing or otherwise. There is no unfairness in denying a party the ability to cite authority that it could have and should have cited in its reply to respond to an argument raised in the opposition. There would be unfairness in permitting the Defendants to attempt to remedy an omission in their briefing but denying Plaintiffs the opportunity to address an issue of their choosing, thus risking the "endless cycle of filings and counter-filings[.]" *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 909. The Court should not permit Defendants' attempt to expand the limited exception to Local Rule 7-3(d) far beyond what courts in this District have allowed.

### C. Defendants' Authority is Neither Controlling or Persuasive.

Even if the Court expands the rule allowing late-filed supplemental authorities, no decision cited by Defendants is "an on-point, controlling precedent" or "a highly persuasive decision on an issue of particular importance, that it is not otherwise cumulative of the cases that have already been submitted." *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 909.

None of the decisions cited are "controlling precedent" because none are published. *Id*. Moreover, as the Ninth Circuit has recognized, unpublished California appellate decisions are not precedent. *Beeman v. Anthem Prescription Mgmt*., LLC, 689 F.3d 1002, 1007 n.2 (9th Cir. 2012) (noting that unpublished decisions "are not precedent under California Rule of Court 977(a)").

The decisions are likewise not "highly persuasive" on a particularly important issue. *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 909. Instead, they are "cumulative of the cases that have already been submitted." *Id.* Federal courts can, in some circumstances, consider non-precedential California appellate decisions if they help to support interpretation of California precedent. *Beeman*, 689 F.3d at 1007, 1007 n.2. Here, however, Defendants submit only non-precedential decisions, which are not "highly persuasive," as compared to the California precedent that Plaintiffs cite in

-3-

opposition to Defendants' Motion to Transfer. *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 909; (ECF No. 44 at 14-21). These decisions are even less persuasive considering the unique facts of each case:

- *Green Horizon Mfg. LLC v. Meridian Working Cap.*, 2014 WL 4594507 (Cal. Ct. App. Sept. 16, 2014) (ECF No. 60-2). The Court found that the contract was not one of adhesion, did not examine whether the forum selection clause was unconscionable, and the forum selection clause was tied to the state where defendant was located. *Id.* at *3-5 and generally.

- *Williams* v. *Deutsche Bank Sec. Inc.*, 2005 WL 1706551 (Cal. Ct. App. July 22, 2005) (ECF No. 60-3). This case involved two sophisticated parties, no contract of adhesion, did not examine whether the forum selection clause was unconscionable, and the forum selection clause was tied to the state where defendant is headquartered. *Id.* at *6 and generally.

- *Cohen v. Bank Leumi le-Israel (Switzerland)*, 2007 WL 2938334 (Cal. Ct. App. Oct. 10, 2007) (ECF No. 60-4). The only basis on which the plaintiff in this case resisted the forum selection clause was to argue that the individual who agreed to it did not have the capacity to form a contract or understand its terms. *Id*. at *5-6. Plaintiffs do not make such an argument here. The court did not examine whether the forum selection clause was unconscionable and the forum selection clause was tied to the country where defendant is based. *Id.* at *1 and generally.

- *Dyche* v. *Nat'l Life Ins. Co.*, 2026 Cal. Super. LEXIS 36612 (Cal. Super. Ct. June 11, 2026) (ECF No. 60-5). In this case the court actually examined whether the forum selection clause was unconscionable but it is not persuasive because (1) there was a low degree of procedural unconscionability because, although the contract was one of adhesion, the forum selection provisions "were prominent and stood out from the other text by nature of the use of capital letters and bolding"; (2) the forum selected had a "logical connection" to the transaction because defendant was headquartered there; and (3) the court found no public policy would be violated if the forum selection clause

-4-

was given effect. *Id.* at *14, *17, *18.

In sum, none of these non-precedential decisions express any rule or provide a general holding that applies to this case, and three out of the four decisions do not even address the question before the Court.

**II.     CONCLUSION**

Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Notice of Supplemental Authority. In the alternative, if the Court grants the Motion, Plaintiffs request leave to file a submission no longer than five pages (1) bringing the Court's attention to additional authorities related to whether Plaintiffs had notice of and assented to the X Terms of Use (as requested in ECF No. 55 and at the hearing on the Motion to Transfer by Plaintiffs' counsel); (2) bringing the Court's attention to authorities addressing the unconscionability of forum selection clauses; and (3) addressing the cases cited in Defendants' Motion.

Dated: August 10, 2026                              Respectfully submitted,

                                                    BERGER MONTAGUE PC

                                                    */s/ Sophia M. Rios*
                                                    Sophia M. Rios, SBN 305801
                                                    8241 La Mesa Blvd., Suite A
                                                    La Mesa, CA 91942
                                                    Tel: (619) 489-0300
                                                    srios@bergermontague.com

                                                    James Hannaway, *pro hac vice*
                                                    1001 G Street, NW
                                                    Suite 400 East
                                                    Washington, DC 20001
                                                    Tel: (202) 559-9740
                                                    jhannaway@bergermontague.com

                                                    *Counsel for Plaintiffs*

-5-