Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (612) 584-4470
srios@bergermontague.com

*Counsel for Plaintiffs*
*[Additional Counsel Listed on Sig. Block]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

X.AI CORP. and X.AI LLC,

Defendants.

CASE NO.: 5:26-cv-00772-PCP

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE STATEMENT OF RECENT DECISION IN OPPOSITION TO MOTION TO TRANSFER**

Pursuant to Local Rule 7-11, Plaintiffs (Jane) South Carolina Doe, Ohio Doe, New Jersey Doe, and South Carolina Roe ("Plaintiffs"), respectfully move this Court for leave to file a Statement of Recent Decision, attached as Exhibit A, alerting the Court to a decision entered last week denying X.AI LLC's motion to transfer after analyzing whether a Grok user formed an online contract with Defendant X.AI LLC. While briefing is closed on the Motion to Transfer filed by Defendants X.AI Corp. and X.AI LLC ("X.AI" or "Defendants"), the Court may take notice of this decision because it is "a highly persuasive decision on an issue of particular importance, that it is not otherwise cumulative of the cases that have already been submitted." *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), *aff'd*, 495 F. App'x 830 (9th Cir. 2012).

Defendants have urged this Court to enforce the forum selection clause in the X Terms of Service because, according to Defendants, "Courts across the country—including at least three courts in this District—have uniformly upheld and enforced the forum-selection clause in the X Terms of Service." (ECF No. 41 at 9.) But in *Skaggs v. X.AI LLC*, Judge Labson denied X.AI LLC's motion to transfer, which, as here, sought to transfer the case to the Northern District of Texas pursuant to a functionally identical forum selection clause. (Ex. A at 1-2.) The court analyzed many of the same Ninth Circuit precedents addressed in the parties' briefing, analyzed two separate screens that the plaintiff navigated on Grok, and concluded that the plaintiff did not have reasonable notice of the X.AI terms. (*Id.* at 11-15.) In addition, the court distinguished many of the cases upon which Defendants rely here. (*Id.* at 15-16.) Given Defendants' emphasis on courts' purportedly uniform willingness to enforce a functionally identical forum selection clause, the *Skaggs* court's persuasive and fact-intensive analysis of online contract formation, and the fact that Plaintiffs could not have cited this decision in previous briefing, Plaintiffs should be granted leave to file the attached Statement of Recent Decision.

Dated: August 20, 2026

Respectfully submitted,

BERGER MONTAGUE PC

*/s/ James Hannaway*
James Hannaway, *pro hac vice*

1001 G Street, NW
Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
jhannaway@bergermontague.com

Sophia M. Rios, SBN 305801
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
srios@bergermontague.com

*Counsel for Plaintiffs*