Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (612) 584-4470
srios@bergermontague.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, SOUTH CAROLINA ROE, NEW JERSEY DOE, and OHIO DOE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP. and X.AI LLC,<br><br>Defendants. | CASE NO.: 5:26-cv-00772-PCP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL MATERIAL IN SUPPORT OF MOTION TO TRANSFER** |

Pursuant to Local Rule 7-11(b), Plaintiffs (Jane) South Carolina Doe, Ohio Doe, New Jersey Doe, and South Carolina Roe, submit this opposition to Defendants' Administrative Motion for Leave to File Notice of Supplemental Material in Support of Motion to Transfer (ECF No. 68 ("Motion")). Defendants X.AI Corp. and X.AI LLC ("X.AI" or "Defendants") filed a Motion to Transfer on June 5, 2026 (ECF No. 41). Plaintiffs filed an opposition to the Motion to Transfer on June 26, 2026 (ECF No. 44) and X.AI filed its reply, along with eight additional exhibits and a new declaration on July 15, 2026 (ECF No. 49). On July 30, 2026, the Court heard oral argument and took "matters under submission." (ECF No. 59.) Defendants have now submitted additional material to the Court, attached to its Motion as Exhibits 1 and 2, two filings with the Nevada Secretary of State pre-dating the hearing. Defendants do not meet the standard for filing additional material in at least three ways and the Motion should be denied.

## I. ARGUMENT

Local Rule 7-3(d) provides (emphasis added):

> Once a reply is filed, no additional memoranda, papers or letters may be filed without *prior Court approval*, except as follows:
>
> . . .
>
> *Before the noticed hearing date*, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of *Recent Decision*. Such Statement shall contain a citation to and provide a copy of the new opinion without argument.

Courts have nonetheless exercised some, limited leniency under Local Rule 7-11 if recent, relevant authority is published after a hearing date. *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), *aff'd*, 495 F. App'x 830 (9th Cir. 2012). This leniency should be given "sparingly" in order "to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge." *Id*. When a party seeks to introduce new facts that it could have included before a hearing, a general "good cause" standard applies. *Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, 801 F. Supp. 2d 1023, 1027 n.1 (S.D. Cal. 2011) (denying motion for leave to file surreply with new evidence based on good-cause standard). These developments must also be "material." *Rose v. Rhorer*, No. 13-CV-03502-WHO, 2013 WL 5913656,

at *1 n.1 (N.D. Cal. Oct. 31, 2013).

Defendants' Motion flunks these standards because (1) Local Rule 7-3(d) categorically does not apply; (2) there is no good cause shown for X.AI not sharing this information before or during the hearing; and (3) the new information has no bearing on the issues pending before the Court.

**A. Local Rule 7-3(d) Does Not Apply Here.**

While X.AI cites Local Rule 7-3(d) in support of its Motion, it does not and cannot apply. (Motion at 1.) On July 30, 2026, the Court heard oral argument and took "matters under submission." (ECF No. 59.) Local Rule 7-3(d) only applies with "prior Court approval" or if there is recent authority submitted "[b]efore the noticed hearing date." By filing after the noticed hearing date without prior approval and without any recent decision attached, Defendants cannot satisfy Local Rule 7-3(d). *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 908 (holding that Local Rule 7-3(d) cannot apply for late-filed notices).

**B. The Court Should Not Allow X.AI to File Material It Could Have Filed Before the Hearing.**

While courts sometimes allow parties to apprise them of new, material, factual developments, such developments must be "new" and notice must be supported by good cause. *Rose*, 2013 WL 5913656, at *1 n.1 (allowing notice of new factual development after briefing was complete but before hearing); *Hammes Co. Healthcare, LLC*, 801 F. Supp. 2d at 1027 n.1 (holding that good cause did not allow party to include new facts in surreply). X.AI's filings with the Nevada Secretary of State are not new. These documents were filed ten days before the hearing date and a month before X.AI filed the instant Motion. (Motion, Exs. 1-2). X.AI's explanation for not informing the Court earlier does not amount to good cause either. (Motion at 1.) A sophisticated company should inform its lawyers of what it considers material, new information before a hearing. There are no extenuating circumstances like an illness, IT failure, or anything else supporting good cause.

