**GOLDBERG, GOLDBERG, & MALONEY**
Joel Goldberg (*pro hac vice forthcoming*)
Charles P. Maloney IV (*pro hac vice forthcoming*)
Basil Joy (*pro hac vice forthcoming*)
Zachary Yurick (*pro hac vice forthcoming*)
jgoldberg@goldbergmaloney.com
cmaloney@goldbergmaloney.com
bjoy@goldbergmaloney.com
zyurick@goldbergmaloney.com
213 West Miner Street
West Chester, PA 19382
Telephone: 610-436-6220

**COAST LAW GROUP LLP**
Marco A. Gonzalez (Cal. Bar 190832)
Taleah J. Phillips (Cal. Bar 357082)
Marco@coastlaw.com
Taleah@coastlaw.com
1140 S. Coast Hwy 101
Encinitas, CA 92024
Telephone: 760-985-9751

*ATTORNEYS FOR PLAINTIFFS*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, AND JANE DOE 3;<br><br>Plaintiffs,<br>v.<br><br>X.AI CORP., a Nevada Corporation, X.AI LLC, a Nevada Limited Liability Company, and X.AI HOLDINGS LLC;<br><br>Defendant. | Civil Case No. 5:26-cv-09617-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Action Filed: 9/4/2026<br>Judge: Hon. Susan van Keulen |

Pursuant to Civil Local Rule 3-12, Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 ("Plaintiffs") respectfully move for an order relating the above-captioned action to *Jane Doe v. X.AI Corp. et al.*, No. 5:26-cv-00772-PCP (N.D. Cal.) ("Doe I"), *Jane Doe v. X.AI Corp. et al.*, No. 5:26-cv-2246-PCP (N.D. Cal.) ("Doe II"), *Jane Doe v. X.AI Corp. et al.*, No. 3:26-cv-08567-SK (N.D. Cal.) ("Doe III"), and Doe v. X.AI Corp., No. 5:26-cv-09016-NC (N.D. Cal.) ("Doe IV").

## I. PROCEDURAL BACKGROUND

On January 23, 2026, plaintiff Jane Doe commenced Doe I against Defendants X.AI Corp. and X.AI LLC, alleging that Defendants' Grok artificial intelligence platform generates nonconsensual sexualized images of real individuals without adequate safeguards. See Doe I, Dkt. 1.

On March 16, 2026, plaintiffs commenced Doe II, a putative class action against the same defendants, alleging that Grok was used to generate child sexual abuse material ("CSAM") depicting individuals who were minors at the time the underlying photographs were taken. On March 26, 2026, the Court granted a motion relating Doe I and Doe II. See Doe I, Dkt. 25; Doe II, Dkt. 16.

On August 18, 2026, and August 26, 2026, respectively, plaintiffs commenced Doe III and Doe IV, each alleging substantially similar conduct by Defendants. A motion to relate Doe III and Doe IV to Doe I and Doe II is currently pending. See Doe I, Dkt. 73; Doe II, Dkt. 40; Doe III, Dkt. 16.

On September 4, 2026, Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 commenced the instant action against Defendants X.AI Corp., X.AI LLC, and X.AI Holdings LLC, alleging that Defendants' Grok platform was used to generate CSAM depicting Plaintiffs, using real childhood photographs of Plaintiffs.

## II. LEGAL STANDARD

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civ. L.R. 3-12(a).

## III. DISCUSSION

This action and Doe I, Doe II, Doe III, and Doe IV all name the same defendants, X.AI Corp. and X.AI LLC, and, as discussed below, arise from the same underlying transaction and conduct. Each

action arises from Defendants' design, deployment, and marketing of the Grok generative AI platform without adequate safeguards against the creation of nonconsensual sexualized imagery from real individuals' photographs. Each action further alleges that Defendants were aware of Grok's capacity to generate this category of harmful content and failed to implement industry-standard guardrails to prevent it. Because each action challenges the same underlying product design and corporate conduct, resolution of any one action will require substantially the same evidence regarding Defendants' knowledge, design choices, and safeguards (or lack thereof). Declaration of Marco Gonzalez, at para. 3.

Resolution of each action will require the Court to evaluate the same underlying product design, the same corporate knowledge and decision-making by Defendants, and overlapping legal theories regarding Defendants' liability for the outputs of their platform.

Because each action turns on common questions regarding the design and deployment of the same product by the same Defendants, litigating these actions before different judges risks unduly burdensome duplication of discovery and motion practice, as well as the possibility of inconsistent rulings on common questions of Defendants' liability. Relating this action to Doe I, Doe II, Doe III, and Doe IV will promote judicial economy and avoid the risk of conflicting results on overlapping issues.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court relate this action to Doe I, Doe II, Doe III, and Doe IV, pursuant to Civil L.R. 3-12.

Dated: September 10, 2026

Respectfully submitted:

MARCO A. GONZALEZ
COAST LAW GROUP
Attorney for Plaintiffs
E-mail: marco@coastlaw.com