UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,
Plaintiffs,
v.
SPACEXAI CORP, et al.,
Defendants.

Case No. 26-cv-00772-PCP

**ORDER DENYING MOTIONS TO STAY AND TRANSFER**

Re: Dkt. Nos. 39, 40, 41, 43, 46, 50, 51, 52, 56, 57, 60, 66, 68

Plaintiffs Jane Doe, South Carolina Roe, New Jersey Doe, and Ohio Doe sue defendants SpaceX.AI Corp. and SpaceX.AI LLC, alleging that their artificial intelligence product Grok permits users to alter real photos of people so that they are depicted undressed or in sexualized or otherwise explicit scenarios or videos, and that plaintiffs have all been the victims of such alterations. Defendants now move to stay this action or transfer it to the Northern District of Texas. For the reasons stated below, the Court denies both the motion to stay and the motion to transfer.

**BACKGROUND**

Plaintiffs Jane Doe, South Carolina Roe, New Jersey Doe, and Ohio Doe sue defendants SpaceX.AI Corp. (formerly X.AI Corp.) and SpaceX.AI LLC (formerly X.AI LLC) for claims arising from Grok's alleged practice of altering photos of people, particularly women and girls, to undress or otherwise sexualize them. Dkt. No. 28, Amended Complaint, at 2.

**ANALYSIS**

**I. Motion to Stay**

Defendants move to stay this action for the duration of the criminal proceedings against South Carolina Roe's father pursuant to 18 U.S.C. § 1591(b)(1) or the Court's inherent powers.

Motion to Stay at iv. South Carolina Roe's father faces criminal charges arising from his use of Grok to depict South Carolina Roe as a minor who had just completed a sexual act. Neither 18 U.S.C. § 1591(b)(1) nor the Court's inherent powers justify entry of a stay.

The Trafficking Victims Protection Reauthorization Act provides a cause of action at 18 U.S.C. § 1595(a) to any individual "who is a victim of a violation of this chapter … against the perpetrator" or anyone who benefits from, or attempts or conspires to benefit from, and knew or should have known about the violation. The Act also provides, "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 15 U.S.C. § 1595(b)(1). But plaintiffs do not plead a § 1595(a) claim against defendants. Instead, they are bringing state law claims. And while plaintiffs cite § 1595 in the paragraph of their complaint alleging subject-matter jurisdiction, AC ¶ 14; Motion to Stay at 7, § 1595(a) does not grant this Court subject-matter jurisdiction, and plaintiffs adequately plead subject-matter jurisdiction under this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Because this case is not "a civil action filed under subsection [1595(a)]," the TVPRA's mandatory stay does not apply here.

A discretionary stay under this Court's inherent power is also not appropriate. In deciding whether to enter a stay, the Court considers the following factors from *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995):

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
>
> (2) the burden which any particular aspect of the proceedings may impose on defendants;
>
> (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
>
> (4) the interests of persons not parties to the civil litigation; and
>
> (5) the interest of the public in the pending civil and criminal litigation.

Each of the factors favors plaintiffs. First, defendants' stated grounds for the stay primarily arise from South Carolina Roe's parallel proceedings. But there are three other plaintiffs who seek to represent a class of similarly situated users. Thus, the plaintiffs' interest in timely discovery and proceeding expeditiously in this forum counsels against a stay. Second, while defendants assert that South Carolina Roe's father's potential testimony in this action might be affected by the parallel criminal proceeding in South Carolina, any prejudice to defendants arising therefrom is slight compared to the amount of information at issue with respect to the rest of the putative class. Further, as Grok's operators, defendants presumably possess much of the relevant information regarding the use of Grok by South Caroline Roe's father. Third, the efficient use of judicial resources favors plaintiffs because South Carolina Roe is one plaintiff among four named plaintiffs here and judicial resources would not be served by a delay due to related proceedings involving only one plaintiff. Fourth, the interests of third parties favor plaintiffs because this is a high-profile putative class action, which means that the interest of potential class members is high, as is the public's interest in this action. Fifth, the public interest favors plaintiffs. Though courts sometimes benefit from allowing criminal cases to proceed before civil ones, the public interest in a stay is outweighed by the public interest in obtaining resolution of the remaining plaintiffs' claims. Therefore, defendant's motion for a stay is denied.

## II. Motion to Transfer

Defendants argue that transfer to the Northern District of Texas is appropriate because X's terms of services require that the claims of New Jersey Doe, Ohio Doe, and South Carolina Doe claims be brought in a Texas court and the interests of justice favor transferring South Carolina Roe's claims with those of the other plaintiffs. Motion to Transfer at ii.

