Lavanya Prabhakar (SBN 358175)
BERGER MONTAGUE PC
505 Montgomery St., Ste 625
San Francisco, CA 94111
Tel: (415)-376-2097
lprabhakar@bergermontague.com

*Counsel for Plaintiffs*
*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-2246-PCP |
| JANE DOE, et al., on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-00772-PCP<br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING JPML DECISION ON TRANSFER MOTION**<br><br>Date: October 15, 2026<br>Time: 2:00 p.m.<br>Courtroom: 8, 4th Floor |
| JANE DOE I, et al., on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>X.AI CORP., et al.,<br>Defendants. | Case No. 3:26-cv-08567-PCP |

| | |
|---|---|
| JANE DOE 1, on behalf of herself and all others similarly situated,<br>Plaintiffs,<br>v.<br>X.AI CORP., et al.,<br>Defendants. | Case No. 5:26-cv-9016-PCP |

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

A. The Related Class Cases .......... 2

B. Motion for Transfer of Actions Before the Judicial Panel on Multidistrict Litigation .......... 4

III. LEGAL STANDARD .......... 5

IV. ARGUMENT .......... 6

A. Judicial Economy Is Not Served by a Stay. .......... 6

B. Denying a Stay Would Not Prejudice xAI. .......... 9

C. Granting a Stay Would Prejudice Plaintiffs. .......... 11

V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Block v. Equifax, Inc.*,
No. 17-CV-05367-BLF, 2017 WL 10573832 (N.D. Cal. Nov. 13, 2017) ........ 9

*Christensen v. Target Corp.*,
No. 2:13-CV-01136, 2014 WL 1224966 (D. Utah Mar. 24, 2014) ........ 10, 11

*Dellutri v. McKesson Corp.*,
2017 WL 8161081 (C.D. Cal. Jan. 23, 2017) ........ 5

*In re Duke Energy Corp. Sec. Litig.*,
No. 02 CIV. 3960 JSR, 2002 WL 1933798 (S.D.N.Y. Aug. 20, 2002) ........ 6

*Emerson v. Lincoln Elec. Holdings, Inc.*,
No. 09-6004-CV-SJ-GAF, 2009 WL 690181 (W.D. Mo. Mar. 12, 2009) ........ 9

*Est. of Hoholek v. AbbVie, Inc.*,
No. 2:14-CV-405, 2014 WL 7205586 (N.D. Ind. Dec. 17, 2014) ........ 9, 11

*Franklin v. Prospect Mortg., LLC*,
2013 WL 6423389 (E.D. Cal. Dec. 9, 2013) ........ 6

*In re Frost Pat.*,
316 F. Supp. 977 (J.P.M.L. 1970) ........ 4

*Gilmore v. DJO Inc.*,
No. 2:08-CV-1252 HRH, 2010 WL 1050535 (D. Ariz. Feb. 1, 2010) ........ 5, 6, 8

*Good v. Prudential*,
5 F. Supp. 2d 804 (N.D. Cal. 1998) ........ 9

*JBR, Inc. v. Keurig Green Mountain, Inc.*,
No. 2:14-CV-00677-KJM-CKD, 2014 WL 1767701 (E.D. Cal. May 2, 2014) ........ 8

*Johnson v. Starbucks Corp.*,
2018 WL 3159689 (N.D. Cal. June 28, 2018) ........ 9

*Kaltwasser v. Cingular Wireless LLC*,
No. 07-CV-00411-JDF, 2008 WL 3925445 (N.D. Cal. Aug. 22, 2008) ........ 9

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........ 5

*Lessard v. Volkswagen Grp. of Am., Inc.*,
2016 WL 3004631 (D. Minn. May 24, 2016) ........ 5

**TABLE OF AUTHORITIES**
**(continued)**

**Pages**

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) .......... 8

*Hood ex rel. Mississippi v. Bristol-Myers Squibb Co.*,
No. 1:12-CV-00179-GHD, 2013 WL 30098 (N.D. Miss. Jan. 2, 2013) .......... 9, 11

*Hood ex rel. Mississippi v. Microsoft Corp.*,
428 F. Supp. 2d 537 (S.D. Miss. 2006) .......... 5

*N.M. State Invest. Council v. Alexander*,
317 B.R. 440 (D.N.M. 2004) .......... 5

*Palmer v. Am. Honda Motor Co.*,
No. CV07-1904-PHX-DGC, 2008 WL 54914 (D. Ariz. Jan. 3, 2008) .......... 6

