Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500

Dena Sharp (SBN 245869)
**GIRARD SHARP LLP**
dsharp@girardsharp.com
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800

W. Daniel "Dee" Miles, III (*pro hac vice*)
**BEASLEY, ALLEN, CROW METHVIN, PORTIS & MILES, P.C.**
Dee.Miles@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343

E. Michelle Drake (*pro hac vice*)
**BERGER MONTAGUE PC**
emdrake@bergermontague.com
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (202) 559-9740

*Attorneys for Plaintiffs and the Proposed Classes*

K. Winn Allen (*pro hac vice*)
Christopher G. Michel (*pro hac vice*)
Soowan (Julia) Choi (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
winn.allen@kirkland.com
christopher.michel@kirkland.com
julia.choi@kirkland.com
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 389-5000

Devin S. Anderson (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
devin.anderson@kirkland.com
95 South State St.
Salt Lake City, UT 84111
Tel: (810) 877-8115

Adrian Sawyer (SBN 203712)
**SAWYER & LABAR LLP**
sawyer@sawyerlabar.com
1700 Montgomery Street, Suite 108
San Francisco, CA 94111
Tel: (415) 262-3820

Joel Kurtzberg (*pro hac vice*)
Ivan Torres (*pro hac vice*)
**CAHILL GORDON & REINDEL LLP**
jkurtzberg@cahill.com
itorres@cahill.com
32 Old Slip
New York, NY 10005
Tel: (212) 701-3120

*Attorneys for xAI Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

*In re Grok Sexualized Content Litigation*

Case No. 5:26-cv-00772-PCP

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to the Court's Order dated October 15, 2026 (Dkt. 96) setting a further status conference in the above-captioned consolidated case ("Consolidated Action"), Civil Local Rule 16-10(d), and the Court's direction during the October 15, 2026 case management conference, the parties to the above-captioned Consolidated Action submit this Joint Case Management Statement and proposed case schedule.

## I. <u>DEVELOPMENTS SINCE THE LAST CASE MANAGEMENT STATEMENT</u>

On October 15, 2026, the Court heard several motions across five pending related actions[1] against Defendants x.AI Corporation, x.AI LLC, and x.AI Holdings LLC (together, "xAI")[2] and held the initial case management conference in *Doe II*. *Doe II*, Dkt. 34. Plaintiffs in all the Related Actions joined in the *Doe II* Plaintiffs' case management statement and proposed schedule. *Id.*, Dkt. 72. At the hearing, the Court denied xAI's motion to stay, *id.*, Dkt. 96, declined to set a schedule pending the motions to consolidate and sever, directed the parties to propose alternative schedules depending on how those motions are resolved, and set a further status conference for November 19, 2026. *Id.*, Dkt. 96.

Following the October 15 case management conference, the parties continued to confer and stipulated to consolidation and coordination of the Related Actions and to severance of the claims unique to Stability, *id.*, Dkt. 104, and on October 23, 2026, the Court entered an order to that effect, severing those claims into a separate case. *Id.*, Dkt. 106. In addition, a motion to transfer under 28 U.S.C. § 1407 was filed on October 2, 2026 by counsel for plaintiffs in a group of related cases pending in the Western District of Arkansas. MDL No. 3205, Dkt. 1. Briefing on the motion to transfer before the Judicial Panel on Multidistrict Litigation is now closed, *id.*, and the motion is set for hearing on December 3, 2026, *id.*, Dkt. 6.

---

[1] *Jane Doe 1 v. X.AI Corp.*, No. 5:26-cv-00772-PCP (N.D. Cal.) ("*Doe I*"); *Jane Doe 1 v. X.AI Corp.*, No. 5:26-cv-02246-PCP (N.D. Cal.) ("*Doe II*"); *Jane Doe I v. X.AI Corp.*, No. 5:26-cv-08567-PCP (N.D. Cal.) ("*Doe III*"); *Jane Doe 1 v. X.AI Corp.*, No. 5:26-cv-09016-PCP (N.D. Cal.) ("*Doe IV*"); and *Doe 1 v. x.AI Corp.*, No. 5:26-cv-09617-PCP (N.D. Cal.) ("*Doe V*") (together, the "Related Actions").