**C. The New Information Is Not Material.**

Even if the Court finds good cause to allow X.AI's filing, the information in Exhibits 1 and 2 is not material to the pending Motion to Transfer because (1) X.AI's filings with the Nevada Secretary of State do not establish that its corporate headquarters have moved; and (2) the Exhibits do not affect

the Court's analysis of any conceivably relevant issue. *Rose*, 2013 WL 5913656, at *1 n.1 (allowing notice of new factual developments because they were "material").

Exhibits 1 and 2 do not prove much. Nevada only requires companies to list their "principal executive offices," not their corporate headquarters. Nev. Rev. Stat. § 78.010(f). Exhibits 1 and 2 thus establish that Elon Musk now works in Texas, a fact that Plaintiffs do not challenge. But Exhibits 1 and 2 do not establish that X.AI's "corporate headquarters" have changed. (Motion at 1); *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (rejecting argument that "the mere filing of a form" sufficed to establish a corporation's principal place of business); *Pool v. F. Hoffman-La Roche, Ltd.*, 386 F. Supp. 3d 1202, 1219 (N.D. Cal. 2019) (rejecting the same argument after corporate reorganization). The "mere filing[s]" here are less compelling than typical filings because, according to public reporting, the Austin address in Exhibits 1 and 2 is home to a joint venture between Tesla, SpaceX and X.AI to develop high-volume artificial intelligence chips, a project that has no discernable connection to this case. *Hertz*, 559 U.S. at 97; The Real Deal, *Elon Musk's $20B Terafab will start in Austin* (Mar. 23, 2026), available at https://therealdeal.com/texas/austin/2026/03/23/elon-musk-20b-terafab-will-start-in-austin/. As Plaintiffs showed in previous briefing, X.AI recently executed a "long-term" lease for its headquarters in Palo Alto, which is the center of the AI industry nationwide.[1] Given the conspicuous lack of any evidence that X.AI cancelled its long-term lease in Palo Alto, updated its corporate filings in California, required its executive team to move to Texas, or otherwise established its principal operations there, Exhibits 1 and 2 raise more questions than they answer.

Moreover, even if the Court credits X.AI's explanation of the Exhibits, they provide no relevant information for the Court to consider. The Exhibits are irrelevant to unconscionability because courts must consider "the context in which the contract was formed and the 'respective circumstances of the parties' as they existed at the formation of the agreement." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (citation omitted). The same is true for the relevant factors under 28 U.S.C. § 1404(a) because "Section 1404(a) directs the attention of the judge

[1] Space Exploration Tech. Corp., Form S-1 (2026) at 211, available at: https://www.sec.gov/Archives/edgar/data/1181412/000162828026036936/spaceexplorationtechnologi.htm.

who is considering a transfer to the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (citation omitted); *see Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1101 n.7 (N.D. Cal. 2006) (declining to credit declarations about corporation moving to another state in 1404(a) analysis because they are "irrelevant"). There is no colorable assertion that the Exhibits could be relevant to any other issue, and X.AI does not provide one. Thus, even if Exhibits 1 and 2 show that X.AI moved its corporate headquarters, the Motion should still be denied because the Exhibits are not "material." *Rose*, 2013 WL 5913656, at *1 n.1.

## II. CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Notice of Supplemental Material. There is no good cause shown for a filing after the hearing date. Exhibits 1 and 2 do not prove that X.AI has moved its operations at the core of this case to Texas. Even if X.AI's corporate headquarters moved, this would not move the needle on any issue before the Court. X.AI's Motion should be denied.

Dated: August 25, 2026

Respectfully submitted,

BERGER MONTAGUE PC

*/s/ Sophia M. Rios*
Sophia M. Rios, SBN 305801
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
srios@bergermontague.com

James Hannaway, *pro hac vice*
1001 G Street, NW
Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
jhannaway@bergermontague.com

*Counsel for Plaintiffs*