A district court can, "[f]or the convenience of parties and witnesses, in the interest of justice, … transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). An action "might have been brought" in a court if that court would have subject-matter and personal jurisdiction over the claims and defendant and if venue would be proper. If the parties agreed to a valid forum selection clause, then courts should give that clause "controlling weight in all but the

most exceptional cases." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

**A. The forum-selection clause is unconscionable.**

Defendants' motion to transfer is premised on the forum-selection clause in X's terms of service. Plaintiffs argue, however, that the clause is unconscionable under California law and therefore unenforceable.[1]

In evaluating whether a forum selection clause is part of a valid contract, federal courts apply state law. *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). The parties agree that California law applies. Motion to Transfer at 13; Opposition at 5. Under California law, a contract is unconscionable if it is both procedurally unconscionable because "one of the parties lacked a meaningful choice in deciding whether to agree," and substantively unconscionable because it "contains terms that are unreasonably favorable to the other party." *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1089 (9th Cir. 2024) (quoting *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111 (2019)). Procedural and substantive unconscionability are considered on a sliding scale, meaning that a finding of great procedural unconscionability requires a lesser degree of substantive unconscionability to render the provision unenforceable, and vice versa. *Id.*

**1. Procedural Unconscionability**

A contract is procedurally unconscionable if there was "oppression" or "surprise" involved in its formation. Oppression means a "lack of negotiation and meaningful choice." *Id.* at 1090. Defendants presented X's terms of service "on a take-it-or-leave-it basis without room for negotiation." Opposition at 14; *see also Ronderos*, 114 F.4th at 1090. Thus, there is at least "an element of adhesion" and a "lack of negotiation and meaningful choice." *Ronderos*, 114 F.4th at 1090. Adhesion alone renders a contract procedurally unconscionable.

Surprise "can arise when the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 682 (9th Cir. 2024). Defendants include Version 20 of X's Terms

[1] The Court assumes without deciding that the terms of service constitute an otherwise enforceable agreement between the three plaintiffs and X.

of Service in full. As plaintiffs note, the forum-selection clause appears towards the end of the terms of service, in the middle of the second paragraph in the section titled "General." *See* Exh. 1, Dkt. No. 41-4, at *11–12. Version 21 similarly inserts the forum-selection clause toward the end of the terms of service in the middle of the second paragraph in the section titled "General." *See* Exh. 2, Dkt. No. 41-5, at *12–13. This is precisely the kind of hiding of a term "in a prolix printed form drafted by the party seeking to enforce the dispute term" that the Ninth Circuit has recognized can support a finding of surprise.

Because plaintiffs' agreement with X also contains surprise and the terms of service are procedurally unconscionable.

**2. Substantive Unconscionability**

Defendants' terms of service are also substantively unconscionable. Substantive unconscionability depends on the fairness of the contract's terms, especially "whether one party used their superior bargaining position to impose terms that are 'overly harsh, unduly oppressive, or unfairly one-sided.'" *Ronderos*, 114 F.4th at 1094. One-sided provisions in particular can be substantively unconscionable. *Id.*

Here, plaintiffs have demonstrated that the forum-selection clause is excessively one-sided. X's terms of service compel plaintiffs to adjudicate disputes "exclusively in the federal or state courts located in Tarrant County, Texas, United States." Exh. 2, Dkt. No. 41-5, at *12; *see also* Exh. 1, Dkt. No. 41-4, at *11. But unlike plaintiffs, defendants "may bring any claim, cause of action, or dispute [they] have against [users] in any competent court in the country in which [users] reside that has jurisdiction and venue over the claim." Exh. 1, Dkt. No. 41-4, at *11; Exh. 2, Dkt. No. 41-5, at *12–13. In short, plaintiffs, regardless of their residence, may sue X only in the Tarrant County, Texas, courts, while defendants may sue plaintiffs in any court where personal jurisdiction and venue are proper. Defendants do not "offer any business-related justification for imposing" such a one-sided venue-selection restriction on plaintiffs "but not [themselves]." *See Ronderos*, 114 F.4th at 1095.

The forum-selection clause's lack of mutuality is therefore highly substantively unconscionable. Given its significant degree of procedural unconscionability as well, the forum-

selection clause is unconscionable.

Because the forum-selection agreements plaintiffs entered into with defendants is both procedurally and substantively unconscionable, it cannot be enforced here and does not provide any support for defendants' motion to transfer. Defendants do not contend that the interests of justice justify a transfer of this case even if the forum-selection clauses are unenforceable. Consequently, the Court denies defendants' motion to transfer.

**CONCLUSION**

For the reasons stated above, the Court denies defendants' motion to stay and motion to transfer. The Court grants the pending sealing motions and requests for judicial notice, except for plaintiffs' motion to seal the courtroom during the hearing on defendants' motions. That motion is denied as moot.

**IT IS SO ORDERED.**

Dated: September 28, 2026

P. Casey Pitts
United States District Judge