*Royal Park Invs, SA/NV v. Bank of Am. Corp.*,
941 F. Supp. 2d 367 (S.D.N.Y. 2013) .......... 5

*Strumlauf v. Starbucks Corp.*,
No. 16-CV-01306-TEH, 2016 WL 3645194 (N.D. Cal. July 6, 2016) .......... *passim*

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) .......... 9

*Washington v. Lumber Liquidators, Inc.*,
No. 15-CV-01475-JST, 2015 WL 2089992 (N.D. Cal. May 5, 2015) .......... 4, 8

**Statutes**

18 U.S.C. § 2258A(h)(1) .......... 6, 10

28 U.S.C. § 1407 .......... 1, 4

**Court Rules**

JPML Rule 2.1(d) .......... 1, 4, 7

**Other Authorities**

Karen K. Caldwell, *Inside the JPML*,
108 Judicature 78 (2024) .......... 7

## I. INTRODUCTION

SpaceXAI Corp. (f/k/a X.AI Corp.), SpaceXAI LLC (f/k/a X.AI LLC), and SpaceXAI Holdings LLC (f/k/a X.AI Holdings LLC) (together, "xAI") ask this Court to enter a blanket stay of the above-captioned cases ("Related Class Cases"),[1] and the individual case *Doe 1 v. x.AI Corp., et al.*, No. 5:26-cv-09617-PCP (N.D. Cal.) ("*Doe V*"), because counsel for individual, non-class plaintiffs in the Western District of Arkansas have petitioned the Judicial Panel on Multidistrict Litigation[2] to transfer three of the four Related Class Cases. *Doe I*, Dkt. 83. The Court should deny the motion and allow the Related Class Cases to proceed, which would promote judicial efficiency and prevent prejudice to Plaintiffs, regardless of how the JPML decides.

The JPML's rules make clear that "[t]he pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML Rule 2.1(d).

The moving party must justify a stay under the ordinary stay factors: prejudice to the non-movant, the hardship to the movant, and the judicial resources a stay would save. *Strumlauf v. Starbucks Corp.,* No. 16-CV-01306-TEH, 2016 WL 3645194, at *1 (N.D. Cal. July 6, 2016). Each factor weighs against a stay.

*First*, a stay would not promote judicial economy. Other than the Related Class Cases, the cases that are the subject of the MDL Petition are individual actions, and, to Plaintiffs' knowledge, the Related Class Cases are the only class actions addressing the creation and dissemination of non-consensual explicit images and videos of real people by xAI's Grok.[3] The

---

[1] *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-00772-PCP (N.D. Cal.) ("Doe I"); *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-2246-PCP (N.D. Cal.) ("Doe II"); *Jane Doe 1 v. X.AI Corp et al.*, No. 3:26-cv-08567-PCP ("Doe III"); *Jane Doe 1 v. X.AI Corp et al.*, No. 5:26-cv-09016-PCP (N.D. Cal.) ("Doe IV").

[2] *See In re Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205, Dkt. 1 (J.P.M.L. Oct. 2, 2026) ("MDL Petition").

[3] Plaintiffs' Counsel is aware of two proposed class actions filed under Illinois' Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*., pending in federal court, but those cases are not

pending motions to consolidate and appoint interim class counsel under Rule 23(g) thus concern only the Related Class Cases. Only two federal district courts are involved. Issues related to protective orders, ESI orders, protocols on handling CSAM evidence, scheduling, and preservation can advance and will need resolution however the Panel rules, and, should an MDL be centralized elsewhere, the transferee court could adopt or build on the work by this Court.

*Second*, xAI has not shown the clear case of hardship or inequity required of a party seeking a stay. Having to litigate issues before two federal courts is hardly prejudicial; moreover, there has been no progress whatsoever in the Arkansas cases (other than xAI's filing of a similar motion to stay), so there is no risk of inconsistent rulings. The motions to preserve evidence, to consolidate the Related Class Cases, and to appoint interim class counsel have been filed with this Court, and the parties can readily resolve other threshold issues without substantial burden.

*Third*, a stay would prejudice Plaintiffs. Plaintiffs have already litigated a number of threshold issues, leadership and preservation are fully briefed, and Plaintiffs' consolidation motion is being briefed. Progress towards resolving these time-sensitive case-management issues would halt unnecessarily. More importantly, given laws governing the preservation of known CSAM, evidence necessary to Plaintiffs' claims and identifying class members is at risk of being lost every day. Plaintiffs need to be able to move these critical evidence-preservation protocols forward.