[2] Plaintiffs in one of the Related Actions, *Doe II*, asserted claims against both xAI and Defendants Stability AI U.S. Services Corporation and Stability AI, Inc. (together, "Stability").

## II. SCHEDULE

Given that severance and consolidation have now occurred, the parties submit this Joint Case Management Statement with proposed case schedules for the Consolidated Action, subject to alteration should the Consolidated Action be transferred pursuant to 28 U.S.C. § 1407.

**The Parties' Proposed Schedules**

The parties have largely reached agreement on the case schedule, except for a handful of divergences including as to the deadline for initial disclosures; the deadline for close of fact discovery; the timing of the parties' merits expert work and dispositive briefing schedule; and the definition of "substantial completion." The parties' respective positions on these issues are laid out below.

| Case Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| [Plaintiff's Proposal] Deadline to exchange Rule 26(a)(1) initial disclosures | November 30, 2026 | [See Below] |
| Deadline for Plaintiffs' disclosure of their identities, perpetrator information, and submission of stipulated protective order[3] | December 18, 2026 | |
| Deadline to file a consolidated complaint | December 18, 2026 | |
| [Defendant's Proposal] Deadline to exchange Rule 26(a)(1) initial disclosures | [See above] | January 19, 2027 |
| Defendants' Motion to Dismiss and/or Stay | January 22, 2027 | |
| Plaintiffs' Opposition to Motion to Dismiss and/or Stay | February 22, 2027 | |
| Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss and/or stay | March 17, 2027 | |
| The parties substantially complete document production[4] *(definition of "substantially complete" disputed)* | December 14, 2027 | |

[3] Disclosure of Plaintiffs' identities is contingent on the entry of a proposed protective order that addresses the confidentiality of Plaintiffs' personal information. If no such protective order has been entered by this date, Plaintiffs' information shall be released within forty-eight hours of the entry of such an order.

[4] Plaintiffs' position is that "substantially complete" means that "all relevant sources of documents have been reviewed, responsive documents have been identified and reviewed, and those documents have been disclosed," such that "the parties have the documents they need to fully understand the facts of this case, conduct depositions, and engage in other, non-documentary discovery as well as motions practice and trial." *Berry v. Hennepin Cnty.*, 2023 WL 1777467, at *2 (D. Minn. Feb. 6, 2023).

| Case Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Deadline to Amend Pleadings | January 14, 2028 | |
| [Defendants' Proposal] Close of Fact Discovery | [See below] | May 15, 2028 |
| Plaintiffs' Class Certification Motion and Opening Class Certification Expert Reports | May 26, 2028 | |
| Defendants' Opposition to Class Certification Motion and Rebuttal Class Certification Expert Reports | July 17, 2028 | |
| Plaintiffs' Reply in Support of Class Certification Motion and Reply Expert Reports | September 1, 2028 | |
| [Plaintiffs' Proposal] Close of Fact Discovery | September 29, 2028 | [See above] |
| Opening Merits Expert Reports | October 13, 2028 | |
| Deadline to Complete ADR | October 15, 2028 | |
| Rebuttal Merits Expert Reports | November 17, 2028 | December 11, 2028 |
| Reply Merits Expert Reports | December 15, 2028 | January 11, 2029 |
| Close of Expert Discovery | January 16, 2029 | March 15, 2029 |
| Opening Motions for Summary Judgment and any *Daubert* Motions | February 14, 2029 | April 11, 2029 |
| Responses to Motions for Summary Judgment and any *Daubert* Motions | March 16, 2029 | May 23, 2029 |
| Replies in Support of Motions for Summary Judgment and any *Daubert* Motions | April 6, 2029 | June 20, 2029 |
| Trial-setting Conference | August 24, 2029 at 10:00 AM[5] | |

**<u>Plaintiffs' Position on the Proposed Schedule</u>**

Only a handful of issues are in dispute, and Plaintiffs' positions are borne of experience and practical considerations in complex litigation.