## II. FACTUAL BACKGROUND

### A. The Related Class Cases

There are currently four proposed class actions pending against xAI for the generation and/or distribution of non-consensual sexualized images of the named plaintiffs and members of the proposed classes by its generative AI model, Grok—all four of which are related before this Court and subject to a motion to consolidate. *Doe I*, Dkt. 79 (order relating cases); *Doe II*, Dkt. 75 (Plaintiffs' motion to consolidate and coordinate). The first of the four actions was filed on

---

included in the MDL Petition and, more importantly, do not concern the creation of explicit images. *See Padilla v. SpaceXAI Corp. et al.*, Case No. 1:26-cv-12335 (N.D. Ill.); *Wilson v. SpaceXAI Corp., et al.*, No. 26-cv-12502 (N.D. Ill.)

January 23, 2026, with three additional complaints filed in separate cases through the end of August 2026. The Court recently denied xAI's motions to transfer and stay in *Doe I*. *Doe I*, Dkt. 80. The Related Class Cases are in their early stages: no defendant has answered or moved to dismiss, and the first Initial Case Management Conference is scheduled for October 15 at 2 p.m. *See Doe II*, Dkt. 34.

The Related Class Cases allege that xAI intentionally designed Grok to generate sexualized content and released the model without industry-standard protections against the creation and dissemination of sexually abusive material. *See Doe I*, Dkt. 28 ¶¶ 42–101; *Doe II*, Dkt. 26 ¶¶ 33–35, 63–81; *Doe III*, Dkt. 1 ¶¶ 59–73; *Doe IV*, Dkt. 1 ¶¶ 42–63. In each case, the named plaintiffs were the subjects of non-consensual sexualized images generated and/or distributed by Grok. *See Doe I*, Dkt. 26 ¶¶ 102–54; *Doe II*, Dkt. 28 ¶¶ 132–90; *Doe III*, Dkt. 1 ¶¶ 112–31; *Doe IV*, Dkt. 1 ¶¶ 78–92. Each of the Related Class Cases includes claims on behalf of individuals who were depicted as minors in explicit content that Grok generated and disseminated. *See Doe I*, Dkt. 28 ¶ 156; *Doe II*, Dkt. 26 ¶ 194; *Doe III*, Dkt. 1 ¶ 134; *Doe IV*, Dkt. 1 ¶ 94. *Doe I* also asserts claims on behalf of individuals who were depicted in explicit AI-generated content as adults. *Doe I*, Dkt. 28 ¶ 156. On September 22, 2026, the Court issued an order relating the four Related Class Cases, along with the individual case, *Doe V*. *Doe I*, Dkt. 79.

There are several pending motions across the Related Class Cases.

***Motion to Appoint Interim Co-Lead Counsel***: Counsel in *Doe II* and *Doe III* filed a Motion to Appoint Interim Co-Lead Counsel, after which plaintiffs and counsel in *Doe I* and *Doe IV* moved to intervene. *Doe II*, Dkts. 41, 53, 54. Following the Court's order relating the Related Class Cases and its denial of the motions to transfer and stay in *Doe I*, counsel for the Related Class Cases continued their conferrals about how to best manage and litigate the Related Class Cases and filed a proposed sur-reply proposing an interim leadership structure across all cases. *Doe II*, Dkt. 73. The motion is fully briefed and set for hearing on October 15, 2026.

***Motion to Consolidate***: On October 9, 2026, counsel in the Related Class Cases filed a

motion to consolidate the four putative class actions (*Does I–IV*) for all pretrial purposes under the lowest-numbered action, No. 5:26-cv-00772-PCP, with a single Consolidated Amended Complaint to serve as the operative pleading in each of them. *Doe I*, Dkt. 84. The motion also seeks to coordinate the individual related action, *Doe V*, with the Related Class Cases for pretrial purposes only, so that discovery and case management proceed on a coordinated basis while the plaintiffs in *Doe V* proceed under their own complaint. *Id.* xAI would not consent to consolidation, but instead indicated that they "do not currently expect to object to consolidation . . . [but] intend to respond to it." Drake Decl. at ¶ 2.