As to initial disclosures, Plaintiffs propose November 30. This Court has confirmed that discovery is open. *See Doe II*, Dkt. 101 at 45:8-10. If Defendants need to make additional

[5] The Parties recognize the Court's preference for a schedule that contemplates trial within 24 months of the initial CMC, but the Parties agree that a longer timeline is necessary here given the scope and complexity of the case.

disclosures in response to the consolidated complaint, they are free to supplement their initial disclosures under Rule 26(a)(2)(E).

As to the close of fact discovery, Plaintiffs have proposed a deadline that falls after class certification, which would allow the parties to address any outstanding fact discovery issues (including discovery disputes) prior to submitting merits expert discovery and any motions for summary judgment, without moving the Court to reopen discovery. Plaintiffs' proposed substantial completion deadline (discussed below) is designed to ensure that document discovery will occur early enough to allow sufficient time to complete depositions and attendant trailing discovery by the close of fact discovery. A close of fact discovery deadline that follows class certification briefing is appropriate where, as here, discovery is not bifurcated into phases (i.e., class and merits discovery).

While the parties agree as to the sequencing of expert reports and dispositive motion briefing, Plaintiffs' proposed schedule is more compressed to allow for a longer interval between the submission of summary judgement and *Daubert* replies and the trial-setting conference, while attempting to carve around year-end holiday periods.

Finally, Defendants' objections to defining the term "substantial completion" only emphasize the need for such a definition, which Plaintiffs have invited Defendants to propose. Plaintiffs do not agree that remaining silent on the definition of the term is advisable here. The litigation is best served by objectively defining substantial completion early in the case, so that the parties' discovery obligations and deadlines are clear from the outset. As demonstrated by the cases cited by xAI below, an objective agreed-upon definition will help offset the risk of the late "document dump" situation in *In re NFL Sunday Ticket*, 2022 WL 22883310, at *2 (C.D. Cal. Mar. 15, 2022), and instead will allow the parties "to facilitate the completion of fact depositions requiring documents." *Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 17-cv-5094, 2018 WL 6012443, at *5 (D. Minn. Nov. 16, 2018).

**<u>Defendants' Position on the Proposed Schedule</u>**

While the parties have reached agreement on most aspects of the schedule, the handful of Plaintiffs' proposals that diverge from Defendants' are illogical and unreasonably and unnecessarily compress Defendants' response deadlines.

***Initial Disclosures.*** Defendants' proposed schedule sets a deadline for initial disclosures that comes *after* Plaintiffs file their consolidated complaint and *after* Plaintiffs disclose their and the perpetrators' identities. By contrast, Plaintiffs propose to require Defendants to serve disclosures directed at complaints that will be superseded less than three weeks later. Plaintiffs' suggestion that Defendants may supplement under the Rules confirms that their proposal would require duplicative work.

***Close of Fact Discovery.*** Defendants propose a date for the close of fact discovery that falls before class certification and the exchange of expert reports. This date provides a clean delineation between the different phases of the case. Plaintiffs' proposal would allow fact discovery to continue for four months after class certification briefing closes and into the merits expert phase. The absence of bifurcation is a reason *for* a firm cutoff, not against one: with substantial completion of document production set for December 14, 2027, the parties will have five months to complete depositions and follow-on discovery before fact discovery closes, and experts on both sides should work from a closed factual record. If either party needs additional discovery after the close of fact discovery, that party may move the Court to reopen discovery on that limited topic.

***Class Certification Briefing.*** The parties have agreed to the class certification briefing schedule, with certification briefing and class expert discovery to proceed simultaneously.