***Motion to Preserve Evidence***: Plaintiffs in *Doe II* filed a motion for an order directing preservation of evidence on September 3, 2026. *Doe II*, Dkt. 49. The motion is based on public statements by xAI's founder and CEO, Elon Musk, that "all user data" uploaded to SpaceXAI would be "completely and utterly deleted," and xAI's repeated failure to meaningfully engage with Plaintiffs' preservation requests. *Id.* The motion is fully briefed and set for hearing on October 15, 2026.

**B. <u>Motion for Transfer of Actions Before the Judicial Panel on Multidistrict Litigation</u>**

On October 2, 2026, counsel for eight individual (non-class) actions pending in the Western District of Arkansas filed a motion for transfer of three of the Related Class Cases and *Doe V* to the Western District of Arkansas under 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. *See In Re: AI Minor Sexual Exploitation Litig.*, MDL 3205, Dkt. 1-1 (U.S. Jud. Pan. Mult. Lit., Oct. 2, 2026). The MDL Petition is predicated on common allegations that xAI's Grok created "non-consensual intimate imagery, and sexually explicit deepfakes of real, identifiable children and minors." *Id*. at 2–3. The MDL Petition does not request the transfer of *Doe I*, the first-filed of the Related Class Cases, although *Doe I* also proposes a class that includes individuals who had their images as minors altered by Grok to create explicit material. *In Re: AI Minor Sexual Exploitation Litig.*, MDL 3205, Dkt. 3-2; *see also Doe I*, Dkt. 28. To Plaintiffs' knowledge, the only class actions addressing this subject

matter are the Related Class Cases before this Court.[4] All of the Arkansas cases are brought by individual plaintiffs.

## III. LEGAL STANDARD

"The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML Rule 2.1(d); *see In re Frost Pat*., 316 F. Supp. 977, 978 n.2 (J.P.M.L. 1970) (noting that court "properly rejected the defendants' claim that the mere filing of the motion under Section 1407 deprived it of jurisdiction").

As a result, a court need not "automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a [party's] motion to the MDL Panel for transfer and consolidation." *Washington v. Lumber Liquidators, Inc*., No. 15-CV-01475-JST, 2015 WL 2089992, at *3 (N.D. Cal. May 5, 2015) (granting motion for expedited discovery while MDL determination was pending); *Strumlauf,* 2016 WL 3645194, at *2 (N.D. Cal. 2016) (denying motion to stay and allowing limited discovery to proceed pending ruling on JPML transfer motion); *Hood ex rel. Mississippi v. Microsoft Corp*., 428 F. Supp. 2d 537, 546 (S.D. Miss. 2006) (declining to stay proceedings pending the Panel's ruling); *see also Furia v. Abbott Labs,* No. 4:26-cv-01945-HSG, Dkt. 28 (N.D. Cal. July 27, 2026) (denying motions to stay pending an MDL determination and permitting motion to dismiss briefing to proceed).

A motion to stay pending resolution of an MDL petition is governed by the same standards as any motion to stay. *Strumlauf*, 2016 WL 3645194, at *1 (citing *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)). Courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact

[4] Given that the MDL Petition implicates only two districts, alternative measures of coordination have not been exhausted by the movant, and no related class action has been filed outside of the Northern District of California (to counsel's knowledge). Plaintiffs for the Related Class Cases may oppose the transfer motion in favor of remaining in this Court or, in the alternative, may support centralization of any MDL before this Court.

consolidated." *Strumlauf*, 2016 WL 3645194, at *1 (citation omitted).

## IV. ARGUMENT

### A. Judicial Economy Is Not Served by a Stay.

A stay may be appropriate if it would avoid "duplicative litigation." *Strumlauf*, 2016 WL 3645194, at *2. If there is no realistic "possibility of inconsistent rulings[,]" then a stay will not further judicial economy. *Id.*; *Gilmore v. DJO Inc.*, No. 2:08-CV-1252 HRH, 2010 WL 1050535, at *2 (D. Ariz. Feb. 1, 2010) ("Motion practice demonstrably unique to this case may proceed."). Even if there is some risk of duplicative activity, it does not follow that "a brief stay would conserve any meaningful amount of judicial resources." *Strumlauf*, 2016 WL 3645194, at *2. Here, there is little to no risk of duplicative litigation or inconsistent rulings.

First, none of the other cases subject to the MDL Petition are proposed class cases, and there is only one other forum capable of producing inconsistent rulings,[5] but there have been no motions decided or even filed in that forum (other than xAI's similar motion to stay). The risk of inconsistent rulings is, as a result, essentially zero.[6]

Second, continued litigation of the Related Class Cases would not create inconsistent rulings because all relevant issues are either unique or would advance the interests of all apparently related cases currently on file. *See Gilmore*, 2010 WL 1050535, at *2. This is true of the motions currently pending before this Court and any case management or discovery issues likely to arise in the next two months.