***Merits expert reports.*** Defendants propose that they should be allowed approximately eight weeks to respond to Plaintiffs' merits expert reports given the number of complex issues in this case and in light of the fact that Plaintiffs will have been able to prepare their reports for several months leading up to that date. Given the allegations in these cases, the mere four weeks contemplated by Plaintiffs' expert proposal is not sufficient, especially in the event that Plaintiffs designate experts that Defendants could not reasonably have anticipated and thus need to retain

additional experts in response. Moreover, Plaintiffs' proposal contemplates merely 30 days—over the December holidays—for the parties to complete expert depositions. The additional time built into Defendants' proposal does not meaningfully change the schedule, but it allows a reasonable period for the parties to conduct what is certain to be significant expert discovery. And Defendants' schedule still leaves more than two months between the close of summary judgment and *Daubert* briefing and the trial-setting conference.

***Substantial Completion.*** Additionally, the Court should not adopt a specific definition for when document production is "substantially complete," and certainly should not adopt Plaintiffs' extreme definition. Courts treat substantial completion of document production as a functional standard intended to "allow[] parties to take depositions at a defined time." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-1118, 2018 WL 2979575, at *4 (S.D. Cal. June 8, 2018) (alteration in original); *see also In Re Nat'l Football League's Sunday Ticket Antitrust Litig.*, No. 2:15-ml-2668, 2022 WL 22883310, at *2 (C.D. Cal. Mar. 15, 2022); *Niazi Licensing Corp. v. Bos. Sci. Corp.*, 0:17-cv-5095, 2018 WL 6012443, at *5 (D. Minn. Nov. 16, 2018). This Court and Magistrate Judge DeMarchi, who has been assigned to these cases, have adopted numerous case management orders that include deadlines for substantial completion of document production without specifically defining the term. *See, e.g.*, *Realtek v. MediaTek*, No. 5:23-cv-2774, ECF No. 245, at 1 (N.D. Cal. May 6, 2025) (Judge Pitts); *Gonsalves v. Block*, No. 5:25-cv-0642, ECF No. 163, at 1 (N.D. Cal. June 2, 2026) (Judge DeMarchi); *In Re Meta Pixel Tax Filing Cases*, No. 5:22-cv-7557, ECF No. 83 at 2 (N.D. Cal. May 25, 2023) (Judge DeMarchi). What constitutes "substantial completion" will depend on the nature and timing of the parties' document requests, the parties' future negotiations about scope, and the resolution of any ensuing disputes, which is likely why courts generally avoid setting strict parameters for "substantial" completion at the outset of a case.

Plaintiffs' proposed definition does not reflect this widely accepted approach. The one-off, case-specific definition in *Berry v. Hennepin County* comes from a prior court order specific to that case, not from governing case law. No. 0:20-cv-2189, 2023 WL 1777467, at *2 (D. Minn. Feb. 6, 2023). Further, Plaintiffs' preferred standard would be akin to a deadline for the

completion of document production, not the substantial completion of document production, since it contemplates that all "all relevant sources" of documents have been reviewed and "disclosed" to allow the parties to conduct "motions practice and trial." *Id.* (emphasis added). Substantial completion does "not require a complete document production." *Matiella v. Murdock St. LLC*, No. 1:21-cv-2112, 2023 WL 2682294, at *11 (D.D.C. Mar. 29, 2023) (emphasis in original).

## III. STATUS OF INITIAL CASE MANAGEMENT ACTIVITIES

As discussed during the October 15 conference, the parties continue to confer as to initial case management orders for the Consolidated Action. On October 14, Plaintiffs provided xAI a draft protocol governing the handling of child sexual abuse material ("CSAM"). On November 5, Plaintiffs provided xAI with drafts of a protective order for the handling of confidential information, a stipulation governing expert discovery, and a stipulation addressing privilege logging and the parties' obligations under Federal Rule of Evidence 502(d). The parties are meeting and conferring regarding Plaintiffs' proposed CSAM protocol. Plaintiffs' counsel have also conferred with counsel for plaintiffs in several related actions filed in the Western District of Arkansas and anticipate coordinating on contents of stipulations and proposed orders governing discovery.

Plaintiffs have also served initial discovery on xAI. On October 20 and 21, Plaintiffs served xAI with their first sets of interrogatories, requests for admission, and requests for production. xAI's responses and objections are due on November 19 and 20. Most recently, on November 5, Plaintiffs served xAI with a second set of interrogatories and a related deposition request. xAI's responses and objections are due December 7.