**Unique Motions.**

---

[5] The Western District of Arkansas. *See In Re: AI Minor Sexual Exploitation Litig.*, MDL 3205, Dkt. 3-2.

[6] By contrast, xAI's authorities involve many more fora and cases. *See Dellutri v. McKesson Corp.*, 2017 WL 8161081, at *2 (C.D. Cal. Jan. 23, 2017) (granting stay based on litigation in at least four federal courts and additional state courts); *Lessard v. Volkswagen Grp. of Am., Inc.*, 2016 WL 3004631, at *1 (D. Minn. May 24, 2016) (involving at least 500 actions); *Royal Park Invs, SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 371 (S.D.N.Y. 2013) (involving at least 34 actions); *N.M. State Invest. Council v. Alexander*, 317 B.R. 440, 442, 446 (D.N.M. 2004) (involving dozens of actions); *Franklin v. Prospect Mortg., LLC*, No. 2:13-CV-00790 JAM-AC, 2013 WL 6423389, *1 (E.D. Cal. Dec. 9, 2013) (involving 36 separate actions in various district courts); *Palmer v. Am. Honda Motor Co.*, No. CV07-1904-PHX-DGC, 2008 WL 54914, *1 (D. Ariz. Jan. 3, 2008) (involving cases filed in four separate district courts).

The fully briefed Motion to Appoint Interim Class Counsel and the Motion to Consolidate, *Doe II*, Dkts. 41, 53–54, 60, 74, 83, are unique to the Related Class Cases, and deciding them now will assist in efficient progress of these cases, which would obviously promote judicial economy should the MDL Petition be denied or the MDL centralized here. Should the Panel centralize elsewhere, those rulings could be built on in that context. *See In re Duke Energy Corp. Sec. Litig.*, No. 02 CIV. 3960 JSR, 2002 WL 1933798, at *1 (S.D.N.Y. Aug. 20, 2002) (granting motion for appointment of lead plaintiff and lead counsel before the JPML ruled on an MDL petition).

**Motions Beneficial Regardless of Outcome of MDL Petition.**

The pending preservation motion should also be decided before the MDL Panel rules. *Doe II*, Dkt. 49. Preservation of evidence by xAI is a pressing issue that will remain regardless of whether the Related Class Cases ultimately proceed here or in another forum.

Plaintiffs are also engaged with xAI on a CSAM Protocol for the handling and preservation of the AI-generated CSAM, which otherwise may be destroyed within one year. *See* 18 U.S.C. § 2258A(h)(1). It is critical that such a protocol be entered as soon as possible to halt potential daily destruction of crucial evidence that will benefit all cases concerning Grok's creation of CSAM depicting real people.

The parties can also negotiate a protective order across the Related Class Cases that preserves the protections of pseudonymity while providing Defendants with the information necessary to draft motions to dismiss. The process of negotiating a protective order and disclosing the agreed-upon information alone is likely to take several weeks. Rather than negotiating a protective order for the Related Class Cases following the MDL Panel's decision, the Parties will be able to move to substantive issues immediately with a protective order already in place, subject to modification if needed by any transferee court. Even if transfer and consolidation are granted, these early case management and discovery activities will benefit and advance the litigation. *See Strumlauf*, 2016 WL 3645194, at *2 (allowing discovery to proceed pending MDL Panel decision; "with some foresight and organization, Defendant will not have to

expend too many resources in turning over documents or responding to requests for admissions and interrogatories in the multiple actions.").

In contrast, a delay pending a decision on the MDL petition will needlessly postpone work that could be done immediately and would likely not need to be duplicated after the JPML rules. Judicial economy and Rule 1 are served by making good use of the time the parties have before the MDL Panel rules.