The parties are prepared to engage in ADR at an appropriate time.

Dated: November 16, 2026

Respectfully submitted,

By: */s/ Dena C. Sharp*

Dena C. Sharp (SBN 245869)
Adam E. Polk (SBN 273000)
Muriel Kenfield-Kelleher (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dsharp@girardsharp.com
apolk@girardsharp.com
mkelleher@girardsharp.com

Margaret E. Mabie (*pro hac* to be filed)
**MARSH LAW FIRM**
31 Hudson Yards, 11th Floor
New York, NY 10001
Tel: (315) 296-9046
Margaretmabie@marsh.law

Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000
micha@libertylaw.com

Annika K. Martin (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

Elizabeth J. Cabraser (SBN 83151)
Michelle A. Lamy (SBN 308174)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
ecabraser@lchb.com
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Mark P. Chalos (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000

Vanessa Baehr-Jones (SBN 281715)
**BAEHR-JONES LAW PC**
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

W. Daniel “Dee” Miles, III (pro hac vice forthcoming)
Alison D. Hawthorne (pro hac vice forthcoming)
Paul W. Evans (pro hac vice)
**BEASLEY, ALLEN, CROW,**
**METHVIN,PORTIS & MILES, P.C.**
Dee.Miles@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: 334.269.2343
Facsimile: 334.954.7555

**SALAHI PC**
Yaman Salahi (SBN 288752)
**SALAHI PC**
yaman@salahilaw.com
Taylor Applegate (SBN 357742) taylora@salahilaw.com
Nicole Cabañez (SBN 365099) nicolec@salahilaw.com
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Telephone: 415.236.2305

Paul Byrd (pro hac vice)
**PAUL BYRD LAW FIRM, PLLC**
Paul@paulbyrdlawfirm.com
415 N. McKinley St., Suite
210 Little Rock, AR 72205
Telephone: 501.420.3050
Facsimile: 501.420.3128

Aaron Cash (pro hac vice)
**HERRERA LAW GROUP**
Cash@herreralawnwa.com
1821 S. 8th Street Rogers, AR 72756
Telephone: 479.770.5292
Facsimile: 479.770.6042

Sophia M. Rios, SBN 305801
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
srios@bergermontague.com

E. Michelle Drake (pro hac vice)
James Hannaway (pro hac vice)
**BERGER MONTAGUE PC**

1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (202) 559-9740
emdrake@bergermontague.com
jhannaway@bergermontague.com

Joel Goldberg
Charles P. Maloney IV
Basil Joy
Zachary Yurick
**GOLDBERG, GOLDBERG, & MALONEY**
jgoldberg@goldbergmaloney.com
cmaloney@goldbergmaloney.com
bjoy@goldbergmaloney.com
zyurick@goldbergmaloney.com
213 W Miner St
West Chester, PA 19382
Telephone: 610-436-6220
Telephone: 610-436-6220

*Attorneys for Plaintiffs and the Proposed Classes*

By: */s/ K. Winn Allen*

K. Winn Allen (*pro hac vice*)
Christopher G. Michel (*pro hac vice*)
Soowan (Julia) Choi (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
winn.allen@kirkland.com
christopher.michel@kirkland.com
julia.choi@kirkland.com
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: 202-389-5000

Devin S. Anderson (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
devin.anderson@kirkland.com
95 South State St.
Salt Lake City, UT 84111
Telephone: (810) 877-8115

Joel Kurtzberg (pro hac vice)
Ivan Torres (pro hac vice)
**CAHILL GORDON & REINDEL LLP**
jkurtzberg@cahill.com
itorres@cahill.com
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3120

Adrian Sawyer, State Bar No. 203712
**SAWYER & LABAR LLP**
sawyer@sawyerlabar.com
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: (415) 262-3820

*Counsel for the X.AI Defendants*

## ATTESTATION

I, Dena C. Sharp, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

Dated: November 16, 2026

*/s/ Dena C. Sharp*
Dena C. Sharp