The schedule proposed in *Doe II* (but intended to work for all Related Cases, Dkt. 72) is also appropriate regardless of the outcome of the MDL Petition. The JPML hearing is on December 3,[7] and the Panel strives to issue its opinions within two weeks of the hearing,[8] making a decision likely by December 17. Following Plaintiffs' proposed schedule, by then discovery would have been open for over two months (since the October 7 Rule 26(f) conference), initial disclosures would have been exchanged (Oct. 21), amended/consolidated complaint(s) filed (Nov. 13), and Defendants' motions to dismiss filed (Dec. 14). *Doe II*, Dkt. 72 at 19. None of this work would be wasted if an MDL is centralized in another district. To the contrary, discovery tasks accomplished (such as confidentiality, preservation, and ESI orders, as well as party and third-party discovery) would only benefit proceedings, wherever they land. A consolidated complaint for the Related Class Cases would be a useful efficiency even if centralized elsewhere. And beginning motion-to-dismiss briefing would be similarly efficient, as all of the cases subject to the MDL Petition contain the same claims as those brought in the Related Cases (and which therefore would be in any consolidated complaint(s)).[9] Indeed, this is the reason Panel Rule 2.1(d) explicitly states that "[t]he pendency of a [MDL Petition] does not affect or suspend orders and pretrial proceedings in any pending federal district court action and

---

[7] *See In re x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205, Dkt. 6 (J.P.M.L Oct. 9, 2026).

[8] *See, e.g.,* Karen K. Caldwell, *Inside the JPML*, 108 Judicature 78, 80 (2024).

[9] While the amended petition included *John Doe 1 and John 2 v. X Corp., and Does 1-50*, No. 3:26-cv-10913-RFL (N.D. Cal.), which concerns X's takedowns of CSAM, rather than xAI's production of AI-generated CSAM, *In re x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205, Dkt. 3 (J.P.M.L Oct. 5, 2026), upon conferring with the counsel who filed the MDL petition, Plaintiffs have learned that case was added in error, and the counsel who filed the MDL petition intend to correct the error shortly. Drake Decl. at ¶ 3.

does not limit the pretrial jurisdiction of that court."

*Strumlauf*, in particular, illustrates why the Court should evaluate the work proposed during the pendency of the MDL Petition rather than halt proceedings wholesale. There, the court required the initial case management conference and permitted document requests, interrogatories, and requests for admission while the Panel considered transfer. It stayed only depositions, identifying a concrete risk of duplicative examinations. 2016 WL 3645194, at *2. Likewise, the court in *Lumber Liquidators* granted plaintiffs' request for expedited discovery and noted that only dispositive motions were stayed while an MDL petition was pending. *See* 2015 WL 2089992, at *3. Here, xAI has not explained why preservation, sensitive-evidence procedures, coordinated written discovery, or interim class leadership present comparable burdens. Any demonstrated concern about a particular activity can be addressed without suspending all proceedings.

And, as this Court found in denying xAI's earlier motion to stay *Doe I*, analyzing the same factors at issue here, plaintiffs' "interest in timely discovery and proceeding expeditiously in this forum counsels against a stay," particularly since this is a "high-profile putative class action" where class-member and public interest run high. *Doe I*, Dkt. 80.

### B. <u>Denying a Stay Would Not Prejudice xAI.</u>

The party seeking a stay bears the burden of demonstrating "good cause and reasonableness." *Gilmore*, 2010 WL 1050535, at *1 (citation omitted). Where there is a fair possibility a stay will harm another party, the movant must establish a clear case of hardship or inequity. *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005). In asking for a blanket stay of proceedings, xAI has not met its burden.

xAI lists only two ways they would allegedly be prejudiced by these cases moving forward pending the MDL Petition: (1) being "forc[ed] to litigate the same issues in multiple fora simultaneously," and (2) risk of inconsistent rulings. But there are only two fora here—this Court and Judge Brooks's court in the Western District of Arkansas. And nothing is happening in Arkansas—no motions have been decided or even filed (other than xAI's similar motion to stay

those proceedings) and no initial case management conference has even been set. There is no prejudice to xAI in moving forward here.

The lack of prejudice to xAI is highlighted by many of the cases cited by xAI, which raised concerns about duplicative or unnecessary litigation related to a specific motion or motions likely to be reconsidered by the transferee court. *See, e.g.*, *JBR, Inc. v. Keurig Green Mountain, Inc.*, No. 2:14-CV-00677-KJM-CKD, 2014 WL 1767701, at *2–3 (E.D. Cal. May 2, 2014) (stay granted where motions for expedited discovery and for preliminary injunction were pending and a "conflicting decision" from transferee court was possible); *Johnson v. Starbucks Corp.*, 2018 WL 3159689, at *1–3 (N.D. Cal. June 28, 2018) (stay granted where duplicative liability determinations possible across twenty cases given pending summary judgment motion and approaching trial date). Likewise, several of xAI's cited cases involved motions to dismiss or remand on jurisdictional grounds, where the transferor court's underlying authority to hear the case at all was in question. *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (stay granted where an initial JPML transfer order had already been issued and motion to dismiss for lack of jurisdiction was pending); *Est. of Hoholek v. AbbVie, Inc.*, No. 2:14-CV-405, 2014 WL 7205586, at *3 (N.D. Ind. Dec. 17, 2014) (granting stay where decision on whether case would be transferred to existing MDL was expected "shortly" and remand-related issues were common for the 476 individual cases pending in MDL); *Hood ex rel. Mississippi v. Bristol-Myers Squibb Co.*, No. 1:12-CV-00179-GHD, 2013 WL 30098, at *1 (N.D. Miss. Jan. 2, 2013) (stay granted where stay of discovery was already in effect given pending motion to remand).[10] Here, in contrast, xAI has only made vague references to the possibility of duplicative litigation should basic case management activities continue in the Related Class Cases and *Doe V*. These unsubstantiated arguments do not satisfy xAI's burden to show that it will be prejudiced should litigation continue in the months prior to an MDL decision.

---

[10] Similarly, in *Good v. Prudential* an MDL already existed, and the Panel had issued a conditional transfer order, a vastly different procedural posture than awaiting an initial hearing before the Panel. 5 F. Supp. 2d 804, 806, 809 (N.D. Cal. 1998).

### C. <u>Granting a Stay Would Prejudice Plaintiffs.</u>

A stay would greatly prejudice Plaintiffs, who have "an interest in proceeding expeditiously with this action." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc*., 720 F. Supp. 805, 809 (N.D. Cal. 1989); *Block v. Equifax, Inc.*, No. 17-CV-05367-BLF, 2017 WL 10573832 (N.D. Cal. Nov. 13, 2017) (denying stay in part because of risk of prejudice to plaintiffs where stay would prevent them from seeking potentially necessary relief from the court).

The inevitable result of any stay is that "[w]itnesses relocate" and "memories fade." *Sw. Marine, Inc*., 720 F. Supp. at 809 (citation omitted); *see also Kaltwasser v. Cingular Wireless LLC*, No. 07-CV-00411-JDF, 2008 WL 3925445, at *3 (N.D. Cal. Aug. 22, 2008) (denying motion to stay where "further delay of this action, which has been pending for over a year, will lead to a loss of evidence and 'fading memories'"). The potential for prejudice is heightened here because critical evidence may be lost every day without a CSAM Protocol and preservation order in place. Halting the destruction of such key evidence is paramount, and in any event would benefit plaintiffs even if an MDL were centralized, here or elsewhere.

Contrary to xAI's argument that "a lack of substantive pretrial activity thus minimizes any harm or inconvenience to Plaintiffs," Plaintiffs have materially advanced their cases, and are poised to make further, substantial progress on threshold issues in the weeks before the MDL Panel rules. *Doe I*, Dkt. 83 at 6. Beyond the motions to consolidate and for interim lead counsel, Plaintiffs in the Related Class Cases have litigated xAI's motions to stay and transfer *Doe I*, and *Doe II*'s Motion to Preserve Evidence. Unlike in cases cited by xAI, Plaintiffs have gone further than merely filing a complaint, and a blanket delay of further efforts would result in prejudice to Plaintiffs. *Cf., e.g*., *Christensen v. Target Corp*., No. 2:13-CV-01136, 2014 WL 1224966, at *2 (D. Utah Mar. 24, 2014) (granting stay and noting that plaintiffs had only filed a complaint).

The requested stay would have concrete consequences for Plaintiffs' ability to develop and preserve the factual record. *See, e.g.*, *Doe II*, Dkt. 49 (Plaintiffs' Motion for Order to Preserve Evidence). Plaintiffs also must identify and obtain relevant records from NCMEC, law enforcement, and third parties who created the images, a process requiring a protocol to collect

and handle AI-generated CSAM, a comprehensive protective order, and a robust ESI protocol. Without these necessary protocols in place, Plaintiffs cannot begin collecting necessary evidence to prove their case, especially since some of the evidence of the harm—the AI-generated CSAM itself—is contraband and requires distinct processes for handling. Postponing those steps delays the subsequent review, follow-up discovery, and expert work that depend on them. The parties also need coordinated procedures governing the preservation and lawful handling of sensitive evidence (CSAM), as well as the confidentiality order and ESI protocol that are standard at the outset of cases.

The potential prejudice to Plaintiffs is particularly severe when considering that the default preservation of CSAM reported to the National Center for Missing and Exploited Children's ("NCMEC") CyberTipline is only one year. 18 U.S.C. § 2258A(h)(1). A stay would prevent the Parties from putting the necessary processes in place for the handling and preservation of the AI-generated CSAM, which otherwise is subject to destruction. *See id.* xAI relies on cases where courts found no prejudice in a brief stay, but these cases do not implicate CSAM evidence that is otherwise governed by federal statute regarding limited preservation. *See, e.g., Christensen*, 2014 WL 1224966, at *1 (data breach case); *Est. of Hoholek v. AbbVie, Inc.*, No. 2:14-CV-405, 2014 WL 7205586, at *1 (N.D. Ind. Dec. 17, 2014) (failure-to-warn case); *Hood ex rel. Mississippi v. Bristol-Myers Squibb Co.*, No. 1:12-CV-00179-GHD-DAS, 2013 WL 30098, at *1 (N.D. Miss. Jan. 2, 2013) (same). Here, however, Plaintiffs will rely on evidence subject to destruction under federal law both for showing the individual harms they suffered and for ultimately identifying potential class members. Loss of this evidence will invariably prejudice Plaintiffs.

## V. **CONCLUSION**

There is no reason to delay the progress of the Related Class Cases. The Court should deny xAI's Motion.

Dated: October 14, 2026

Respectfully submitted,

*/s/E. Michelle Drake*

Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

Elizabeth J. Cabraser (SBN 83151)
Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
ecabraser@lchb.com
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
Facsimile: 615.313.9965

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

*Counsel for Plaintiffs in Jane Doe 1, et al. v. X.AI Corp et al., Case No. 5:26-cv-02246-PCP (N.D. Cal.)*

Lavanya Prabhakar (SBN 358175)
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, CA 94111
Tel: (415)-376-2097
lprabhakar@bergermontague.com

Sophia M. Rios (SBN 305801)

BERGER MONTAGUE PC
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel: (619) 489-0300; Fax: (612) 584-4470
srios@bergermontague.com

E. Michelle Drake (*pro hac vice*)
James Hannaway (*pro hac vice*)
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com
jhannaway@bergermontague.com

*Counsel for Plaintiffs in Jane Doe 1, et al. v. X.AI Corp et al., Case No. 5:26-cv-00772-PCP (N.D. Cal.)*

Dena C. Sharp (SBN 245869)
dsharp@girardsharp.com
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sarah R. London (SBN 267083)
slondon@girardsharp.com
Andrew R. Kaufman (*pro hac* to be filed)
akaufman@girardsharp.com
Muriel Kenfield-Kelleher (*pro hac* to be filed)
mkelleher@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Micha Star Liberty (SBN 215687)
micha@libertylaw.com
**LIBERTY LAW**
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Phone: 510–645–1000

Margaret E. Mabie (*pro hac* to be filed)
Margaretmabie@marsh.law
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296- 9046

*Counsel for Plaintiff in Jane Doe 1 v. X.AI Corp et al., No. 5:26-cv-09016-PCP (N.D. Cal.)*

Yaman Salahi (SBN 288752)
yaman@salahilaw.com
Taylor Applegate (SBN 357742)
taylora@salahilaw.com
Nicole Cabañez (SBN 365099)
nicolec@salahilaw.com
**SALAHI PC**
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Telephone: 415.236.2305

W. Daniel "Dee" Miles, III (pro hac vice forthcoming) Alison D. Hawthorne (pro hac vice forthcoming)
Paul W. Evans (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Dee.Miles@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: 334.269.2343
Facsimile: 334.954.7555

Paul Byrd (*pro hac vice*)
**PAUL BYRD LAW FIRM, PLLC**
Paul@paulbyrdlawfirm.com
415 N. McKinley St., Suite
210 Little Rock, AR 72205
Telephone: 501.420.3050
Facsimile: 501.420.3128

Aaron Cash (*pro hac vice*)
**HERRERA LAW GROUP**
Cash@herreralawnwa.com
1821 S. 8th Street Rogers, AR 72756
Telephone: 479.770.5292
Facsimile: 479.770.6042

*Counsel for Plaintiffs in Jane Doe 1, et al. v. X.AI Corp et al., Case No.* 3:26-cv-08567-*PCP (N.D. Cal.)*